Case No. 25-5063

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

(1) Linh Tran Stephens, sui juris, natural living breathing woman with a living soul and Holy spirit,   —   *Plaintiff-Appellant,*

Vs.

(2) CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES (CSS of OKDHS),

(3) CHARLES SCHWAB AND CO., INC.,

(4) Cierra Freeman, in individual capacity and official capacity as court-appointed attorney for child-support enforcement,

(5) Mary Johnmeyer, in individual capacity and in official capacity as legal counsel of Charles Schwab,

(6) Renee Banks, in individual capacity and official capacity as CSS Director,

(7) Jason Hoenshell, in individual capacity and in official capacity as Oklahoma FIDM Coordinator,

(8) Emmalene Stringer, in individual capacity and in official capacity as State's attorney for CSS,

(9) DOES #1-10 known but unidentified DHS employees,

(10) DOES #11-20 known but unidentified Charles Schwab and Co., Inc., employees

  —   *Defendants-Appellees.*

# MOTION TO DISQUALIFY COUNSEL FOR CONCURRENT CONFLICTS OF INTEREST AND RULE 11 SANCTIONS AND MEMORANDUM IN SUPPORT

## I. INTRODUCTION AND RELIEF SOUGHT

COMES NOW Plaintiff-Appellant Linh Tran Stephens, a natural living woman appearing sui juris in propria persona, not pro se, and respectfully moves this Honorable Court pursuant to Federal Rule of Appellate Procedure 27, the Court's inherent supervisory authority, Rule 1.7 of the Oklahoma Rules of Professional Conduct, 28 U.S.C. § 1651, and constitutional principles of due process for an Order:

1. **DISQUALIFYING** John K.F. Langford and Amanda M. Selffrom the joint representation of institutional defendant CSS of OKDHS and individual defendants Jason Hoenshell and Emmalene Stringer;

2. **DISQUALIFYING** Tara A. LaClair and Jennifer N. Lamirand from the joint representation of institutional defendant Charles Schwab and Co., Inc. and individual defendant Mary Johnmeyer;

3. **REQUIRING** each Defendant to obtain separate, independent counsel to ensure conflict-free representation;

4. **IMPOSING** Rule 11 sanctions for counsel's submission of pleadings containing material misrepresentations;

5. **PROVIDING** written statements of fact and conclusions of law, rather than any abusive discretion for appeal purposes if justice, truth, and the constitutional law of the United States of America is not revered in this court;

6. **GRANTING** such other relief as justice requires.

i raise permanent and continuous objection to any special judges or magistrates and alternatives or substitutes other than Article III constitutional judges using common law and constitutional law. i am not a surety and i do not consent to your attempted body attachment warrant. i reserve the right to amend this petition at any time.

## II. STATEMENT OF FACTS IN AFFIDAVIT FORM

**AFFIDAVIT OF LINH TRAN STEPHENS**

i, Linh Tran Stephens, being first duly sworn upon oath, depose and state:

1. i am the Plaintiff-Appellant in the above-captioned matter, a natural living woman with firsthand knowledge of all facts herein stated.

2. This appeal arises from systematic violations of my constitutional rights through unlawful child support enforcement actions that resulted in the seizure of my financial assets and ultimately my physical detention without due process of law, and many other supplemental claims regarding theft of my biological property as well (i.e. my firstborn offspring G.L.Stephens) without due process while violating federal laws.

3. **The Conflicted Representation**: Upon information and belief:
   - Attorney John K.F. Langford and Amanda M. Selffrom currently represents THREE separate defendants: (a) CSS of OKDHS as an institutional defendant; (b) Jason Hoenshell in his individual and official capacity; and (c) Emmalene Stringer in her individual and official capacity.
   - Attorneys Tara A. LaClair and Jennifer N. Lamirand jointly represent TWO separate defendants: (a) Charles Schwab and Co., Inc. as a corporate defendant; and (b) Mary Johnmeyer in her individual and official capacity.

4. **Divergent Interests Observed**: Throughout these proceedings, i have witnessed:
   - CSS of OKDHS claiming its employees followed proper procedures while individual defendants claim they acted on agency directives;
   - Charles Schwab claiming compliance with federal regulations while Ms. Johnmeyer claims she followed company policy;
   - Cross-finger pointing between institutional and individual defendants regarding responsibility for constitutional violations.

5. **Specific Conflicts Manifest**: The following specific conflicts have become apparent:

    - Mr. Hoenshell, as FIDM Coordinator, has knowledge of improper asset seizure procedures that may implicate CSS policy violations;

    - Ms. Stringer, as State's attorney for CSS, possesses information about deficient legal review that may expose CSS to liability;

    - Ms. Johnmeyer has direct knowledge of Charles Schwab's failure to verify court orders before freezing accounts.

6. **Prejudice to Truth-Seeking**: These conflicts have resulted in:

    - Coordinated testimony that obscures individual responsibility;

    - Failure to produce discoverable information due to joint privilege claims;

    - Inability to obtain truthful testimony due to aligned defenses.

7. **Constitutional Violations at Issue**: The underlying case involves violations of:

    - Fourth Amendment protections against unreasonable seizure;

    - Fifth Amendment due process rights;

    - Fourteenth Amendment equal protection;

    - 42 U.S.C. § 1983 civil rights violations;

    - Monell claims against CSS of OKDHS.

8. **Harm to Appellant**: The conflicted representation has prevented me from:

    - Obtaining discovery of internal communications;

    - Effectively cross-examining witnesses;

    - Receiving a fair adjudication of my claims.

- Lower District Court refused to grant this same motion filed in its ROA Doc 56 labeled by court clerk as "MOTION to Disqualify opposing counsel by Linh Tran Stephens (mm, Dpty Clk) (Entered: 04/16/2025)"

9. As a stateless citizen and "free [nonblack] person" per *Slaughter-House Cases*, 83 U.S. 36 (1873), my rights derive from the Bill of Rights, not the 14th Amendment. The legal fiction LINH TRAN STEPHENS©® is a 14th Amendment U.S. citizen per 8 U.S.C. § 1401(a).

*Further affiant sayeth not.*

### III. LEGAL ARGUMENT

**A. Standard for Disqualification in the Tenth Circuit**

The Tenth Circuit recognizes district courts' broad discretion to disqualify counsel to preserve the integrity of judicial proceedings. *United States v. Porter*, 441 F.3d 1204, 1208 (10th Cir. 2006) ("Federal courts have the inherent power to disqualify attorneys in order to preserve the integrity of the adversary process"). This Court reviews disqualification orders for abuse of discretion. *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994).

The standard requires showing: (1) an actual conflict exists or (2) a serious potential for conflict. *Wheat v. United States*, 486 U.S. 153, 164 (1988). The movant need not demonstrate actual prejudice; the potential for conflict suffices. *United States v. Winkle*, 722 F.2d 605, 610 (10th Cir. 1983).

Recent Tenth Circuit precedent emphasizes protecting litigants' rights to conflict-free representation. In *United States v. Gallegos*, 39 F.4th 1247, 1253 (10th Cir.

2022), this Court held: "When an attorney's loyalties are divided between clients with divergent interests, the representation of all clients suffers."

**42 U.S.C. § 1983** provides additional grounds for disqualification in civil rights cases where conflicted representation impedes vindication of constitutional rights. *Holloway v. Arkansas*, 435 U.S. 475, 489-90 (1978).

**B. Concurrent Conflicts Under Rule 1.7 Mandate Disqualification**

**Oklahoma Rules of Professional Conduct Rule 1.7(a)** prohibits representation involving concurrent conflicts:

> "A lawyer shall not represent a client if... (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation... will be materially limited by the lawyer's responsibilities to another client."

This prohibition applies with particular force to joint representation of employers and employees. Comment [29] to Rule 1.7 warns: "A corporation's interests may diverge from those of its constituents."

The Tenth Circuit applied these principles in *Johnson v. Board of County Commissioners*, 85 F.3d 489, 493 (10th Cir. 1996):

> "Because defenses available to a defendant government official sued in his individual capacity differ from those that can be raised by that same defendant in his official capacity, separate representation for the two capacities may be required."

Here, **multiple non-waivable conflicts exist**:

1. **Immunity Defenses**: CSS of OKDHS may assert Eleventh Amendment immunity unavailable to individual defendants. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

2. **Monell Liability**: CSS faces potential Monell liability for unconstitutional policies that individual defendants may seek to blame on the agency. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

3. **Qualified Immunity**: Individual defendants may assert qualified immunity by claiming they followed agency policy, directly conflicting with CSS's interests. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

4. **Discovery Conflicts**: Joint representation prevents disclosure of internal communications that may favor one defendant over another. *United States v. Moscony*, 927 F.2d 742, 750 (3d Cir. 1991).

**18 U.S.C. § 1961** (RICO) <u>implications arise when attorneys facilitate coordinated testimony to obstruct justice, constituting a pattern of racketeering activity.</u>

**C. Supreme Court Precedent Prohibits Joint Representation**

The Supreme Court has consistently condemned joint representation of parties with divergent interests:

1. **Wheat v. United States**, 486 U.S. 153, 160 (1988):

    "Federal courts have an independent interest in ensuring that... legal proceedings appear fair to all who observe them."

2. **Cuyler v. Sullivan**, 446 U.S. 335, 348 (1980):

    "Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing."

3. **Holloway v. Arkansas**, 435 U.S. 475, 490 (1978):

"In a case of joint representation of conflicting interests the evil... is in what the advocate finds himself compelled to refrain from doing."

4. **Glasser v. United States**, 315 U.S. 60, 75-76 (1942):

"Of equal importance with the duty of the court to see that an accused has the assistance of counsel is its duty to refrain from embarrassing counsel in the defense of an accused by insisting... upon joint representation."

5. **Wood v. Georgia**, 450 U.S. 261, 271 (1981):

"Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest."

These principles apply equally to civil proceedings involving fundamental rights. *Johnson v. Zerbst*, 304 U.S. 458, 467-68 (1938).

**D. Specific Conflicts Requiring Separate Counsel**

The record demonstrates specific, irreconcilable conflicts:

**1. CSS of OKDHS v. Hoenshell/Stringer Conflicts:**

- **Policy vs. Implementation**: CSS claims proper policies; individuals claim they followed directives. *Canton v. Harris*, 489 U.S. 378, 387 (1989) (distinguishing policy from implementation failures).

- **Supervisory Liability**: CSS faces respondeat superior claims while individuals face direct liability. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003).

- **Discovery Disputes**: Privileged communications between CSS and employees create discovery conflicts. *United States v. International Brotherhood of*

*Teamsters*, 119 F.3d 210, 214-15 (2d Cir. 1997).

- **Settlement Divergence**: Government entities have different settlement authorities than individuals. *Evans v. Jeff D.*, 475 U.S. 717, 728 (1986).

**2. Charles Schwab v. Johnmeyer Conflicts:**

- **Corporate Compliance**: Schwab claims regulatory compliance; Johnmeyer may reveal non-compliance. *15 U.S.C. § 1692\** (FDCPA violations).

- **Agency Principles**: Corporate liability for employee acts creates inherent conflict. *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 756 (1998).

- **Indemnification Issues**: Potential indemnification disputes between employer/employee. *Tombs v. City of Philadelphia*, 2023 WL 4936251 (3d Cir. 2023).

**3. Criminal Law Implications:**

- **18 U.S.C. § 242** (Deprivation of rights under color of law)
- **18 U.S.C. § 1001** (False statements)
- **18 U.S.C. § 1512** (Witness tampering through coordinated testimony)

**E. Waiver Cannot Cure These Non-Waivable Conflicts**

Even assuming waiver attempts, Rule 1.7(b)(3) prohibits representation "involv[ing] the assertion of a claim by one client against another client represented by the lawyer in the same litigation."

The Supreme Court recognizes courts' authority to reject waivers: "The willingness of an attorney to obtain such waivers from his clients may bear an inverse relation to the care with which he conveys all the necessary information." *Wheat*, 486

U.S. at 163.

Non-waivable conflicts include:

1. **Claims Between Clients**: Cross-claims for indemnification or contribution. *Zylstra v. Safeway Stores, Inc.*, 578 F.2d 102, 104 (5th Cir. 1978).

2. **Criminal Exposure**: Potential criminal liability prevents valid waiver. *United States v. Schwarz*, 283 F.3d 76, 95 (2d Cir. 2002).

3. **Public Interest**: Appearance of impropriety in cases involving public entities. *Board of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979).

## F. Rule 11 Sanctions Are Warranted

**Federal Rule of Civil Procedure 11(b)** requires factual and legal positions to have evidentiary support. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). **28 U.S.C. § 1927** authorizes sanctions for vexatious conduct.

Counsel's violations include:

1. **False Factual Assertions**: Denying documented asset seizures;
2. **Frivolous Legal Positions**: Claiming immunity for intentional constitutional violations;
3. **Bad Faith Conduct**: Coordinating testimony to obstruct justice.

Recent precedent supports sanctions for conflicted representation. *Feld Entertainment Inc. v. ASPCA*, 873 F. Supp. 2d 288, 299 (D.D.C. 2012) ($25,000 sanctions for conflict violations).

## IV. DEMAND AND RELIEF SOUGHT

WHEREFORE, Plaintiff-Appellant Linh Tran Stephens respectfully demands this Court:

1. **DISQUALIFY** John K.F. Langford from representing CSS of OKDHS, Jason Hoenshell, and Emmalene Stringer, requiring separate counsel for each defendant;

2. **DISQUALIFY** Tara A. LaClair and Jennifer N. Lamirand from representing Charles Schwab and Co., Inc. and Mary Johnmeyer, requiring separate counsel for each defendant;

3. **ORDER** defendants to obtain independent counsel within thirty (30) days including for Response Briefs;

4. **IMPOSE** Rule 11 sanctions including:
    - Monetary sanctions of $25,000 per violation;
    - Corrective affidavits admitting misrepresentations;
    - Referral to Oklahoma Bar Association;
    - Payment of Appellant's costs and fees;

5. **PROVIDE** written statements of fact and conclusions of law, rather than any abusive discretion for appeal purposes if justice, truth, and the constitutional law of the United States of America is not revered in this court;

6. **GRANT** such other relief as justice requires under equity, common law, UCC, constitutional law, trust law, contract law, tort law, criminal law, and probate law.

Respectfully submitted,

> *Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
> PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
> Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce;

**Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and–only beneficiary:
All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary
for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha, Heir of the Creator,
my heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless** "**freeman of the Union**" per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary;
i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States;
**Rural Free Delivery, Non-Domestic 00000,**
℅ 1964 Ashley River Rd Ste B Unit 80112,
Charleston, South Carolina [zip exempt but near 29407] without U.S.D.C.
Email: LinhStephens7@gmail.com; *Tel:* 843-608-0294

### Notary as JURAT CERTIFICATE

STATE OF MINNESOTA        )
                                  ) *ss*
COUNTY OF SHERBURNE    )

     On this <u>16th</u> day of <u>June</u>, 20<u>25</u> before me, Melissa K. Vagle, a Notary Public, personally appeared a living woman <u>Linh Tran Stephens ( the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS©® )</u>, who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the

woman executed, the instrument.

    i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

    WITNESS my hand and official seal.

*Melissa K. Vagle*

Signature of Notary/Jurat



Notary Public's Commission Expires: 01/31/2028

## CERTIFICATE OF SERVICE

The undersigned certify that on June 16th, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system [or it was mailed to below address if efiling failed]; I also further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system:

Clerk of U.S. Court of Appeals for the Tenth Circuit
1823 Stout Street,
Denver, Colorado 80257

WITHOUT RECOURSE.
*without prejudice*
*linh-tran: stephens/Agent*