UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| LINH TRAN STEPHENS, | ) |
| | ) |
|     Plaintiff/Appellant, | ) |
| | ) |
| v. | )   Case No. 25-5063 |
| | ) |
| CHILD SUPPORT SERVICES OF | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| HUMAN SERVICES, *et al.*, | ) |
| | ) |
|     Defendants/Appellees. | ) |

### DEFENDANTS CHARLES SCHWAB AND CO., INC.'S AND MARY JOHNMEYER'S RESPONSE TO MOTION TO DISQUALIFY COUNSEL FOR CONCURRENT CONFLICTS OF INTEREST AND RULE 11 SANCTIONS

Defendants/Appellees Charles Schwab and Co., Inc. ("Charles Schwab"), and Mary Johnmeyer (collectively "the Schwab Defendants") hereby file this Response to the Motion to Disqualify Counsel for Concurrent Conflicts of Interest and Rule 11 Sanctions filed by Plaintiff/Appellant Linh Tran Stephens ("Stephens") [Dkt. 23]. In support of this Response, the Schwab Defendants show the Court as follows:

### INTRODUCTION

Plaintiff/Appellant Stephens' Motion to Disqualify Counsel for Concurrent Conflicts of Interest and Rule 11 Sanctions ("Motion") reasserts arguments made at the trial court requesting this very same relief. *See* Exhibit 1 (Motion to Disqualify Opposing Counsel Due to Concurrent Conflict of Interest and for Rule 11

1

Sanctions). The trial court in its discretion denied Stephens' motion in the underlying case as moot after granting the respective motions to dismiss filed by the defendants in the case with prejudice. *See* Exhibit 1; Exhibit 2 (Order Denying Motion to Disqualify Opposing Counsel Due to Concurrent Conflict of Interest and for Rule 11 Sanctions). Determinations of these matters remain in the discretion of the trial court, and no abuse of discretion has occurred.

Even if the Court considers the requests for relief in this Motion anew, Stephens has not carried her burden of proof to demonstrate any harm would result from the common representation of Charles Schwab and Ms. Johnmeyer. No conflict of interest exists. The Schwab Defendants did not assert any affirmative claims in the underlying case, much less any directly adverse claims against one another. They also do not have adverse positions in this appeal. They both sought dismissal of the Complaint at the trial court level in a common motion challenging the legal sufficiency of the causes of action asserted, prevailed, and will now defend the propriety of the trial court's decision to grant their motion to dismiss in this appeal. While Stephens claims that some sort of conflict in positions has prevented her from obtaining complete discovery and/or testimony from the Schwab Defendants, that also has not occurred. This case never progressed to discovery at the trial court. The U.S. District Court for the Northen District of Oklahoma dismissed the underlying matter with prejudice during the initial pleading phase due

to the lack of any valid legal causes of action. *See* Exhibit 2. This action occurred prior to the issuance of any discovery requests or attempts to elicit testimony from any named defendants. As Stephens did not issue discovery in the case, and no testimony has occurred, Stephens has not experienced any prejudice to her abilities to obtain discovery or testimony or a seen a coordination of testimony between Charles Schwab and Ms. Johnmeyer.

In the Motion Stephens also requests sanctions under Federal Rule of Civil Procedure 11 due to allegedly incorrect factual assertions, frivolous legal positions, and "bad faith conduct" more fully identified as "coordinating testimony to obstruct justice." Again, the trial court, within its discretion, denied Stephens' attempt to obtain Rule 11 sanctions at the trial court. *See* Exhibits 1, 2. Even if the Court considers the Motion as a new request, Stephens fails to meet the procedural prerequisites to obtain this type of relief under Federal Rule of Civil Procedure 11. The request for sanctions was not presented as a separate motion, it contains no specific examples of the alleged conduct that violates Rule 11, and Stephens failed to serve the motion on counsel prior to filing the motion with the Court to provide time for counsel to correct or withdraw any documents allegedly in violation of the Rule. Moreover, no testimony occurred in the underlying case to support an allegation of coordination of testimony, and the trial court granted the Schwab Defendants' motion to dismiss, finding their legal arguments supported, not

3

frivolous. Stephens has not demonstrated the presence of any conduct by counsel for the Schwab Defendants that fails to comply with Federal Rule of Civil Procedure 11 or otherwise qualifies as "bad faith" conduct to support an award of sanctions.

For all of these reasons, and as more fully discussed herein, the Schwab Defendants respectfully request the Court deny Stephens' Motion to Disqualify Counsel for Concurrent Conflicts of Interest and Rule 11 Sanctions.

## ARGUMENT AND AUTHORITIES

The "control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and his performance in this area is a matter of judicial discretion." *Redd v. Shell Oil Co.*, 518 F.2d 311, 314 (10th Cir. 1975); *see also*, *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1383 (10th Cir. 1994). The Court of Appeals reviews a district court's ruling on a motion to disqualify counsel for an abuse of discretion. *See Cole*, 43 F.3d at 1382. The same standard of review applies to decisions on sanctions. *See Farmer v. Banco Popular of N. Am.*, 791 F.3d, 1246, 1256 (10th Cir. 2015).

"An abuse of discretion occurs when the district court's decision is 'arbitrary, capricious or whimsical,' or results in a 'manifestly unreasonable judgment.'" *Moothart v. Bell*, 21 F.3d 1499, 1505-06 (10th Cir. 1994) (quoting *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987)). An abuse of discretion also "'. . . occurs when the district court bases its ruling on an erroneous conclusion of law or relies

4

on clearly erroneous fact findings.'" *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998)).

I. **THE COMMON REPRESENTATION OF THE SCHWAB DEFENDANTS DOES NOT VIOLATE THE OKLAHOMA RULES OF PROFESSIONAL CONDUCT OR REQUIRE DISQUALIFICATION OF COUNSEL**

Two sources of authority govern motions to disqualify: 1) the local rules of the court in which the attorney appears; and 2) for federal proceedings, "the standards developed under federal law." *Cole*, 43 F.3d at 1383. Thus, "motions to disqualify are governed by the ethical rules announced by the national profession and considered 'in light of the public interest and the litigants' rights.'" *Id*. Also, when interpreting rules of conduct, "federal courts may rely on the specific guidance in the commentary." *In re Owners Ins. Co.*, Case No. 20-1136, 2020 U.S. App. LEXIS 42658, at *9 (10th Cir. July 10, 2020) (unpublished).

The State of Oklahoma has adopted the Oklahoma Rules of Professional Conduct to address attorney conduct within Oklahoma. *See* 5 O.S. Appendix 3-A. The U.S. District Court for the Northern District of Oklahoma has also adopted the Oklahoma Rules of Professional Conduct as the standard for attorney conduct before the court. N.D. Okla. LGnR 3-2. Commentary regarding the scope of the Oklahoma Rules of Professional Conduct cautions against the use of the Rules "by opposing parties as procedural weapons" in litigation. 5 O.S. Appendix 3-A, Scope at [20].

The "fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule." *Id.*

In Oklahoma courts, "the test for granting a motion to disqualify counsel is whether continued representation would threaten the integrity of the judicial process." *Grant v. Flying Bud Farms, LLC*, Case No. 22-cv-1-TCK-CDL, 2022 U.S. Dist. LEXIS 132173, at *10 (N.D. Okla. July 26, 2022) (unpublished) (citations omitted). Due to its drastic nature, a court should only disqualify counsel if "' . . . the Court is satisfied that real harm is likely to result.'" *Id.* at *11 (quoting *Arkansas Valley State Bank v. Phillips*, 171 P.3d 899, 905 (Okla. 2007)). The burden to prove the likelihood of such harm by a preponderance of the evidence falls to the moving party. *Grant*, 2022 U.S. Dist. LEXIS 132173, at *11.

### A. No Concurrent Conflict of Interest Exists in the Common Representation of the Schwab Defendants Under Rule 1.7

In the Motion Stephens asks the Court to disqualify counsel for the Schwab Defendants, because she claims a concurrent conflict of interest exists within that common representation. Stephens cites to Oklahoma Rule of Professional Conduct 1.7 as the basis for this argument. Rule 1.7 states as follows:

> [e]xcept as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one

6

client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Paragraph (b) of Rule 1.7 states that a lawyer can still represent a client even if a concurrent conflict of interest as discussed in paragraph (a) exists if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent, confirmed in writing.

The text of this rule mirrors the text of ABA Model Rule of Professional Conduct 1.7. Model Rules of Prof'l Conduct r. 1.7 (Am. Bar Ass'n 2025). Also, as discussed in the Comment to Oklahoma Rule of Professional Conduct 1.7, "common representation of persons having similar interests in litigation is proper if the requirements of paragraph (b) are met." Okla. Stat. tit. 5, App. 3-A, § Rule 1.7 cmt. [23] (2008).

As an initial matter, the trial court already considered the same arguments raised by Stephens in her Motion in a motion to disqualify and for sanctions filed in the trial court. *See* Exhibits 1 and 2. The trial court denied that motion. *See* Exhibit 2 at p. 15. If the present Motion represents a request for the Court to assess the trial

court's decision on the previous motion to disqualify, Stephens fails to provide support for an allegation that the trial court's decision was an abuse of its discretion.

Even considering the present Motion as a fresh attempt to reurge her request for disqualification, Stephens bears the burden of proof to demonstrate the likelihood of harm by the conduct at issue. Stephens has not met that burden. The Motion contains no indication that a concurrent conflict of interest exists within the representation of the two Schwab Defendants. Charles Schwab and Ms. Johnmeyer did not assert any affirmative claims for relief in the underlying case, much less any directly adverse claims against one another. In fact, the case was dismissed at the initial pleading stage following motions to dismiss filed by all defendants requesting the dismissal of all of Stephens' causes of action. *See, generally*, Exhibit 2. The Schwab Defendants also have not asserted any directly adverse claims against one another in this appeal.

The Motion also lacks an indication that a risk of a material limitation of the representation of Charles Schwab and Ms. Johnmeyer exists. Both parties filed a common motion to dismiss in the underlying case arguing for the dismissal of the action as to the Schwab Defendants due to the legal insufficiency of Stephens' initial pleading. *See* Exhibit 3 (Schwab Defendants' Motion to Dismiss). No varying positions between these parties prevent counsel from fully presenting the arguments of the Schwab Defendants regarding the lack of any legal basis for Stephens to assert

8

the causes of action included in the Complaint in the underlying case in their motion to dismiss. Now that the trial court has granted their common motion to dismiss (*see* Exhibit 2 at p. 14), the Schwab Defendants now have a common position in this appeal that the trial court properly decided their motion to dismiss. No pleading in the record to date shows any sort of potential for diverging interests or positions between these parties or reflects any potential for a limitation in the ability of common counsel to provide competent and diligent representation to them in this case. Stephens has not met her burden to prove the common representation would result in any harm to any party.

### B. Even If A Concurrent Conflict of Interest Existed, Rule 1.7(b) Would Allow for a Waiver of the Conflict Under These Circumstances

Stephens also argues that the Schwab Defendants would not have the ability to waive a concurrent conflict of interest to allow for their common representation by current counsel under Oklahoma Rule of Professional Conduct 1.7(b). As already stated, paragraph (b) allows for a common representation even in the presence of a concurrent conflict of interest if the case meets certain conditions. First, the lawyer must believe that the lawyer can provide competent and diligent representation to each affected client. Okla. Stat. tit. 5, App. 3-A, § Rule 1.7.(b)(1) (2008). Second, the law must not prohibit the common representation. Okla. Stat. tit. 5, App. 3-A, § Rule 1.7.(b)(2) (2008). Third, the representation must not involve the assertion of a claim by one client against another client represented by the same lawyer in the same

litigation. Okla. Stat. tit. 5, App. 3-A, § Rule 1.7.(b)(3) (2008). Last, both of the clients involved in the concurrent conflict of interest must provide informed consent to the common representation in writing. Okla. Stat. tit. 5, App. 3-A, § Rule 1.7.(b)(4) (2008).

Again, no concurrent conflict of interest exists in this representation. However, even assuming a concurrent conflict of interest did exist, the circumstances here would allow for the common representation to proceed as long as both clients provided informed consent. No barriers exist in this case to providing competent and diligent representation to both Charles Schwab and Ms. Johnmeyer in their common defense of claims asserted against them by a different party, Stephens. Their common motion to dismiss in the trial court demonstrates the alignment of their legal positions as to the lack of validity of Stephens' causes of action. *See* Exhibit 3. For the second element, no prohibition against the common representation of a private business and its employee in claims asserted against them by a third party in a litigation matter exists. For the third element, the common representation of Charles Schwab and Ms. Johnmeyer also does not involve the assertion of a claim by one of them against the other in the same litigation matter. These parties have not asserted any affirmative claims in the underlying litigation or this appeal against any party, and they have certainly not asserted any claims against each other in either matter.

As the circumstances of this case meet the first three elements of Rule 1.7(b), even if a concurrent conflict of interest existed in this case, Charles Schwab and Ms. Johnmeyer would have the ability to provide informed consent in writing to their common representation in this matter by current counsel.

## II.  COUNSEL FOR THE SCHWAB DEFENDANTS HAS NOT ENGAGED IN ANY CONDUCT THAT VIOLATES FEDERAL RULE OF CIVIL PROCEDURE 11

Stephens argues in the Motion that the Court should impose sanctions against counsel for the Schwab Defendants under Federal Rule of Civil Procedure 11 due to allegedly incorrect factual assertions, frivolous legal positions, and "bad faith conduct" more fully identified as "coordinating testimony to obstruct justice." Federal Rule of Civil Procedure 11 provides that, by presenting a pleading, motion, or other paper to the Court, the party or the party's attorney presenting that document certifies to that person's knowledge, information, and belief the following:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

11

Fed. R. Civ. P. 11(b)(1)-(4). A court can impose sanctions against an attorney or law firm for violating Rule 11(b) "after notice and a reasonable opportunity to respond". Fed. R. Civ. P. 11(c)(1). In order for a party to present a motion for sanctions under this Rule, the moving party must make that motion separately from any other motion "and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The moving party must also serve the motion on the party that has allegedly violated Rule 11 and must not file or present the motion to the court if the party that has allegedly committed the violation withdraws or corrects the challenged document within 21 days after service. Fed. R. Civ. P. 11(c)(2).

Again, Stephens included the same motion for sanctions presented to this Court in her motion to disqualify presented to the trial court. *See* Exhibit 1 at pp. 16-18. That motion did not meet the prerequisites required under Federal Rule of Civil Procedure 11. It was not made separately, does not identify the specific conduct that allegedly violates Rule 11, and was not served prior to filing to allow counsel 21 days to withdraw or correct the document. Although the trial court denied the motion as moot following the dismissal of all causes of action with prejudice in response to the defendants' respective motions to dismiss, all of these deficiencies support the trial court's denial of the motion. *See* Exhibit 2 at p. 15. Stephens'

Motion in this Court provides no authority or arguments to demonstrate the trial court abused its discretion in denying this motion, and it did not.

If Stephens intends to reurge this motion before the present Court, instead of challenging the trial court's denial of the same motion below, the request for sanctions in the present Motion suffers from the same deficiencies that it did in the trial court. Stephens combines this motion with a motion for disqualification, which fails to meet the requirement to present the motion separately. The Motion also lacks specific examples of alleged conduct by counsel that has violated Rule 11 in order to provide counsel the ability to respond to specific allegations. For example, Stephens does not point to specific legal arguments or factual assertions made in pleadings, motions, or other filings with the Court that she contends are frivolous and lack support. In fact, Stephens cannot point to any legal arguments or factual assertions made in documents filed with the present Court, as the Schwab Defendants have not filed any substantive documents in this appeal that contain legal arguments or factual contentions of substance. On the other hand, if Stephens intends to base this argument on documents filed with the trial court, the only substantive response to the Complaint filed by the Schwab Defendants, i.e. their motion to dismiss granted by the trial court, assessed the sufficiency of the legal allegations made in the Complaint, taking the facts asserted in the Complaint as true. *See* Exhibit 3. This motion relied on Stephens' factual allegations in the Complaint

as well as exhibits attached to the Complaint for its factual background, so any factual assertions relied upon for that motion originated from Stephens, not the Schwab Defendants. *See* Exhibit 3. As concerns the support for the legal positions asserted in the Schwab Defendants' motion to dismiss, the Schwab Defendants provided substantial legal authority to support their arguments that Stephens did not assert any valid legal causes of action against the Schwab Defendants. *See* Exhibit 3. The trial court granted this Motion based on the legal authorities provided in the briefing and dismissed the case with prejudice. *See* Exhibit 2 at pp. 14-15. The trial court demonstrably found the legal arguments presented sound and supported by authority, not frivolous. As Stephens has not made a showing of unsupported factual or legal arguments in any filing by the Schwab Defendants, the Court should deny her motion for sanctions under Federal Rule of Civil Procedure 11.

Stephens further argues that alleged "bad faith conduct" consisting of "coordinating testimony to obstruct justice" also supports an imposition of sanctions. As discussed, the trial court dismissed the underlying case at the initial pleading stage in response to motions to dismiss filed by all defendants. *See* Exhibit 2. Stephens presents no description of the alleged coordinated testimony she intends to rely upon for her request for sanctions, and, in fact, no discovery or testimony occurred prior to the full dismissal of the case against all defendants with prejudice. As Stephens has not made an adequate showing of alleged bad faith conduct, or

14

alleged coordinated testimony, the Court should also deny her request for sanctions on this ground.

## CONCLUSION

For all of the reasons discussed herein, the Schwab Defendants respectfully request that the Court deny Stephens' Motion to Disqualify Counsel for Concurrent Conflicts of Interest and Rule 11 Sanctions.

    Respectfully submitted,

    */s/ Jennifer N. Lamirand*
    Tara A. LaClair, OBA #21903
    Jennifer N. Lamirand, OBA #31398
    BRESSLER, AMERY & ROSS, P.C.
    6608 N. Western Ave., #1213
    Oklahoma City, Oklahoma 73116
    Telephone: (405) 901-5981
    tlaclair@bressler.com
    jlamirand@bressler.com

    **ATTORNEYS FOR DEFENDANTS/APPELLEES CHARLES SCHWAB AND CO., INC. AND MARY JOHNMEYER**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2025, a true and correct copy of the foregoing Defendants Charles Schwab & Co., Inc.'s and Mary Johnmeyer's Response to Motion to Disqualify Counsel for Concurrent Conflicts of Interest and Rule 11 Sanctions was sent via email and U.S. Mail to Plaintiff Linh Tran Stephens and also electronically transmitted to the Clerk of Court using the ECF system for filing, to the following:

**PLAINTIFF PRO SE**
Linh Tran Stephens
1964 Ashley River Rd.
St. B Unit 80112
Charleston, SC  29407
LinhStephens7@gmail.com

**ATTORNEY FOR DEFENDANT**
**CIERRA FREEMAN**
Andrew Charles Jayne
ajayne@bgjclaw.com

**ATTORNEY FOR DEFENDANT**
**CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES, JASON HOENSHELL, AND EMMALENE STRINGER**
John K.F. Langford
john.langford@okdhs.org

**ATTORNEY FOR DEFENDANT**
**RENEE BANKS**
Daniel James Card
daniel.card@okdhs.org

*/s/ Jennifer N. Lamirand* _____
Jennifer N. Lamirand
