# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| LINH TRAN STEPHENS, | ) |
| | ) |
|     Plaintiff/Appellant, | ) |
| | ) |
| v. | )   Case No. 25-5063 |
| | ) |
| CHILD SUPPORT SERVICES OF | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| HUMAN SERVICES, *et al.*, | ) |
| | ) |
|     Defendants/Appellees. | ) |

On Appeal from the United States District Court
For the Northern District of Oklahoma
The Honorable John D. Russell
Case No. 24-cv-00216-JDR-CDL

## APPELLEES CHARLES SCHWAB AND CO., INC.'S AND MARY JOHNMEYER'S ANSWER BRIEF

Tara A. LaClair, OBA #21903
Jennifer N. Lamirand, OBA #31398
BRESSLER, AMERY & ROSS, P.C.
6608 N. Western Ave., #1213
Oklahoma City, Oklahoma 73116
Telephone: (405) 901-5981
tlaclair@bressler.com
jlamirand@bressler.com
**ATTORNEYS FOR
DEFENDANTS/APPELLEES
CHARLES SCHWAB AND CO., INC.
AND MARY JOHNMEYER**

ORAL ARGUMENT NOT REQUESTED

# <u>TABLE OF CONTENTS</u>

STATEMENT OF ISSUES ................................................................... 1

STATEMENT OF CASE ..................................................................... 2

SUMMARY OF ARGUMENT .............................................................. 4

ARGUMENT AND AUTHORITIES .................................................... 6

    STANDARD OF REVIEW .......................................................... 6

    THE DISTRICT COURT DID NOT ERR WHEN DISMISSING
    PLAINTIFF"S CLAIMS AGAINST DEFENDANT CSS AND ITS
    EMPLOYEES WITH PREJUDICE PURSUANT TO THE ELEVENTH
    AMENDMENT ........................................................................... 6

    THE DISTRICT COURT DID NOT ERR WHEN DISMISSING
    PLAINTIFF'S CLAIMS FOR EQUITABLE AND DECLARATORY
    RELIEF AGAINST CHARLES SCHWAB AND THE INDIVIDUAL
    DEFENDANTS AS BARRED BY THE *YOUNGER* ABSTENTION
    DOCTRINE ................................................................................. 9

    THE DISTRICT COURT DID NOT ERR WHEN DISMISSING
    PLAINTIFF'S CLAIMS FOR DAMAGES AGAINST CHARLES
    SCHWAB AND THE INDIVIDUAL DEFENDANTS FOR A FAILURE
    TO STATE A CLAIM FOR RELIEF UNDER FEDERAL RULE OF CIVIL
    PROCEDURE 12(B)(6) ............................................................. 12

    THE DISTRICT COURT DID NOT ERR WHEN DISMISSING
    PLAINTIFF'S PENDING MOTIONS FOR OTHER RELIEF AT THE
    POINT WHEN THE COURT DETERMINED IT PROPER TO DISMISS
    ALL CLAIMS ASSERTED IN THE COMPLAINT ................................. 15

    THE DISTRICT COURT DID NOT RULE ON THE OTHER
    SUBSTANTIVE LEGAL ISSUES PLAINTIFF CHALLENGES IN HER
    OPENING BRIEF ...................................................................... 16

STATEMENT CONCERNING TENTH CIRCUIT RULE 31.3(B) .................. 17

CONCLUSION ................................................................................... 18

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT .............. 19

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                 **Page(s)**

*Abercrombie v. City of Catoosa*,
 896 F.2d 1228 (10th Cir. 1990) ..........................................................8, 11, 13, 15

*Alvarado v. KOB-TV, L.L.C.*,
 493 F.3d 1210 (10th Cir. 2007) ........................................................................12

*Andrews v. Heaton*,
 483 F.3d 1070 (10th Cir. 2007) ........................................................................14

*Ankenbrandt v. Richards*,
 504 U.S. 689 (1992)..........................................................................................11

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)....................................................................................12, 13

*Beedle v. Wilson*,
 422 F.3d 1059 (10th Cir. 2005) ........................................................................11

*Bell Atlantic Corp. v. Twombly*,
 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)...................................................12, 13

*Courthouse News Serv. v. N.M. Admin. Off. Of Cts.*,
 53 F.4th 1245 (10th Cir. 2022) ...........................................................................9

*Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*,
 953 F.3d 660 (10th Cir. 2020) .............................................................................9

*Ex parte Young*,
 209 U.S. 123 (1908)............................................................................................7

*Farris v. Poppell*,
 221 F.3d 1351 (10th Cir. 2000) ........................................................................14

*Graff v. Aberdeen Enterprizes, II, Inc.*,
 65 F.4th 500 (10th Cir. 2023) .............................................................................9

*Hennessey v. Univ. of Kan. Hosp. Auth.*,
 53 F.4th 516 (10th Cir. 2022) .............................................................................6

*Lindke v. Freed*,
   601 U.S. 187 (2024).............................................................................14

*Mabe v. G.C. Servs. Ltd. P'ship*,
   32 F.3d 86 (4th Cir. 1994) ................................................................14

*Moore v. Sims*,
   442 U.S. 415 (1979).............................................................................11

*Morrow v. Winslow*,
   94 F.3d 1386 (10th Cir. 1996) ...........................................................11

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89, 101 (1984)........................................................................7

*Serna v. Denver Police Dep't*,
   58 F.4th 1167 (10th Cir. 2023) ..........................................................14

*Sprint Communs., Inc. v. Jacobs*,
   571 U.S. 69 (2013)................................................................................9

*State Farm Fire & Cas. Co. v. Mhoon*,
   31 F.3d 979 (10th Cir. 1994) .........................................................8, 11, 13, 15

*Teigen v. Renfrow*,
   511 F.3d 1072 (10th Cir. 2007) ...............................................6, 11, 12

*Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*,
   98 F.4th 1307 (10th Cir. 2024) ........................................................6, 9

*Va. Office for Prot. & Advocacy v. Stewart*,
   563 U.S. 247 (2011)...........................................................................6, 7

*Whitney v. State of N.M.*,
   113 F.3d 1170 (10th Cir. 1997) ...........................................................7

*Younger v. Harris*,
   401 U.S. 37 (1971)................................................................................3

**Statutes**

12 U.S.C. § 3403 ........................................................................................13

15 U.S.C. § 1692 ........................................................................................13

18 U.S.C. § 241 ........................................................................................ 13

18 U.S.C. § 242 ................................................................................... 13, 14

18 U.S.C. § 641 ................................................................................... 13, 14

18 U.S.C. § 643 ................................................................................... 13, 14

18 U.S.C. § 644 ................................................................................... 13, 14

18 U.S.C. § 648 ................................................................................... 13, 14

18 U.S.C. § 649 ................................................................................... 13, 14

18 U.S.C. § 650 ................................................................................... 13, 14

18 U.S.C. § 651 ................................................................................... 13, 14

18 U.S.C. § 652 ................................................................................... 13, 14

18 U.S.C. § 653 ................................................................................... 13, 14

18 U.S.C. § 912 ................................................................................... 13, 14

18 U.S.C. § 1201 ........................................................................................ 14

18 U.S.C. § 1202 ................................................................................. 13, 14

18 U.S.C. § 1961(1) .................................................................................... 14

18 U.S.C. § 1962(d) ................................................................................... 14

18 U.S.C. § 2340 ................................................................................. 13, 14

22 U.S.C. § 7102(1) .................................................................................... 13

28 U.S.C. § 4101(1) ............................................................................. 13, 14

28 U.S.C. § 4102 ........................................................................................ 14

42 U.S.C. § 1983 ................................................................................. 13, 14

**Other Authorities**

25 CFR § 11.404 ................................................................................. 13, 14

Fed. R. App. P. 30(a)(2) ..................................................................2

Fed. R. App. P. 32(a)(5) ................................................................17

Fed. R. App. P. 32(a)(6) ................................................................17

Fed. R. App. P. 32(f) .....................................................................17

Fed. R. Civ. P. 12(b)(1) ..................................................................6

Fed. R. Civ. P. 12(b)(6) ..........................................................3, 6, 12

U.S. Const. Amend. XI .............................................................1, 5, 6, 7

Defendants/Appellees Charles Schwab and Co., Inc. ("Charles Schwab"), and Mary Johnmeyer (collectively the "Schwab Defendants") hereby submit this Answer Brief in response to Appellant Linh Tran Stephens' Opening Brief and show the Court as follows:

## STATEMENT OF ISSUES

Appellant/Plaintiff Linh Tran Stephens ("Plaintiff") identified 17 issues for review by the Court in her Opening Brief. The Schwab Defendants generally disagree with the issues identified by Plaintiff, particularly as many challenge alleged determinations the District Court did not reach. The District Court dismissed all claims asserted by Plaintiff at the initial pleading stage of the case in response to motions to dismiss filed by all defendants. As to the decisions on those motions to dismiss, and the denial of Plaintiff's other pending motions at the time of the full dismissal of all claims in the Complaint, the Schwab Defendants submit the following description of the issues for decision on those decisions by the trial court:

THE DISTRICT COURT DID NOT ERR WHEN DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT CSS AND ITS EMPLOYEES WITH PREJUDICE PURSUANT TO THE ELEVENTH AMENDMENT

THE DISTRICT COURT DID NOT ERR WHEN DISMISSING PLAINTIFF'S CLAIMS FOR EQUITABLE AND DECLARATORY RELIEF AGAINST CHARLES SCHWAB AND THE INDIVIDUAL DEFENDANTS AS BARRED BY THE *YOUNGER* ABSTENTION DOCTRINE

THE DISTRICT COURT DID NOT ERR WHEN DISMISSING PLAINTIFF'S CLAIMS FOR DAMAGES AGAINST CHARLES SCHWAB AND THE

1

INDIVIDUAL DEFENDANTS FOR A FAILURE TO STATE A CLAIM FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

THE DISTRICT COURT DID NOT ERR WHEN DISMISSING PLAINTIFF'S PENDING MOTIONS FOR OTHER RELIEF AT THE POINT WHEN THE COURT DETERMINED IT PROPER TO DISMISS ALL CLAIMS ASSERTED IN THE COMPLAINT

## **STATEMENT OF CASE**

On May 8, 2024, Plaintiff filed a Complaint in the United States District Court for the Northern District of Oklahoma against Defendants Child Support Services of Oklahoma Department of Human Services ("CSS"); its employees Defendants Renee Banks, Jason Hoenshell, and Emmalene Stringer; Defendant Cierra Freeman, a court-appointed attorney; Defendant Charles Schwab; and Charles Schwab's employee Defendant Mary Johnmeyer.  (ROA, Vol. I, at 9)[1].  This Complaint included allegations of violations of multiple federal statutes, as well as general claims for damages and injunctive relief, arising out of actions taken in or connected to orders issued in state court family law proceedings before the District Court of Oklahoma in and for Tulsa County and the Oklahoma Office of Administrative Hearings.  (ROA, Vol. I, at 9-37).  Plaintiff specifically challenged child support

---

[1] As Plaintiff did not confer with the Schwab Defendants regarding the contents of the Appendix filed, it lacks a number of the motion briefs and other items relating to the motions to dismiss by the various defendants at issue.  Therefore, the Schwab Defendants refer to the pages for those items in the Record of Appeal [Dkt. 7-1 and 7-2] pursuant to Federal Rule of Appellate Procedure 30(a)(2).  The Schwab Defendants refer to pages of the Record of Appeal [Dkt. 7-1 and 7-2] in this brief by the citing convention of "ROA, Vol. I, at [page number]".

orders issued in these proceedings and a levy on her retirement account with Charles Schwab arising from past-due child support payments included in such orders. (ROA, Vol. I, at 13-29).

All Defendants filed motions to dismiss the causes of action asserted against them on various grounds. (ROA, Vol. I, at 99, 104, 245, 256, 284, and 300). CSS and its associated representatives argued for a dismissal of the causes of action asserted against them, for acts taken in their official capacities, on the grounds of sovereign immunity. (ROA, Vol. I, at 244-250, 262-265, 287-288, and 314-315). They also argued for a dismissal of causes of action asserted against them in their individual capacities on, *inter alia*, the grounds that the *Younger* abstention doctrine, from *Younger v. Harris*, 401 U.S. 37 (1971), barred the claims and that Plaintiff failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). (ROA, Vol. I, 252-254, 265-266, 268-270, 275-277, 290-294, 319-320, and 326-327). Charles Schwab and Mary Johnmeyer asserted similar arguments for dismissal based on *Younger* and a failure to state a claim for relief, and Cierra Freeman argued for dismissal based on a failure to state a claim for relief. (ROA, Vol. I, at 99-102 and 116-126).

On April 24, 2025, the District Court granted all of the Defendants' motions to dismiss, resolving all claims asserted in the Complaint. (ROA, Vol. II, at 228 and 240). Causes of action asserted against the state agency were dismissed with

prejudice on the grounds that sovereign immunity barred them. (ROA, Vol. II, at 240). Causes of action asserted against the state actors in their individual capacities for damages for alleged violations of federal law were also dismissed with prejudice. (ROA, Vol. II, at 240). Causes of action asserted against the state actors in their individual capacities for equitable and declaratory relief were dismissed without prejudice pursuant to the *Younger* doctrine. (ROA, Vol. II, at 240). Causes of action asserted against Charles Schwab, Mary Johnmeyer, and Cierra Freeman for alleged violations of federal statutes were dismissed with prejudice. (ROA, Vol. II, at 240). Causes of action asserted against Charles Schwab, Mary Johnmeyer, and Cierra Freeman for equitable and declaratory relief were dismissed without prejudice under the *Younger* doctrine. (ROA, Vol. II, at 240). All remaining claims were dismissed without prejudice for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). (ROA, Vol. II, at 240). The District Court entered Judgment in favor of Defendants and against Plaintiff. (ROA, Vol. II, at 242). It also denied all other motions pending at the time of the Order on Defendants' respective motions to dismiss. (ROA, Vol. II, at 241).

## SUMMARY OF ARGUMENT

The District Court appropriately analyzed the claims asserted against the Defendants based on Plaintiff's Complaint and determined that all causes of action required dismissal. The Eleventh Amendment barred all claims asserted against the

4

State of Oklahoma agency and its actors for acts done in their official capacities. The *Younger* abstention doctrine barred claims asserted to request interference in state court proceedings relating to Plaintiff's divorce, child custody, and child support. As no private right of action exists under the federal statutes identified for Plaintiff's causes of action for violations of federal statutes, the District Court properly dismissed those claims with prejudice. As noted by the District Court, the Complaint also failed to include sufficient allegations discussing the individual acts or alleged misconduct of the Defendants that Plaintiff intended to place at issue to support her claims of violations of her rights and federal law. Thus, the pleading was deficient on its face, and the District Court dismissed any remaining causes of action for a failure to state a claim for relief.

The District Court applied the appropriate standards to assess each of these doctrines and legal arguments, properly found that they applied based on the allegations as pled in the Complaint, and dismissed all claims. While Plaintiff challenges the ultimate result of the dismissal of her claims, her Opening Brief fails to discuss the District Court's reasoning and legal authorities within its Order at issue that support the dismissal of her case. Therefore, Plaintiff has waived arguments relating to these issues. Even so, the District Court did not err in finding that the Complaint as pled included no viable legal claims for Plaintiff to pursue and rightly dismissed all claims.

## ARGUMENT AND AUTHORITIES

### STANDARD OF REVIEW

The Court reviews a district court's granting of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of jurisdiction based on sovereign immunity, or Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for relief, *de novo*. *Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516, 527 (10th Cir. 2022); *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). When reviewing the decision, the Court applies "the same legal standard applicable in the district court." *Id*. The Court also reviews a district court's decision to abstain from deciding a case pursuant to the *Younger* abstention doctrine *de novo*. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024).

### THE DISTRICT COURT DID NOT ERR WHEN DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT CSS AND ITS EMPLOYEES WITH PREJUDICE PURSUANT TO THE ELEVENTH AMENDMENT

The Eleventh Amendment prevents federal judicial power of the United States from extending to lawsuits "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. This Amendment establishes "the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). Absent a waiver of this immunity, or an abrogation of

6

sovereign immunity by Congressional legislation, "federal courts may not entertain a private person's suit against a State." *Id.* at 254.

*Ex parte Young*, 209 U.S. 123, 166-168 (1908), imposes a limitation on State sovereign immunity for situations where "a federal court commands a state official to do nothing more than refrain from violating federal law . . ." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. at 255. However, the doctrine does not apply "when the state is the real, substantial party in interest . . ." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101 (1984).

Here, the District Court assessed the application of sovereign immunity pursuant to the Eleventh Amendment based on the pleadings in the Complaint alone and properly determined it barred all claims for damages asserted against CSS and its employees. (ROA, Vol. II, at 231). The District Court recognized that CSS, a branch of the Oklahoma Department of Human Services, possessed sovereign immunity against suit unless waived or abrogated. (ROA, Vol. II, at 231-232). Far from waiving or consenting to suit, the CSS and its employees expressly asserted their right to sovereign immunity from suit as their initial responses to the Complaint through motions to dismiss. (ROA, Vol. I, at 244-250, 262-265, 287-288, and 314-315). Citing *Whitney v. State of N.M.*, 113 F.3d 1170, 1173 (10th Cir. 1997), the District Court further recognized that this immunity extended to the individual CSS employees sued to bar claims against them seeking damages as claims "against state

employees in their official capacities operate as suits against the state itself." (ROA, Vol. II, at 233-234). In other words, actions against the individual state employees for damages for acts done in their official capacities truly seek to impose damages on the state itself as the real and substantial party in interest. Assessing the federal statutes forming the basis of Plaintiff's Complaint, the District Court also determined that Congress had not abrogated sovereign immunity for any of the statutes relied upon by Plaintiff. (ROA, Vol. II, at 233). Thus, the District Court dismissed with prejudice all claims asserted against CSS, as well as claims asserted against any of its employees seeking damages, with prejudice.

The District Court applied the appropriate standard to review the application of sovereign immunity and issued a reasoned decision providing applicable authorities to support the full dismissal of these causes of action with prejudice. Plaintiff's Opening Brief fails to discuss the application of this issue, which constitutes a waiver of the issue. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n. 7 (10th Cir. 1994); *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990). Nonetheless, no error occurred with respect to the District Court's holding concerning the application of sovereign immunity to certain of Plaintiff's asserted claims, and the Schwab Defendants request the Court to affirm it.

**THE DISTRICT COURT DID NOT ERR WHEN DISMISSING PLAINTIFF'S CLAIMS FOR EQUITABLE AND DECLARATORY RELIEF AGAINST CHARLES SCHWAB AND THE INDIVIDUAL DEFENDANTS AS BARRED BY THE *YOUNGER* ABSTENTION DOCTRINE**

The *Younger* abstention doctrine "provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 669-70 (10th Cir. 2020) (quoting *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S. Ct. 584, 187 L. Ed. 2d 505 (2013)). *Younger* abstention applies "*only when* the state proceeding falls into one of the following categories: '(1) state criminal prosecutions, (2) civil enforcement proceedings [that take on a quasi-criminal shape], and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function.'" *A-Quality Auto Sales, Inc*., 98 F.4th at 1317 (quoting *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023)). If a case falls into one of these categories of state proceedings that can qualify for abstention, the court then considers the propriety of abstention by assessing three factors: "'(1) an ongoing state judicial . . . proceeding, (2) the presence of an important state interest, and (3) an adequate opportunity to raise federal claims in the state proceedings.'" *A-Quality Auto Sales, Inc.*, 98 F.4th at 1317 (quoting *Courthouse News Serv. v. N.M. Admin. Off. Of Cts.*, 53 F.4th 1245, 1256 (10th Cir. 2022)).

Again, the District Court applied the appropriate analysis to determine whether to abstain from interference in the state court proceedings complained of by Plaintiff and reached the appropriate result. As noted by the District Court, in the Complaint, Plaintiff contests "the seizure of funds to pay a child-support award and . . . disputes the power and authority of those involved in the state-court proceedings." (ROA, Vol. II, at 235). She also made express requests in subsequent filings for the District Court to intervene in the state court proceedings at issue by dismissing those actions and staying enforcement of child-support orders. (ROA, Vol. II, at 235). Therefore, the District Court determined that Plaintiff's claims arose out of, related to, or exist only due to state-court proceedings and found that they also involved orders made in the furtherance of the Oklahoma state courts' ability to perform the function of addressing family and custody disputes. (ROA, Vol. II, at 235).

Upon finding the case met the first inquiry of falling within the three types of cases where a court can consider *Younger* abstention, the District Court then determined it appropriate to consider the factors for evaluating the propriety of abstention and also found the case met those three requirements. (ROA, Vol. II, at 236-237). Ongoing state court proceedings challenging the issues Plaintiff includes in her Complaint exist, as evidenced by Plaintiff's requests for the District Court and this Court to intervene within them. Those proceedings offer an opportunity for

Plaintiff to pursue the claims she brings in her Complaint.  Additionally, the area of family law at issue here, including appropriate child support obligations and procedures, fall within the realm of state interests and depend on state law.  *See, e.g., Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (whole subject of domestic relations of husband and wife, parent and child, belongs to laws of states and not laws of United States); *Moore v. Sims*, 442 U.S. 415, 435 (1979) (family relations are traditional area of state concern); *Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir.1996) (state has interest in orderly conduct of proceedings in its courts in manner which protects interest of child and family).  These factors and the allegations in the Complaint all weigh in favor of abstention.

The District Court applied the appropriate analysis to review the application of the *Younger* abstention doctrine to the claims asserted by Plaintiff in the Complaint and issued a reasoned decision providing applicable authorities to support the dismissal of all causes of action for equitable and declaratory relief against the CSS employees, Ms. Freeman, Charles Schwab, and Ms. Johnmeyer without prejudice.  Again, Plaintiff failed to address the *Younger* doctrine in her Opening Brief, and, therefore, she has waived this issue.  *Mhoon*, 31 F.3d at 984 n. 7; *Abercrombie*, 896 F.2d at 1231.  While Plaintiff does briefly discuss a similar doctrine, the *Rooker-Feldman* doctrine, the District Court expressly decided the *Rooker-Feldman* doctrine did not apply, and the District Court did not rely upon it

11

as a basis to dismiss any of Plaintiff's causes of action.  (ROA, Vol. II, at 237, n. 12).  No error occurred with respect to the District Court's holding regarding these claims, and the Schwab Defendants request the Court to affirm it.

**THE DISTRICT COURT DID NOT ERR WHEN DISMISSING PLAINTIFF'S CLAIMS FOR DAMAGES AGAINST CHARLES SCHWAB AND THE INDIVIDUAL DEFENDANTS FOR A FAILURE TO STATE A CLAIM FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

On a motion to dismiss for a failure to state a claim, the Court accepts "[a]ll well-pleaded facts, as distinguished from conclusory allegations . . . as true and viewed in the light more favorable to the nonmoving party."  *Teigen*, 511 F.3d at 1078 (citing *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)).  The Court "must look for 'plausibility in the complaint.'"  *Teigen*, 511 F.3d at 1078 (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)).  A complaint must "include 'enough facts to state a claim to relief that is plausible on its face.'"  *Teigen*, 511 F.3d at 1078 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Following the dismissal of claims on the grounds of sovereign immunity and the *Younger* abstention doctrine, the District Court considered whether any

12

remaining claims asserted in the Complaint met the required pleading standard under *Twombly* and *Aschroft* and appropriately determined that they did not.  As noted by the District Court the "complaint fails to provide specific factual allegations of misconduct, fails to link the actions of each defendant to Ms. Stephens's claims, fails to establish which claims are being asserted against which defendants, and fails to show how any defendant participated in any of the alleged violations of either Ms. Stephens's rights or federal law."  (ROA, Vol. II, at 239).

Furthermore, Plaintiff asserted claims for alleged violations of federal statutes and regulations where Congress has not provided for a private right of action for a civil suit under them and/or the statutes do not provide for the type of relief requested by the Plaintiff.  (ROA, Vol. II, at 239).  The initial pages of the Complaint list alleged causes of action for violations of the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1692; a variety of criminal statutes including 18 U.S.C. §§ 241, 242, 641, 643, 644, 648, 649, 650, 651, 652, 653, 912, 1202, and 2340; and a variety of other statues and regulations including 42 U.S.C. § 1983; 25 CFR § 11.404; 12 U.S.C. § 3403; 22 U.S.C. § 7102(1); and 28 U.S.C. § 4101(1).  (ROA, Vol. I, at 9-10).  Plaintiff did not carry her pleading burden by including specific allegations about how acts of the individual Defendants violated these statutes. (ROA, Vol. I, at pp. 9-37).  This alone justified the dismissal of these claims.

13

Even if Plaintiff had properly pled allegations for causes of action under these statutes, they do not apply to conduct attributed in the Complaint to the Schwab Defendants. For example, child support obligations do not qualify as debts under the FDCPA, which makes it inapplicable. *See Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 87-88 (4th Cir. 1994). A violation of Title 42, section 1983 of the United States Code requires state action, and the Schwab Defendants do not qualify as state actors. *Lindke v. Freed*, 601 U.S. 187, 194-95 (2024). The Code of Federal Regulations provisions in Title 25, section 11.404 apply to practice and procedure in the Court of Indian Offenses, not the federal district courts. *See* 25 C.F.R. § 11.404. Title 28, sections 4101 and 4102 of the United States Code do not create a cause of action for defamation, but, rather, address the recognition of defamation judgments in foreign jurisdictions. *See* 28 U.S.C. § 4101-4102. Plaintiff fails to include sufficient allegations of a predicate act in order to properly allege a RICO claim under Title 18, section 1962(d). 18 U.S.C. § 1961(1). The federal criminal statutes in 18 U.S.C. §§ 242, 641, 643-44, 648-53, 912, 1201, 1202, and 2340 do not include any private rights of action to assert a civil action. *See* 18 U.S.C. §§ 242, 641, 643-44, 648-53, 912, 1201, 1202, and 2340; *see also*, *Farris v. Poppell*, 221 F.3d 1351 (10th Cir. 2000); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023). This makes any claims based on these criminal statutes legally barred, and the District

14

Court rightfully determined that this justified their dismissal with prejudice. (ROA, Vol. II, at 239).

The District Court applied the appropriate analysis to review Plaintiff's pleading for the existence of any facially plausible claims in the Complaint, determined that none existed, and dismissed any claims asserted by Plaintiff in the Complaint remaining after the application of sovereign immunity and the *Younger* abstention doctrine. The District Court issued a reasoned decision providing applicable authorities to support the dismissal of all remaining causes of action, some with prejudice and some without prejudice. As with the prior issues, Plaintiff's Opening Brief fails to discuss how the District Court allegedly misapplied this standard and/or how portions of her allegations in the Complaint meet the required pleading standard. Therefore, Plaintiff has waived this issue. *Mhoon*, 31 F.3d at 984 n. 7; *Abercrombie*, 896 F.2d at 1231. Nonetheless, no error occurred with respect to the District Court's holding regarding these claims, and the Schwab Defendants request the Court to affirm it.

**THE DISTRICT COURT DID NOT ERR WHEN DISMISSING PLAINTIFF'S PENDING MOTIONS FOR OTHER RELIEF AT THE POINT WHEN THE COURT DETERMINED IT PROPER TO DISMISS ALL CLAIMS ASSERTED IN THE COMPLAINT**

Following the dismissal of all claims asserted in the Complaint, leaving no remaining claims for Plaintiff to pursue, the District Court entered Judgment against Plaintiff and in favor of Defendants. (ROA, Vol. II, at 242). The District Court also

15

denied any other pending motions by Plaintiff at the time, including a motion for injunctive relief and removal from state court proceedings, a motion to disqualify counsel, a motion to dismiss all state court actions, and a motion to stay enforcement of child support orders from state court proceedings. (ROA, Vol. II, at 241). The District Court did not err in dismissing these pending motions. After the granting of all motions to dismiss, the dismissing of all causes of action asserted by Plaintiff in the Complaint, and the entering of Judgment, Plaintiff lacked any viable claim in the case to pursue. No possibility existed for Plaintiff to prevail on a cause of action, which automatically eliminated the ability to obtain injunctive relief in connection with one or more of the dismissed claims in Plaintiff's pending motions. As no cause of action remained active in the case, the District Court appropriately denied Plaintiff's ancillary, pending motions at the time of the entry of Judgment.

## THE DISTRICT COURT DID NOT RULE ON THE OTHER SUBSTANTIVE LEGAL ISSUES PLAINTIFF CHALLENGES IN HER OPENING BRIEF

Plaintiff raises in her Statement of Issues and arguments a number of factual issues that she claims the District Court failed to consider when dismissing her claims and case. For example, Plaintiff raises the question of whether the District Court sanctioned an unlawful seizure of ERISA-protected retirement funds, failed to recognize her incarceration for her failure to pay child support violated due process and equal protection rights, improperly disregarded her fundamental familial integrity rights, failed to recognize a violation of due process and equal protection

16

rights during state administrative proceedings, failed to acknowledge fraud upon the court by state actors with respect to a pattern of practice for QDROs, failed to recognize the Oklahoma state court judges engaged in judicial overreach and abused their authority, failed to address the allegedly excessive bail/bond amount imposed upon her, failed to recognize an improper separation of church and state by Oklahoma's actions in private marital and family matters, etc. As discussed herein, the District Court did not reach or decide any of these issues. The District Court assessed the validity of the claims asserted by Plaintiff based on the content of the Complaint and determined the Complaint did not meet the appropriate pleading standard. Plaintiff cannot point to a specific ruling on these tangential issues by the District Court to challenge, and, to the extent she simply wants to challenge the ultimate decision to dismiss all claims asserted by Plaintiff, the District Court made a sound decision to do so based on the content of the Complaint.

## STATEMENT CONCERNING TENTH CIRCUIT RULE 31.3(B)

Tenth Circuit Court of Appeals Rule 31.3 does not apply to government entities, such as Defendant CSS. As concerns the Schwab Defendants and Defendant Freeman, these parties have submitted separate briefs, as the arguments they presented with their respective motions to dismiss at the trial court focused on different legal theories and arguments. All of these parties relied upon Federal Rule of Civil Procedure 12(b)(6), however, Plaintiff's lack of inclusion of Defendant

17

Freeman in the allegations in the Complaint places Defendant Freeman in a different position with respect to some arguments made pursuant to Rule 12(b)(6).

## <u>CONCLUSION</u>

For all of the reasons discussed herein, the Schwab Defendants respectfully request that the Court affirm the April 24, 2025, Order by the District Court dismissing all claims asserted by Plaintiff and the Judgment entered in favor of Defendants Charles Schwab and Co., Inc. and Mary Johnmeyer and against Plaintiff in the underlying case.

Respectfully submitted,

*/s/ Jennifer N. Lamirand*
Tara A. LaClair, OBA #21903
Jennifer N. Lamirand, OBA #31398
BRESSLER, AMERY & ROSS, P.C.
6608 N. Western Ave., #1213
Oklahoma City, Oklahoma 73116
Telephone: (405) 901-5981
tlaclair@bressler.com
jlamirand@bressler.com

**ATTORNEYS FOR
DEFENDANTS/APPELLEES
CHARLES SCHWAB AND CO., INC.
AND MARY JOHNMEYER**

18

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT</u>

1.      This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4,272 words.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman style.

Date: July 14, 2025

*/s/ Jennifer N. Lamirand*
Tara A. LaClair, OBA #21903
Jennifer N. Lamirand, OBA #31398
BRESSLER, AMERY & ROSS, P.C.
6608 N. Western Ave., #1213
Oklahoma City, Oklahoma 73116
Telephone: (405) 901-5981
tlaclair@bressler.com
jlamirand@bressler.com

**ATTORNEYS FOR DEFENDANTS/APPELLEES CHARLES SCHWAB AND CO., INC. AND MARY JOHNMEYER**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 14, 2025, a true and correct copy of the foregoing Defendants Charles Schwab & Co., Inc.'s and Mary Johnmeyer's Answer Brief was sent via email and U.S. Mail to Plaintiff Linh Tran Stephens and also electronically transmitted to the Clerk of Court using the ECF system for filing, to the following:

**PLAINTIFF PRO SE**
Linh Tran Stephens
1964 Ashley River Rd.
St. B Unit 80112
Charleston, SC  29407
LinhStephens7@gmail.com

**ATTORNEYS FOR DEFENDANT**
**CIERRA FREEMAN**
Andrew Charles Jayne
ajayne@bgjclaw.com
Jason McVicker
jmcvicker@jpmlawgroup.com

**ATTORNEY FOR DEFENDANT**
**CHILD SUPPORT SERVICES OF**
**OKLAHOMA DEPARTMENT OF**
**HUMAN SERVICES, JASON**
**HOENSHELL, AND EMMALENE**
**STRINGER**
John K.F. Langford
john.langford@okdhs.org

**ATTORNEY FOR DEFENDANT**
**RENEE BANKS**
Daniel James Card
daniel.card@okdhs.org

*/s/ Jennifer N. Lamirand*
Jennifer N. Lamirand
