FILED  
United States Court of Appeals  
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

July 25, 2025

Christopher M. Wolpert  
Clerk of Court

---

LINH TRAN STEPHENS,

    Plaintiff - Appellant,

v.

CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES, et al.,

    Defendants - Appellees,

and

JOHN DOES 1-10, employees of Child Support Services of Oklahoma Department of Human Services, et al.,

    Defendants.

No. 25-5063  
(D.C. No. 4:24-CV-00216-JDR-CDL)  
(N.D. Okla.)

---

**ORDER**

---

This matter is before the court on appellant Linh Tran Stephens's *Motion for Extension of Time, Enlargement of Reply-Brief Length Limitation, and Response to Appellees of OKDHS' Misrepresentations*. (Dkt. No. 41.)

Upon consideration, the court denies the *Motion* without prejudice to renewal for several reasons.

First, the court has not yet set a deadline for Ms. Stephens's reply brief and will not do so until all appellees have filed their response briefs. Once all appellees have filed

their response briefs, the court will set a deadline for Ms. Stephens to file her single reply brief. *See* Fed. R. App. P. 31(a)(1); 32(a)(7). Consequently, there currently is no deadline for the court to extend.

Second, the court notes that the *Motion* appears to dispute some of what was presented in the response briefs filed to date. Ms. Stephens's reply brief is her opportunity to reply to the material presented in the response briefs and explain to the court why she contends the response briefs are mistaken. The court will not decide this appeal via motion.

Third, once all the response briefs have been accepted for filing, if Ms. Stephens still believes it is necessary for her to file an overlength reply brief, she may file a motion to that effect. At this time, the court denies her request for an overlength reply brief without prejudice to renewal.

Finally, the court notes that the *Motion* does not appear to comply with Tenth Circuit Rule 27.1, which requires every motion to state the position of the opposing parties on the relief requested or to explain why the moving party could not ascertain the position of the opposing parties. That provides a separate and independent basis for the court to deny the *Motion*; in this instance, without prejudice to renewal. Any future motion that does not comply with Tenth Circuit Rule 27.1 may be summarily denied on that basis.

        Entered for the Court

        CHRISTOPHER M. WOLPERT, Clerk