Case No. 25-5063

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

**Linh Tran Stephens,**
*Plaintiff-Appellant,*

v.

**Child Support Services of Oklahoma Department of Human Services, et al.,**
**and**
**Renee Banks, Emmalene Stringer, and Jason Hoenshell,**
**John Does 1-10, employees of Child Support Services of**
**Oklahoma Department of Human Services, et al.,**

*Defendants- Appellees,*

---

Appeal from the United States District Court for the Northern District of
Oklahoma
Honorable John D. Russell, United States District Judge
Case No. 24-CV-216-JDR-CDL (N.D. Okla.)

---

## DEFENDANTS-APPELLEES' RESPONSE BRIEF

---

Amanda M. Self (OBA #20327)
Assistant General Counsel
Department of Human Services
P. O. Box 25352
Oklahoma City, OK  73125-0352
Telephone:  (405) 521-3638      Facsimile:  (405) 522-6066
*Attorney for Defendants-Appellees DHS, Banks, Hoenshell, and Stringer*

***August 8, 2025***
**<u>ORAL ARGUMENT NOT REQUESTED</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS  ........................................................  i

TABLE OF AUTHORITIES  .............................................  iii

RESPONSE BRIEF .........................................................  1

CERTIFICATE OF INTERESTED PARTIES  ....................  2

STATEMENT OF PRIOR RELATED APPEALS  ..............  2

JURISDICTIONAL STATEMENT  .................................  3

TENTH CIRCUIT RULE 31.3(B) STATEMENT....................3

STATEMENT OF ISSUES PRESENTED  ..........................  4

STATEMENT OF THE CASE  ...........................................  5

SUMMARY OF ARGUMENT..............................................7

ARGUMENTS AND AUTHORITIES ..................................8

   1.  Standard of Review...........................................................8

   2.  Plaintiff/Appellant has waived her appeal by failing to brief the actual
      Reasons upon which the district court dismissed her Complaint...................9

   3.  The district court did not err by dismissing Plaintiff/Appellant's claims
      against DHS and DHS employees, in their official capacity,
      with prejudice .................................................................10

   4.  The district court did not err when it dismissed claims for declaratory
      and injunctive relief pursuant to *Younger* abstention doctrine.....................13

   5.  The district court did not err when it dismissed claims for monetary relief
      against the DHS employees, in their individual capacity, for failure
      to state a claim upon which relief could be granted pursuant to
      12(b)(6) ...........................................................................16

6.  The district court did not err when it dismissed, with prejudice, claims pursuant to federal criminal statutes ....................................................19

CONCLUSION ....................................................................................... 20

STATEMENT REGARDING ORAL ARGUMENT ........................................... 20

CERTIFICATE OF COMPLIANCE ...................................................... 21

CERTIFICATE OF DIGITAL SUBMISSION AND
PRIVACY REDACTIONS ...................................................................... 22

CERTIFICATE OF SERVICE ........................................................... 22

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>CASES</u>

### <u>Federal</u>

*Amanatullah v. Colorado Bd. of Med. Examiners*,
   187 F.3d 1160, 1163 (10th Cir. 1999) ................................................................16

*Andrews v. Heaton*,
   483 F.3d 1070, 1076 (10th Cir. 2007) ...............................................................19

*Ashcroft v. Iqbal*,
556 U.S. 662, 663–64 (2009)...........................................................................17, 18

*Blatchford v. Native Village of Noatak*,
   501 U.S. 775, 779 (1991).....................................................................................11

*Burke v. Regalado*,
   935 F.3d 960, 1014 (10th Cir. 2019) ..................................................................10

*Chapman v. Oklahoma*,
   472 F.3d 747, 749 (10th Cir. 2006) ......................................................................9

*Colorado Envtl. Coal. v. Wenker*,
   353 F.3d 1221, 227 (10th Cir. 2004) .................................................................9,

*Coulter v. Oklahoma ex rel. Dep't of Human Servs., Child Support Enf't Div.*, CV-05-0946-F,
   2005 WL 8157711 * 3 (W.D. Okla. 2005)............................................................ 12

*Courthouse News Serv. v. New Mexico Admin. Office of Courts*,
   53 F.4th 1245, 1256 (10th Cir. 2022) .................................................................15

*Edelman v. Jordan*,
   415 U.S. 651, 662-63 (1974) ......................................................................... 11, 13

*Ellis v. University of Kansas Medical Center*,
    163 F.3d 1186, 1194-97 (10th Cir. 1998)........................................................ 11, 12

*Graff v. Aberdeen Enterprizes, II, Inc.*,
    65 F.4th 500, 522 (10th Cir. 2023) ...................................................................14

*Hans v. Louisiana*,
    134 U.S. 1 (1890)............................................................................................. 11

*Hayes v. Whitman*,
264 F.3d 1017, 1022 (10th Cir. 2001) ........................................................................ 9

*Justice v. Oklahoma Dep't of Human Servs. Child Welfare*,
    122 Fed. Appx. 938, 2004 WL 2898086 (10th Cir. 2004).................................... 12

*In re W. Pac. Airlines, Inc.*,
    273 F.3d 1288, 1293 (10th Cir. 2001) .................................................................10

*K. A. v. Barnes*,
    134 F.4th 1067, 1074 (10th Cir. 2025) ...............................................................13

*Kentucky v. Graham*,
    473 U.S. 159, 166 (1985)...................................................................................13

*Klein v. Roe*,
    76 F.4th 1020, 1033 (10th Cir. 2023) .................................................................10

*McKinney v. State of Oklahoma*,
    925 F.2d 363, 365 (10th Cir. 1991) ............................................................... 11, 12

*Morrow v. Winslow*,
    94 F.3d 1386, 1397 (10th Cir. 1996) ..................................................................15

*Papasan v. Allain*,
    478 U.S. 265, 276 (1986)................................................................................... 11

*Pecha by & through Pecha-Weber v. Lake*,
    700 Fed. Appx. 840, 2017 WL 3142229 (10th Cir. 2017).............................. 12, 13

*Pennhurst State School & Hospital v. Halderman*,
    465 U.S. 89, 100, (1984)..................................................................... 11, 13

*Peterson v. Martinez*,
    707 F.3d 1197, 1205 (10th Cir. 2013) ....................................................9

*Port Authority Trans-Hudson Corp. v. Feeney*,
    495 U.S. 299, 304 (1990)...................................................................... 11

*Quern v. Jordan*,
    440 U.S. 332 (1979).............................................................................. 12

*Ramirez v. Oklahoma Dep't of Mental Health,*
41 F.3d 584, 589 (10th Cir.1994) ..........................................................11

*Robbins v. Oklahoma*,
519 F.3d 1242 (10th Cir. 2008) ..............................................................16

*Ruiz v. McDonnell*,
    299 F.3d 1173, 1181 (10th Cir. 2002) .................................................. 12

*Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson,*
    874 F.2d 709, 711 (10th Cir. 1989) .......................................................15

*Sprint*,
    571 U.S. at 79, 134 S.Ct. 584...............................................................14

*Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*,
    98 F.4th 1307, 1317 (10th Cir. 2024) ...............................................9, 14

*Will v. Michigan Dep't of State Police*,
    491 U.S. 58. 59 (1989).........................................................................13

*Winn v. Cook*,
    945 F.3d 1253, 1257 (10th Cir. 2019) ...................................................9

*Younger v. Harris*,
    401 U.S. 37 (1971)...............................................................................13

## **STATE**

*City of Sand Springs v. Department of Public Welfare,*
608 P.2d 1139 ................................................................................................ 12

## **STATUTES**

### **Federal**

U.S. Const. Amend. XI. ....................................................................................10

18 U.S.C. §§ 641, 643-44, and 648-53 ............................................................19

18 U.S.C. § 912 ................................................................................................19

18 U.S.C. § 1201 ..............................................................................................19

18 U.S.C. § 2340 ..............................................................................................19

28 U.S.C. § 1291 ................................................................................................3

Fed .R. Civ. P. 12(b)(1) ......................................................... 6, 8, 9, 20

Fed .R. Civ. P. 12(b)(6) ..................................... 3, 8, 9, 16, 19, 20

Fed. R. App. P. 32(a)(5).....................................................................................21

Fed. R. App. P. 32(a)(6).....................................................................................21

Fed. R. App. P. 32(a)(7)(B) ...............................................................................21

Fed. R. App. P. 32(a)(7)(C) ...............................................................................21

10th Cir. R. 31.3(b) .............................................................................................3

10th Cir. R. 46.1..................................................................................................2

# **<u>STATE</u>**

10A O.S. §1-1-101, *et seq*............................................................................. 12

51 O.S. §152.1(B) ....................................................................................... 11

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| LINH TRAN STEPHENS, | **)** | |
| | **)** | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 25-5063 |
| | ) | (D.C. No. 4:24-CV-00216-JDR-CDL) |
| CHILD SUPPORT SERVICES OF | ) | (N.D. Okla.) |
| OKLAHOMA DEPARTMENT OF | ) | |
| HUMAN SERVICES, et al., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES 1-10, employees of | ) | |
| Child Support Services of | ) | |
| Oklahoma Department of Human | ) | |
| Services, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RESPONSE BRIEF OF DEFENDANTS/APPELLEES

Comes now Defendants/Appellees Child Support Services of the Oklahoma Department of Human Services (hereinafter "CSS" and "DHS"), Renee Banks ("Banks"), Emmalene Stringer, ("Stringer") and Jason Hoenshell ("Hoenshell") (collectively "Individual Defendants" or "Defendants"), through their undersigned attorneys and respectfully submit their Response Brief and move the Court to affirm the trial court's decision in this case, CV-24-216-JDR-CDL, United States District Court for the Northern District of Oklahoma.

## CERTIFICATE OF INTERESTED PARTIES

In accordance with 10th Cir. R. 46.1, the undersigned attorneys hereby appear as counsel for the DHS Defendants/Appellees in the subject case.

Further, in accordance with 10th Cir. R. 46.1, the undersigned certifies that there are no interested parties and/or attorneys not otherwise disclosed, who are now or have been interested in this litigation or any related proceeding.

## STATEMENT OF PRIOR RELATED APPEALS

DHS Defendants are not aware of any prior or related appeals to this Court. Plaintiff/Appellant did instigate an appeal of state court orders in the Oklahoma Court of Civil Appeals and the Oklahoma Supreme Court, DF-122022. That appeal is arguably tangentially related to this as the issues presented therein were similar to those asserted in the CV-24-216-JDR-CDL case which serves as the basis for the matter presently before this Court. Additionally, the state court matter which serves as the genesis of Plaintiff/Appellant's grievances is still ongoing, FD-2015-2228, Tulsa County District Court. Finally, Plaintiff/Appellant has filed two new Petitions for a Writ of Habeas Corpus and a new Complaint in the Northern District Court of Oklahoma, the case numbers are: CV-25-285-GKF-MTS (Writ), CV-25-286-CVE-MTS (Writ), 25-CV-322-SEH-JFJ (Complaint). All filings are based upon the same arguments presented in the Complaint at issue in this Appeal.

## JURISDICTIONAL STATEMENT

Plaintiff filed this suit against Defendants/Appellees, in the Northern District Court, asserting federal claims for injunctive and declaratory relief, relief pursuant to § 1983 and relief for various federal criminal statutes. (ROA, Vol. I at 9-39). All Defendants filed Motions to Dismiss which were granted by the district court and judgment was issued on April 24, 2025. (ROA, Vol. II at 286-87).

The United States Court of Appeals has jurisdiction pursuant to Title 28 U.S.C. § 1291, as the district court Order represents a final decision terminating all matters as to all parties and causes of action.

## TENTH CIRCUIT RULE 31.3(B) STATEMENT

The government Defendants/Appellees DHS CSS and the individual DHS employees, in their official capacity, are exempt from this rule. However, Plaintiff/Appellant has also sued the DHS employees, in their individual capacity, and are thus subject to this rule. The DHS employees, in their individual capacity, would state that a separate brief is necessary as they are not entirely factually aligned with the other Defendants/Appellants. Further, although all Defendants submitted Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), each included separate and distinct legal theories and arguments respective to their Motions.

## STATEMENT OF ISSUES PRESENTED

DHS Defendants disagree with Plaintiff/Appellant's statement of "issues" for review. In her Opening Brief, she lists seventeen (17) "issues" but, not surprisingly, the "issues" she identified are nonsense, wholly unrelated, and inapplicable to this Appeal. None of the "issues" she proffers for review served as the basis for dismissal. For instance, she claims the district court: erred by sanctioning an unlawful seizure of retirement funds, which it did not do; erred by its misapplication of the *Rooker-Feldman* doctrine, which the court specifically declined to apply (ROA V. II at 281); erred by failing to find that state court judges, who were not parties to the district court matter case nor this appeal, abused their authority; and so on. (Doc. # 21, pg. 11-15) Conspicuously, Plaintiff/Appellant fails to mention the actual reasons upon which the district court sustained the Motions to Dismiss.

As related to the DHS Defendants/Appellees, the actual issues that served as the basis for the district court's dismissals, which Plaintiff failed to mention, and which could properly be reviewed in this Court are:

1. Whether the district court erred when it dismissed claims against DHS CSS and DHS employees, in their official capacity, because they are barred, as a matter of law, pursuant to Eleventh Amendment immunity.

2. Whether the district court erred when it dismissed claims for declaratory and injunctive relief pursuant to the *Younger* abstention doctrine.

3. Whether the district court erred when it dismissed claims for monetary relief against the DHS employees, in their individual capacity, for failure to state a claim upon which relief could be granted pursuant to 12(b)(6).

4. Whether the district court erred when it determined that there is no private right to civil relief for alleged violations of federal criminal statutes.

## STATEMENT OF THE CASE

Plaintiff/Appellant has been involved in a protracted and contentious custody battel with her ex-husband that reaches back to 2015 and is ongoing. As part of the custody matter, Plaintiff was ordered to pay child support in her Child Support Case No. OAH 23-00313-73 ("CSS Case") and Tulsa County Oklahoma District Court Case Number FD-2015-2228 ("Tulsa County Case"). It is the child support order entered against her that serves as this basis for the underlying lawsuit.

Specifically, not only does Plaintiff owe current child support (which she refuses to pay) but she owes a significant amount of past due child support which she also steadfastly refused to pay. As a result, CSS was forced to levy her account held by Defendant Charles Schwab in an attempt to recoup the more than $61,000 in past due support. In response to the levy, Plaintiff filed several causes of action in various courts including the one at issue here. She filed this matter, on May 8, 2024, in the Northern Distrct Court of Oklahoma against DHS CSS and DHS employees, in their individual and official capacities, Cierra Freeman, a court-appointed attorney, Charles Schwab and a Charles Schwab employee Mary Johnmeyer. (ROA, Vol. I, at 9).

The Complaint, which is largely indecipherable and nonsensical, asserted twelve causes of action against all Defendants based upon no less that twenty federal

statutes (a number of which are criminal in nature), Bible verses and wildly absurd conclusory statements. (ROA, Vol. I at 9-39). As best as it could be determined, from the illogical ramblings, the claims included: unlawful and fraudulent levying of her accounts to pay child support; violations of the Fair Debt Collection Practices Act; false impersonation as federal employees, officers or judges; violation of her civil rights; and violations of a number of federal criminal laws. As for relief, Plaintiff/Appellant sought injunctive and declaratory relief, demanding a return of the money collected for past due support as well as an order and barring Defendants for seeking support in the future. Additionally, Plaintiff/Appellant sought damages in the amount of $500,000,000. (ROA, Vol. I at 25-29).

Each Defendant filed a Motion to Dismiss, based upon various legal arguments. (ROA, Vol. I, at 99-103, 104-127, 245-255, 256-278, 284-299, and 300-328). As to DHS and DHS employees, in their official capacity, the Motions to Dismiss argued that Plaintiff's case required dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(2). Specifically, these Defendants/Appellees argued that the claims were brought in derogation of the Eleventh Amendment, the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine and that Plaintiff failed to state a claim upon which relief could be granted. (ROA, Vol. I, at 248-254, 262-270, 287-292, 314-321). Additionally, as to the DHS employees, in their individual capacity, these Defendants argued that they were entitled to qualified immunity and that Plaintiff

failed to state a claim against them, individually, upon which relief could be granted. (ROA, Vol., at 270-277, 292-298, 321-327).

On April 24, 2025, in a detailed and thorough opinion, the district court granted each Defendant/Appellee's Motion and dismissed all claims asserted by Plaintiff/Appellant. (ROA, Vol. II, at 227-241). As to DHS and DHS employees, in their official capacity, Plaintiff's claims were dismissed with prejudice as they are barred by the Eleventh Amendment and these Defendants are entitled immunity. (ROA, Vol. II, at 240). Additionally, with respect to the claims for alleged violations of various federal criminal laws, the court held that there is no private right to pursue civil damages under these statutes, and as such these claims against Defendants/Appellees were likewise dismissed with prejudice. (ROA, Vol. II, at 240). Further, the court found that the claims for equitable relief were barred by the *Younger* abstention doctrine and these claims were dismissed without prejudice. (ROA, Vol. II, at 240). Finally, all other claims, including those seeking damages, against the DHS employees, in their individual capacity, all failed to state a claim upon which relief could be granted and were likewise dismissed without prejudice. (ROA, Vol. II, at 240).

## <u>SUMMARY OF ARGUMENT</u>

The district court correctly and appropriately conducted its analysis as to the claims asserted against <u>all</u> Defendants. The Eleventh Amendment bars the claims

asserted against DHS and the DHS employees in their official capacity. Also, Congress has not authorized a civil cause of action against DHS or its employees for alleged violations of federal criminal statutes and dismissal of those claims was appropriate. Further, the district court correctly applied the *Younger* abstention doctrine to claims for equitable and declaratory relief and rightly dismissed these claims. Finally, as to the remaining claims, the district court correctly determined that Plaintiff/Appellant failed to allege sufficient facts against any of the Defendants and, with respect to the scant facts she did assert, she failed to connect any of those facts to a specifically identified Defendant as well as to any alleged harm.

Moreover, although Plaintiff/Appellant has attempted to challenge the district court's dismissal of her Complaint, she has failed to address the actual reasoning and authority upon which the court based its dismissal. Consequently, any argument regarding the same has been waived. Thus, based on all these reasons, DHS and the DHS employees submit that the court's dismissal of the Complaint was proper and should be affirmed.

## ARGUMENTS AND AUTHORITIES

### I.    Standard of Review

The standard of review for the Appellate Court regarding a dismissal of a Complaint, pursuant to a Motion to Dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is *de*

*novo*. *Colorado Envtl. Coal. v. Wenker*, 353 F.3d 1221, 227 (10th Cir. 2004) (the standard of review is de novo regardless of whether it is a Rule 12(b)(1) or a 12(b)(6) dismissal); *see also Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006); *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013); *Hayes v. Whitman*, 264 F.3d 1017, 1022 (10th Cir. 2001).

Likewise, the proper standard of review for a district court's application of the *Younger* abstention doctrine is *de novo*. *Winn v. Cook*, 945 F.3d 1253, 1257 (10th Cir. 2019); *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024).

**2.    Plaintiff/Appellant has waived her appeal by failing to brief the actual reasons upon which the district court dismissed her Complaint**

At the outset, it is important to note that Plaintiff/Appellant's opening brief is silent as to the reasons upon which the district court granted the Defendants/Appellees' Motions to Dismiss. Instead, Plaintiff includes seventeen (17) "issues" that she clearly wishes were ripe for this Court's consideration. Unfortunately for Plaintiff though, her desire to relitigate various theories (however unmeritorious they may be) is not appropriate for purposes of this appeal. And, because she has wholly failed to argue the actual issues at hand, the onus has been impermissibly shifted to the Defendants to try and decipher what possible issues might have been properly asserted to this Court. This has created an absurd position for Appellees who are now tasked with trying to compile a list of plausible

arguments against their own interest. Moreover, the decision to ignore the actual rulings from the district judge and instead assert issues she would prefer this Court to review is contrary to proper pleading practice.

Because Plaintiff/Appellant has failed to challenge the *actual* reasons for the district court's decision, she has unmistakably waived any arguments pertaining to the same. *Klein v. Roe*, 76 F.4th 1020, 1033 (10th Cir. 2023). *See In re W. Pac. Airlines, Inc.*, 273 F.3d 1288, 1293 (10th Cir. 2001); *Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019). For this reason alone, the appeal should be summarily dismissed, without further response required by the Appellees. Nevertheless, out of an abundance of caution, DHS Defendants will address each legal argument given by the district court in support of the dismissal.

### 3. The district court did not err by dismissing Plaintiff/Appellant's claims against DHS and DHS employees, in their official capacity, with prejudice

The district court correctly held that the Eleventh Amendment bars Plaintiff/Appellant's claims against DHS and DHS employees, in their official capacity. The Eleventh Amendment to the United States Constitution generally bars a plaintiff from recovering damages against a state agency in an action in federal court. In this regard, the Eleventh Amendment provides: "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state." U.S. Const. Amend. XI. The United States Supreme Court has stated that although "[t]his language

expressly encompasses only suits brought against a State by citizens of another state, . . . the Amendment bars suits against a State by citizens of that same State as well." *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). Thus, the Eleventh Amendment precludes suits brought in federal court against a state by its own citizens as well as suits by citizens of another state or citizens or subjects of any foreign state *regardless* of the nature of the relief sought. *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991).

"Eleventh Amendment immunity applies 'whether the relief sought is legal or equitable.'" *Ramirez v. Oklahoma Dept. of Mental Health*, 41 F.3rd 584, 589 (10th Cir. 1994) (quoting *Papasan v. Allain*, *supra*, 478 U. S. at 276); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1194-97 (10th Cir. 1998). Further, there are only two exceptions that allow a State to be sued in Federal court without running afoul of the Eleventh Amendment: 1.) a waiver/consent to suit or 2.) congressional abrogation of immunity. *Pennhurst State School & and Hospital v. Halderman, supra*. As the district court correctly noted, the State of Oklahoma has specifically *not* waived its Eleventh Amendment immunity.  *See McKinney v. State of Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991); 51 O.S. §152.1(B) (which expressly reserves the State of

Oklahoma's Eleventh Amendment immunity); *see also Coulter v. Oklahoma ex rel. Dep't of Human Servs., Child Support Enf't Div.*, CV-05-0946-F, 2005 WL 8157711 * 3 (W.D. Okla. 2005). Additionally, it has been consistently held that Congress has not abrogated a state's immunity in cases such as this one brought by Plaintiff/Appellant . *Quern v. Jordan*, 440 U.S. 332 (1979); *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1999); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

Having established that the State of Oklahoma has retained its Eleventh Amendment immunity, we must next determine if this immunity applies to DHS and its employees, in their official capacity. The short answer is - it does - as rightly determined by the district court. This Court has clearly and unequivocally found, on numerous occasions, that based upon its stated purpose and history[1], DHS is unquestionably an arm of the State of Oklahoma and thus, entitled to the protections afforded by the Eleventh Amendment. *McKinney v. State of Okl., Dep't of Human Servs., Shawnee OK*, 925 F.2d 363, 365 (10th Cir. 1991); *see e.g Justice v. Oklahoma Dep't of Human Servs. Child Welfare*, 122 Fed. Appx. 938, 2004 WL 2898086 (10th Cir. 2004); *Pecha by & through Pecha-Weber v. Lake*, 700 Fed. Appx. 840, 2017 WL

---

[1] DHS is a state agency, which was created for the purpose of "administering and carrying into execution" all laws enacted by the Oklahoma Legislature pursuant to §1 of Article 25. Section 2 also requires DHS to "perform such other duties as may from time to time be prescribed by law." *See generally City of Sand Springs v. Department of Public Welfare*, 608 P.2d 1139. DHS's "other duties . . . prescribed by law" currently include various responsibilities in the administration of the Oklahoma Children's Code, 10A O.S. §1-1-101, *et seq* including the duty to administer a statewide plain for child support services.

3142229 (10th Cir. 2017).

The same rule of prohibition applies to DHS employees, in their official capacity. The sound reasoning behind this rule is because a suit against a state employee, in their official capacity, is nothing more than a suit against the entity itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58. 59 (1989); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, because the Eleventh Amendment bars suits against a state agency, so too does it bar suits against agency employees in their official capacity. *Pennhurst*, 465 U.S. at 101; *Edelman v. Jordan*, 415 U.S. 651, 662-71 (1974); *K. A. v. Barnes*, 134 F.4th 1067, 1074 (10th Cir. 2025).

Accordingly, as the district court properly determined that the Eleventh Amendment immunity applied to Plaintiff/Appellant's claims against DHS and DHS employees, in their official capacity, it correctly determined that such claims are barred and required dismissal. Additionally, as discussed *supra*, since Plaintiff wholly failed to address the district court's dismissal pursuant to the Eleventh Amendment immunity in her opening brief, she has waived this issue.

### 4. The district court did not err when it dismissed claims for declaratory and injunctive relief pursuant to *Younger* abstention doctrine.

The district court conducted the proper analysis and came to the correct conclusion that the *Younger* abstention doctrine applied. *Younger v. Harris*, 401 U.S. 37 (1971). The first step to determine if this doctrine is triggered, requires the court to decide if the matter is: "'(1) state criminal prosecutions, (2) civil enforcement

proceedings [that take on a quasi-criminal shape], and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function.'" *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) *quoting Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023); *see also Sprint*, 571 U.S. at 79, 134 S.Ct. 584.

In the case at bar, the district court appropriately determined that it met the threshold inquiry because it fell into the third category – "involving certain orders that are uniquely in furtherance of state courts' ability to perform their judicial function." ( ROA, Vol. II, pg. 235). Specifically, the district court stated that the basis for Plaintiff/Appellant's suit involved her belief that she is not obligated by the state court orders to pay her child support and is asking the federal court to intervene on her behalf regarding this ill-fated belief. ( ROA, Vol. II, pg. 235). Based on the foregoing, the court stated:

> [b]ecause these claims arise out of, relate to, and exist only as a result of the state-court proceedings, the Court finds that they involve orders that are 'uniquely in furtherance' of the Oklahoma state courts' ability to perform the important, state-specific function of addressing family and custody disputes

( ROA, Vol. II, pg. 235) (quoting *Travelers* 98 F.4th at 1317).

As this Court has explained, matters that involve family issues such as custody and child support, are traditionally areas of state concern and this, as the district court

14

concluded, implicate sufficient state interest such that abstention is appropriate. *Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996).

Next, if it has been determined that the matter falls into one of the three categories that trigger *Younger*, a court may then proceed to determine the propriety of abstaining. This task requires a court to examine whether there is: "(1) 'an ongoing state judicial ... proceeding,' (2) 'the presence of an important state interest,' and (3) 'an adequate opportunity to raise federal claims in the state proceedings.'" *Courthouse News Serv. v. New Mexico Admin. Office of Courts*, 53 F.4th 1245, 1256 (10th Cir. 2022) *quoting Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989).*

Here again, the district court conducted the proper analysis. First, it is undisputed that Plaintiff/Appellee is requesting relief from an ongoing state action. ( ROA, Vol. II, pg. 236). Second, as noted above, it cannot be incontrovertible that family matters, such as child support and custody decisions, represent important state interests. Further, as the district court noted, absent extraordinary circumstances, federal courts do not get involved in domestic cases. Instead, these matters are, as they should be, historically left to state courts. ( ROA, Vol. II, pg. 237). Third, the district court explained that there has been nothing presented that suggests a Tulsa state court is an inadequate forum to address these important state issues. (ROA, Vol. II, pg. 237).

Finally, after conducting the appropriate analysis, the court must next turn to the impact. Although analyzing whether to apply the *Younger* abstention doctrine can potentially be arduous, the result is simple. As this Court has long held, once the conditions are met, application of this doctrine is not discretionary, it is mandatory – a district court MUST abstain from granting the relief sough. *Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999). Consequently, the district court's decision to abstain from entertaining Plaintiff/Appellant's request for equitable and injunctive relief was proper. Further, as discussed *supra*, Plaintiff failed to address the court's application of the *Younger* abstention doctrine in her opening brief and has therefore waived this issue.

**5.    The district court did not err when it dismissed claims for monetary relief against the DHS employees, in their individual capacity, for failure to state a claim upon which relief could be granted pursuant to 12(b)(6).**

The standard to a district court must follow when considering a motion to dismiss under Rule 12(b)(6) was summarized by this Court in *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services*, 519 F.3d 1242 (10th Cir. 2008), as follows:

> "[t]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*,] 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
> > the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is

insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*493 F.3d 1174, 1177 (10th Cir. 2007)* (emphasis in original).  **The burden is on the plaintiff** to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, *127 S.Ct. at 1965*.  "Factual allegations must be enough to raise a right to relief above the speculative level."

*Ibid* at 1247 (Emphasis as in original and supplied).

Under this standard, a complaint must contain "more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]'" *Id.* (*quoting Twombly at 1965*). Legal conclusions and threadbare recitals cannot be disguised as facts to create plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009). Further, "plausibility" refers to the scope of the allegations in the complaint; if they are "so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or "a mere formulaic recitation of the elements of a cause of action" then such allegations are not sufficient to place defendants on notice "of the actual grounds of the claim" against them. *Id.* at 1247-48.

In the instant matter, the district court properly applied this standard and concluded that Plaintiff/Appellant's Complaint fell woefully short of alleging sufficient facts to state a claim and, at best, the allegations contained therein could only be categorized as the "…unadorned, the-defendant-unlawfully-harmed-me"

accusations the *Iqbal* Court explained fail to pass muster. *Ashcroft v. Iqbal*, 556 U.S. at 678. In this regard, the district court held that the Complaint "lacks details concerning the actions (or inactions) of each specific defendant." (ROA, Vol. II, pg. 238).

As to DHS employees, Plaintiff/Appellant alleges that all three, Renee Banks, Emmalene Stringer and Jason Hoenshell all ignored some notice that she sent. (ROA, Vol. I, pg. 25). This is the extent of her allegations as to employee Banks. With respect to employee Stringer, Plaintiff also alleges that Stringer perjured herself by filing a document that, in Plaintiff's estimation, inaccurately stated Plaintiff had failed to return a form, (ROA, Vol. I, pg. 22). As to DHS employee Jason Hoenshell, in addition to the group allegation, Plaintiff also alleges that he issued a liquidation request without notifying her. (ROA, Vol. I, pg. 23). That is it, these are the sum total of specific factual statements made throughout the thirty-page, incoherent and indecipherable Complaint. Further, in addition to a complete failure to allege sufficient facts, the district court noted, there is nothing in the Complaint that even remotely links these alleged actions or inactions to any of the various claims asserted.

Because Plaintiff/Appellant failed to allege sufficient, individualized facts against the specific employee defendants and failed to connect the scant facts alleged to any of the claims asserted, the district court correctly noted that the Complaint

failed to meet even the most basic pleading standards. As such, it was properly dismissed for failing to state a claim upon which relief could be granted pursuant to Rule 12(b)(6). Moreover, as discussed *supra,* since Plaintiff wholly failed to address the district court's dismissal for failure to state a claim upon which relief could be granted in her opening brief, she has waived this issue.

6.   **The district court did not err when it dismissed, with prejudice, claims pursuant to federal criminal statutes**

In addition to the infirmities discussed above, the Complaint at issue also includes a number of bizarre and absurd allegations. Chief among them are Plaintiff/Appellant's assertions that she is entitled to damages resulting from the alleged felonious actions of all Defendants. In this regard, she claims Defendants violated several federal criminal statutes including: deprivation of her rights under color of law, under 18 U.S.C. § 242; embezzlement, under 18 U.S.C. §§ 641, 643-44, and 648-53; false impersonation, under 18 U.S.C. § 912; kidnapping, under 18 U.S.C. § 1201; and torture under 18 U.S.C. § 2340.

Not only are these preposterous, but they have no basis in law. As the district court properly concluded, Plaintiff is not entitled to relief under these federal criminal statutes because they "do not provide for a private right of action and are thus not enforceable through civil action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). (ROA, Vol. II, pg. 239). Consequently, as Congress has not created any civil causes of action with respect to these criminal statutes, the district court

properly dismissed these claims with prejudice. Further, as discussed *supra*, Plaintiff wholly failed to address the district court's dismissal of her request for relief under these federal criminal statutes in her opening brief and has thus waved this issue.

## CONCLUSION

Defendants/Appellees DHS and DHS employees, individually and in their official capacities, contend that the district court properly dismissed the Complaint at issue. As discussed above, the court applied the correct standard for evaluation a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6). Further, the district court conducted the appropriate analysis and application of the *Younger* abstention doctrine. Finally, Plaintiff failed to include any of these issues in her opening brief and has therefore waived any potential arguments to the same. For these reasons, the judgment and order issued by the district court, on April 24, 2025, should be affirmed.

## STATEMENT REGARDING ORAL ARGUMENT

Defendants do not believe that oral arguments are necessary in this matter and do not request that the Court set this case for oral arguments at this time.

Dated: August 8, 2025.

Respectfully submitted,

*s/ Amanda M. Self*
Amanda M. Self (OBA #20327)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK  73125-0352
Telephone:  405.521.3638 (p)
E-mail:  Amanda.Self@okdhs.org
*Attorney for DHS, Renee Banks,*
*Emmalene Stringer and Jason*
*Hoenshell Defendants/Appellees*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 4798 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

*s/ Amanda M. Self*
Amanda M. Self

## CERTIFICATE OF DIGITAL
## <u>SUBMISSION AND PRIVACY REDACTIONS</u>

I hereby certify that a copy of the foregoing Appellees' Response Brief, as submitted in Digital Form via the court's ECF system, is an exact copy of the written document filed with the Clerk and has been scanned for viruses with endpoint detection and response tool CrowdStrike Falcon 7.26, and according to the program, is free of viruses. In addition, I certify all required privacy redactions have been made.

<u>*s/ Amanda M. Self*</u>
Amanda M. Self

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 8, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

<u>*s/ Amanda M. Self*</u>
Amanda M. Self