Tenth Circuit case number 25-5063

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

(1) Linh Tran Stephens, sui juris, natural living breathing woman with a living soul and Holy spirit,

           — *Plaintiff-Appellant,*

Vs.

(2) CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES (CSS of OKDHS),

(3) CHARLES SCHWAB AND CO., INC.,

(4) Cierra Freeman, in individual and official capacity as court-appointed attorney for child-support enforcement,

(5) Mary Johnmeyer, in individual capacity and in official capacity as legal counsel of Charles Schwab,

(6) Renee Banks, in individual capacity and official capacity as CSS Director,

(7) Jason Hoenshell, in individual capacity and in official capacity as Oklahoma FIDM Coordinator,

(8) Emmalene Stringer, in individual capacity and in official capacity as State's attorney for CSS; *et. al.*

           — *Defendants-Appellees.*

---

## RENEWED MOTION FOR EXTENSION OF TIME, ENLARGEMENT OF REPLY-BRIEF LENGTH LIMITATION, AND RESPONSE TO APPELLEES OF OKDHS' MISREPRESENTATIONS

---

COMES NOW Appellant, Linh Tran Stephens, a natural living woman with all unalienable natural rights, sui juris, hereby files this Motion for (1) first time asking for Extension of Time to file a Reply Brief additional 40 days and (2) Enlargement of Brief Length Limitation to 45 pages maximum. In addition to filing this motion, Appellant also addresses material misrepresentations made by Appellees in their Motion for Extension of Time (Doc. 31, filed July 9, 2025) and OKDHS' routine alteration of transcripts and filed

documents, along with their deletion of video and voice recordings after alleged transcripts are filed, contradicts the actual recordings of proceedings captured by all others..

## I. REQUEST FOR EXTENSION

Appellant respectfully requests a **40-day extension** of time to file her Reply Brief. This extension is necessary due to seven (7) reasons:

1. The need for 40 day prayer & eating/fasting on the WORD OF GOD for revelations;

2. The need for this one (1) Appellant to thoroughly address all arguments raised in all of Appellees' Response Brief by all eight (8) Defendants;

3. The complexity of constitutional and federal issues involved in this appeal;

4. Ongoing parallel proceedings in federal district court (**25-cv-285-GKF-MTS**, **25-cv-286-CVE-MTS**, and **25-CV-322-SEH-JFJ**) that require Appellant's attention during this same time period and the United States Supreme Court (SCOTUS) filing;

5. Appellant's status as sui juris (nonlawyer) and cannot afford to go to law school, thus requires additional time to research and properly format legal arguments;

6. English is second language as she is a Vietnamese national of the Asian continent.

7. The significant disparity in legal resources and expertise, as Appellant is not an attorney by trade or profession, while Appellees are represented by multiple seasoned and specialized attorneys with extensive experience in federal appellate practice and the full resources of the State of Oklahoma corporation's mafia at their disposal.

This request is made in good faith and not for the purpose of delay despite <u>Appellees, however, have a history of strategic delays, prolonging the suffering of Appellant/Linh and torturing my female offspring/heritage-from-the-LORD and me/Linh. Appellees' past</u>

patterns of practice include extensions of time for up to nine months since unwarranted seizure of Linh's biological property and rescheduling courts ("zero contact" with female offspring), resulting in no signs of life from my offspring (no phone calls, video chats, or supervised visits allowed, despite zero criminal charges, convictions, evidence of abuse, or reliable first-hand witnesses). Meanwhile, the Oklahoma Department of Human Services has worked diligently to ensure convicted murderers and child rapists can see their children immediately and at least once a month, free of charge (see OSCN searches).

Appellant seeks justice and resolution at the earliest possible date and working as hard and as fast as she can, as each day of delay results in continued harms for her first born female offspring as OKDHS has caused numerous deaths of children touched by their involvement (see Oklahoma Page Six and see **https://www.linhstephens.com/** where there were: Letters from House of Representative and another District Attorney including request OSBI and Grandjury investigation for my case and others for wrongdoings of OKDHS dated 09-25-24 03-14-25 04-01-25 and other important evidence, some of the letters shall be attached here as **Exhibit 1 (18 pages)**; that website also where you can Click to Download [see embedded files there also] the following:

1a) WHISTLEBLOWER STATUS AFFIDAVIT upon STATE OF OKLAHOMA and its agents notarized 06-18-25;
1b) whistleblower status for another federal case Notarized Witness letter by Gunner 4 CPS 06-27-2025;
2) Letters from House of Representative and another District Attorney including request OSBI and Grandjury investigation for my case and others 09-25-24 03-14-25 04-01-25;
3) NOTICE with teeth handwriting hand written 2025-04-17 18-58;
4) Affidavit of Violated Constitutional Rights Demand for Remedy 09-06-24 with proof of services;
5) RENEWED REVOCATION OF ALLEGED POWERS OF ATTORNEY notarized 06-24-25;

6) Legal Notice to CSS after Child support credit bureau threat letter their response due 11-13-2023 was dishonored and BIRTH CERTIFICATE FRAUD CLAUSULA REBUS SIC STANTIBUS;

7) COURT IDENTITY AFFIDAVIT admitted as exhibit A on 01-13-2025 case No FD-2015-2228;

8) Criminal Complaint witnessed by Tanawah Downing and 2 Affidavits attached served to Oklahoma AG filed into NDOkla federal court 4:24-cv-00216-JDR-CDL

9) Affidavit of Transportation Exemption for Private Vehicle 07-16-2025;

10) "Amended Claim of FEDERAL CIVIL CLAIMS AND ACTIONS FOR INJUNCTIVE RELIEF AND DAMAGES UNDER BIVENS, 42 U.S.C. §§ 1983, 1985, 1986, AND THE FEDERAL TORT CLAIMS ACT (FTCA), FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS, CIVIL LIBERTIES, AND DEPRIVATION OF RIGHTS UNDER COLOR OF LAW" filed 06-26-25 while original claim wasn't sealed, found out on 07-07-25;

11) unlawful sealing of my federal court case Amended Complaint Stephens v State of Oklahoma et al 25cv000322 Oklahoma Northern District Court filed 06-26-25;

12) REBUTTAL/CHALLENGE OF THE 12 PRESUMPTIONS PRESENTED BY THE FOR-PROFIT STATE OF OKLAHOMA TULSA COUNTY DISTRICT COURT AND THE PRIVATE B.A.R. ASSOCIATION OF OKLAHOMA;

13) SCOTUS Writ Certiorari complete file 04-23-2025 United States Supreme Court;

## II. CORRECTION OF APPELLEES' MISREPRESENTATIONS TO THIS COURT

In their Motion for Extension of Time (Doc. 31), Appellees made demonstrably false statements to this Court that require correction:

### A. False Claims Regarding Brief Length

Appellees falsely represented to this Court that Appellant's brief consists of "thousands of pages" requiring extensive additional time to review and respond. This is a material misrepresentation of fact needed to be punished and fined/sanctioned, or disciplined by this Court referring them to disciplinary boards. Appellant's brief is **only 30 pages** in length, is **double-spaced**, and uses **13-point** Times New Roman font in full compliance with this Court's rules and that was really easy to read.

The "thousands of pages" to which Appellees apparently refer are not part of

Appellant's brief but constitute the Records on Appeal, which have been available to Appellees since the inception of this litigation. These records should be thoroughly familiar to Appellees as they:

1. Have had access to these records for **more than a year**, since the lower court filing in May 2024 of federal court case 24-cv-00216-JDR-CDL;

2. Were properly served with these documents through various legal proceedings for approximately three years prior to the current appeal; was served upon them according to Doc. 7 filed by the court clerk on May 9, 2025 which was **76 days prior** !

3. Were the custodians of many of these records in their capacity as agents of the Oklahoma Department of Human Services;

4. Have cited and relied upon portions of these same records they received and altered in their prior filings.

5. A recording of the proceeding before <u>administrator</u> Robert Perugino and OKDHS CSS, where they unlawfully seized 401k retirement funds prior to any legitimate article III court order, will be made available upon discovery and at <u>LinhStephens.com</u>. This recording will serve as proof that OKDHS alters transcripts to conceal their criminal activities against taxpayers through SSA Title IV. I cannot afford a transcript cost quoted by OKDHS CSS of this hearing per my financial indigent status, and OKDHS has refused to file their video recording (Microsoft Teams recording) and transcript as demanded by me/Appellant. This Appeal Court's potential order for OKDHS to provide a transcript at their own cost and order me to double check their transcript with my own recording, and I shall prove *again* that OKDHS *routinely* alter their own transcripts

because they indeed incriminated themselves in that retirement fund hearing and others.

6. Additionally, all evidence referenced in Appellant's brief is readily accessible to both this Court and Appellees through links provided by Appellant. Specifically, a FOLDER OF EVIDENCE can be found at **https://tinyurl.com/4cdv5u56** or

**https://drive.google.com/drive/folders/14l4cntRRl8op1tJkttvus7pdbAr9BBfM**, which includes all affidavits from professionals including child psychologists, school teachers, school directors, doctors, and nurse practitioners—all of whom expressed concern only about the father's EXTENSIVE and HEINOUS abuses while expressing ZERO concern about the mother/Appellant; I also have evidence via voice recordings and transcript that OKDHS and all Defendants protected predators and committed perjury and done extreme harms to me and my properties. Notably, no expert has ever diagnosed Appellant with any mental illness; in fact, Appellant's primary care doctors' notes explicitly verified Appellant is mentally healthy and mentally strong, without anxiety—directly contradicting the Guardian Ad Litem's defamatory characterizations despite the GAL having no qualifications as a mental health professional.

Appellees' repeated extension requests are not merely procedural matters but part of a *deliberate* strategy to prolong Appellant's suffering, to commit further crimes e.g.

**current false arrest warrant out for entity LINH TRAN STEPHENS (the corporation with similar name to me to confuse the cops to wrongfully detain me**) depriving me and my corporation of due process/substantive rights/fundamental rights/civil rights/unalienable rights, to continue the unconstitutional and evil separation of Appellant from her female offspring, and to inflict further

psychological/physical/mental/finacial/spiritual harm on both mother/Appellant and Appellant's female offspring. <u>Each day of delay directly harms the fundamental parent-child relationship protected by the Constitution.</u>

**B. Appellees' Prior Knowledge and Opportunity**

Appellees' claim that they require additional time to review the materials is *disingenuous* given their extensive prior knowledge of and involvement with the underlying case maliciously prosecuted Appellant *many* times and held hearing almost every month more or less regarding this case. Specifically:

1.  The Records on Appeal contain documents that were created by, filed by, or addressed to the Appellees OKDHS themselves;

2.  As the State agency responsible for administering the programs at issue in this litigation, Appellees have had continuous access to all relevant documents and have maintained their own copies–despite the STATE OF OKLAHOMA & OKDHS have been altered from my original filed copies–which I have copies of e.g. <u>Appellant's written Closing Argument was 10 pages, not 2 pages as falsely shown by OKDHS.</u>

3.  Appellees have been represented by counsel throughout the proceedings below and have had ample opportunity to prepare their defensive strategy, legal theories, and supporting arguments but they are still <u>refusing to repent and have continued to chose to do evils against me and my blood-line and deprived my rights to all my properties which GOD CREATOR has bestowed upon me as inheritance from HIM</u>, which have the mark of Yahusha [JESUS CHRIST] on them including my biological property G.L.Stephens who surrendered her life to Jesus Christ and was born again in July 2021

which was 5 months prior to being kidnapped and held hostage while demanding

ransom by OKDHS and other STATE OF OKLAHOMA's criminals. I work for Jesus

Christ; as for me and my household we worship the lord our GOD YAHUAH GOD

CREATOR + Jesus Christ the Son of GOD + Holy Spirit. I do NOT work for the

STATE OF OKLAHOMA nor for USA INC and it is _impossible_ for me to be their

slave as I belong to the kingdom of GOD, which is a different domain and jurisdiction

than OKDHS and STATE OF OKLAHOMA! Not only that, STATE OF OKLAHOMA

and OKDHS refused to recognize that I am a national of Vietnam country located in the

Asian continent, and am NOT a "U.S. citizen" nor "citizen of Oklahoma". **I have my

original birth certificate with me from Viet Nam, which I offered to show many

times but they refused to acknowledge the truth to conspire frauds and crimes**.

4. It must also be noted that some evidence filed by Appellant into OSCN.net has been

altered by courts of STATE OF OKLAHOMA on OSCN and by court actors, and many

documents incriminating to the Appellees have been improperly sealed by the courts'

actors and hidden from public view. This tampering with evidence constitutes an

ongoing fraud upon the court that further prejudices Appellant and underscores the bad

faith conduct of the Appellees [see Evidence Folder tinyURL mentioned above]

## C. Pattern of Misleading Representations and Strategic Delays

Appellees' current motion appears to contain _intentional_ mischaracterizations designed to

secure additional time through misrepresentation. This motion is part of a consistent

pattern of delay tactics employed by Appellees:

1. In the underlying state court proceedings that caused harms, Appellees and related state

actors successfully delayed hearings for nine (9) consecutive months through various motions and continuance requests. These delays have directly resulted in Appellant being completely denied any contact whatsoever with her female offspring since December 2021, with:

- Zero evidence of her female offspring's well-being provided

- Zero phone calls permitted

- Zero video communications allowed

- Zero in-person visitations granted

2. This <u>complete separation continues despite Appellant having *zero* criminal charges or convictions related to child welfare</u> or any other matter that would justify such extreme measures or such cruel and unusual punishments (2 months in jail and 6 months in jail double jeopardy) without consent.

3. The <u>unconscionable disparity in treatment</u> is highlighted by the fact that individuals charged with or convicted of serious violent crimes, including murder and sexual assault, are routinely granted supervised visitation with their children at least monthly at no cost through the very same Oklahoma Department of Human Services that is a party to this case.

4. The strategic delay tactics employed by Appellees are documented in numerous court records, including: Nonjurisdictional OAH No.: 23-00313-73, Fraudulent and nonjurisdictional OK IV-D FGN: 000948641001; CPS Case 20652909, CPS referral # 2078246 & 2200561 against Mr. Adam Stephens for child abuses (among many other CPS referrals by nonparties since 2017 against Adam), while false CPS referral #

2195835 was filed against Appellant/Linh by perjurious men (Adam Stephens and

G.A.L. Stephen E. Hale) and by perjurious caseworker (Bridget O'brien/Menser);

5.  Court records further demonstrate Appellant's credibility and the falsity of allegations

against her: despite a truthful PO-2021-3843 petition filed by the child against Adam

Stephens first in November 2021 before the kidnapping by OKDHS and handing child

over to known and established abuser Adam, frauds-upon-the-court in case

JD-2021-270 resulted in the child being placed with her abuser; Adam Stephens was

impeached for perjury in case PO-2021-4059, and his two false VPOs were dismissed

per CM-2022-285 and CM-2022-157 <u>admitting on the stand that he lied to the police,</u>

<u>yet without any consequences despite motions for punishments during impeachment</u>.

6.  Appellant is **a federal whistleblower against Oklahoma state actors in Gregory**

**<u>Moyer's</u> case, Appellant's own federal cases, and many other cases; Appellant is**

also a whistleblower in previous and ongoing investigations against STATE OF

OKLAHOMA's actors by **DEPARTMENT OF JUSTICE (<u>DOJ</u>)**. Appellant/Linh has

also been formally acknowledged as a **whistleblower in Federal <u>Case No.</u>**

**<u>3:25-cv-00199</u> in the Eastern District of Tennessee**, which addresses systemic

unconstitutional practices across all 50 states, including unwarranted removal of

children without criminal charges, coerced home entries without warrants, and

widespread due process violations that mirror Appellant's own experiences. Her

whistleblower status and the evidence documenting the underlying claims can be

verified at <u>https://www.linhstephens.com/</u>, and their respective federal lawsuits.

7.  Appellees OKDHS' repeated extension requests are not merely procedural matters but

part of a deliberate strategy to prolong Appellant's suffering, continue the unconstitutional separation from her child, and inflict further psychological harm on both mother and child. Each day of delay directly harms the fundamental parent-child relationship protected by the Constitution.

## III. REQUEST FOR ENLARGEMENT OF BRIEF LENGTH LIMITATION

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and Tenth Circuit Rule 32, Appellant respectfully requests permission to file a Reply Brief of **up to 45 pages,** which exceeds the standard 15-page limitation. This request is made for the following good cause reasons:

### A. Multiple Response Briefs Requiring Comprehensive Reply

Appellant anticipates receiving three separate response briefs from different Appellees, each potentially utilizing their full 15-page allotment. Requiring Appellant to respond to potentially 45 pages of argument within a mere 15 pages would create a fundamentally unfair disadvantage. Elementary principles of due process and equal protection require that Appellant have sufficient space to address each argument raised across multiple briefs.

### B. Complexity of Constitutional and Statutory Issues

This appeal involves complex constitutional questions, including but not limited to:

1. Substantive and procedural due process rights under the Fifth and Fourteenth Amendments;

2. Equal protection violations in the application of federal programs;

3. First Amendment retaliation claims;

4.  RICO violations involving state actors;

5.  Jurisdictional questions under the UCCJEA and Full Faith and Credit Clause;

6.  Title IV-D and Title IV-E fraud allegations with nationwide implications; etc.

7.  Violations of parental rights protected by Troxel v. Granville (530 U.S. 57, 2000), which affirms constitutional protection of parental rights absent a compelling state interest;

8.  Documentation of systematic patterns of constitutional violations occurring across multiple states, as evidenced in Federal Case No. 3:25-cv-00199, where Appellant serves as a federal witness documenting similar unconstitutional patterns of removing children without criminal charges, violating due process, and ignoring the fruit of the poisonous tree doctrine;

9.  Evidence of retaliation against Appellant for reporting fraud in Title IV-D/E programs and unauthorized practice of medicine by attorneys and judges, as documented in Appellant's Whistleblower Status Affidavit (filed June 18, 2025), available at https://www.linhstephens.com/ and https://tinyurl.com/4cdv5u56.

Each of these issues requires careful legal analysis and thorough citation to authority, which cannot be adequately accomplished within the standard page limitation.

**C. Sui Juris Status and Inherent Disadvantage**

As a sui juris litigant who is not trained in law to be extremely concise and to be without human emotions and to be inhumane, Appellant faces inherent disadvantages in presenting complex legal arguments with the concision that might be expected of experienced appellate counsel. While attorneys representing state agencies can rely on

years of specialized training and experience to craft efficient arguments, Appellant must often provide additional context and explanation to ensure her arguments are properly understood by common people as well as by legal professions.

Courts have recognized that pro se and sui juris litigants should be afforded some flexibility in procedural requirements to ensure meaningful access to justice. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that pro se pleadings are held to "less stringent standards").

### D. Record Size and Citation Requirements

The record in this case is extensive, comprising multiple proceedings across state and federal courts. Properly citing to this record while responding to each Appellee's arguments requires additional space to ensure accuracy and clarity. The Tenth Circuit has recognized that complex cases with extensive records may warrant enlargement of brief length limitations.

### E. Public Interest in Full Consideration

This case involves allegations of systematic fraud in federal programs affecting thousands of families nationwide. The public interest in the full and fair consideration of these issues is substantial and warrants complete briefing that adequately addresses all relevant legal and factual points.

For these reasons, Appellant respectfully requests that this Court grant leave to file a Reply Brief of up to 45 pages.

### IV. GOOD CAUSE FOR APPELLANT'S EXTENSION REQUEST

Under Federal Rule of Appellate Procedure 26(b), this Court may extend time "for

good cause." Appellant submits that good cause exists for her requested extension because:

1. Appellant needs sufficient time to address all arguments and legal theories raised in Appellees' forthcoming briefs;

2. The constitutional issues at stake involve complex legal analysis requiring thorough research;

3. The factual record is substantial and requires careful citation and analysis;

4. Appellant requires time to properly format and prepare her Reply Brief in accordance with this Court's rules;

5. As a sui juris litigant without formal legal training, Appellant requires additional time to research applicable law and prepare professional-quality legal arguments;

6. Appellant is simultaneously managing multiple related cases without the benefit of a legal team or law firm resources that Appellees enjoy.

7. This extension will not prejudice Appellees but will ensure that this Court receives a thorough, well-reasoned Reply Brief that properly addresses all issues raised on appeal.

## V. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

1. GRANT Appellant a **40-day extension of time** to file her Reply Brief after Appellees file their Response Brief;

2. GRANT Appellant permission to file a **Reply Brief of up to 45 pages**;

3. TAKE <u>JUDICIAL NOTICE</u> of the corrections provided regarding Appellees' misrepresentations about the length of Appellant's brief.

4. <u>Order transcripts and recordings at cost on Defendants/the State of Oklahoma **and also**</u>

**order Appellant Linh to compare that transcript to her own recordings and write**

**a report about what has been altered by State of Oklahoma**;

5.  RECOGNIZE the disparity in resources between a sui juris litigant and state agencies

   represented by multiple seasoned attorneys

   Justice delayed is justice denied, particularly when a mother has been completely

separated from her **first-born female offspring for 3.5 years** without criminal charges,

without evidence of unfitness, and without due process nor substantive rights, and without

Appellant's consent to Oklahoma's jurisdiction nor any alleged agreement, while ignoring

standing <u>State of Oregon's divorce decree/order/agreement of January 2016</u>. While

Appellant requests this extension out of necessity to properly respond to Appellees'

arguments, she emphasizes that expeditious resolution of this appeal is critically important

to prevent further constitutional harms.

   Respectfully submitted,

   *Nemo me impune lacessit pursuant to **Psalm 105:15 + Isaiah 54:17***
   PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
   Notice to Agent is Notice to Principal, Notice to Principal is Notice to
   Agent, Notice applies to all successors and assigns; Affidavit is a Form of
   Evidence; Unrebutted Affidavit Stands as Truth in Commerce;
   **Silence is Tacit Acquiescence/Agreement/Dishonor**;
   *This communication is in no way forming a contract nor requesting any*
   *contracting; it is simply a notice regarding the matters at hand. This*
   *communication is not intended to nor does it create nor confirm any*
   *professional-client relationship or any type of relationship between us;*
                                                Private sector autograph;
                                                **WITHOUT RECOURSE**
                                 *without prejudice*
                                 *linh–tran:stephens/Agent*
             By one–and–only beneficiary:
   All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*,
      **Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary

for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui
Que Trust a.k.a. "Fide Commissary Trust",
sui juris, Ambassador of Messiah Yahusha [Jesus Christ], Heir of the Creator, my
heir/offspring is G.L.Stephens,
A natural living woman breathing with a living soul and the Holy Spirit of YAHUAH,
natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit,
unlimited, non-incorporated, non-sole-proprietor,
**stateless** "**freeman of the Union**" per Honorable Mr. Justice MILLER on April 14th, 1983, in the
Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education,
living on the land of the republic, with God-given rights pursuant to Bills of Rights,
NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government
employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary; i reject your 12 legal
presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts;
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities
**Rural Free Delivery, Non-Domestic 00000,**
℅ 1964 Ashley River Rd Ste B Unit 80112,
Charleston, South Carolina [zip exempt, near 29407] without U.S. Washington, D.C.
Email: LinhStephens7@gmail.com: *Tel:* 843-608-0294

### Notary as JURAT CERTIFICATE

STATE OF MINNESOTA           )
                             ) *ss*
COUNTY OF SHERBURNE          )

On this 18th day of August, 2025 before me, Melissa K. Vagle, a Notary Public,
personally appeared a living woman Linh Tran Stephens ( the Authorized Representative
and Beneficiary for Legal Fiction LINH TRAN STEPHENS©® ), who electronically
(remotely) proved to me on the basis satisfactory evidence to be the woman whose name is
subscribed to the within instrument and acknowledged to me that she executed the same in
her authorized capacity, and that by her autograph(s) on the instrument the woman
executed, the instrument.

i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State
and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Melissa K. Vagle*

Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## CERTIFICATE OF SERVICE

The undersigned certify that on <u>August 18th</u>, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system [or it was mailed to below address if the whole ECF is down]; I also further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system:

Clerk of U.S. Court of Appeals for the Tenth Circuit
1823 Stout Street,
Denver, Colorado 80257

WITHOUT RECOURSE.

*without prejudice*
*linh-tran: stephens/Agent*



Exhibit 1 (15 pages)

**House of Representatives**
STATE OF OKLAHOMA

September 25, 2024

Oklahoma State Bureau of Investigation
Aungela Spurlock, Director
6600 North Harvey Place
Oklahoma City, Oklahoma 73116

Director Spurlock:

On September 9, 2024, the Oklahoma House of Representatives Criminal Justice and Corrections Committee held an emergency hearing to determine whether the Department of Human Services (DHS), Oklahoma Juvenile Affairs (OJA), and the Oklahoma Commission on Children and Youth collectively received information that children under their care were being physically and sexually abused, yet these agencies failed to take appropriate action to stop the abuse. One witness, Appleseed, a respected 501(c)(3) community action group known for its thorough investigations, provided a comprehensive report confirming that the agencies were aware of abuse at the Tulsa Detention Center. Appleseed submitted this alarming report to all relevant government officials, but it was completely ignored. Following this, the Criminal Justice and Corrections Committee called for immediate and appropriate actions. The committee also heard from three other witnesses who reported and documented firsthand knowledge of criminal conduct within child welfare and the DHS administration.

As Chairman of the Criminal Justice and Corrections Committee, I have the authority granted under 74 O.S. § 150.5(d) to initiate an OSBI investigation by a majority vote of our committee. Article V, Section V-60 of the Oklahoma Constitution requires the Legislature to provide an efficient system of checks and balances among the officers of the Executive Department and all commissioners, superintendents, and boards of control of State institutions, as well as any other officers entrusted with the collection, receipt, custody, or disbursement of the state's revenue or funds. As members of the Criminal Justice and Corrections Committee, we do not take this duty lightly.

I am providing a formal directive signed by the majority of the Criminal Justice and Corrections Committee, instructing the Oklahoma State Bureau of Investigation to conduct an investigation into possible criminal actions by the Department of Human Services (DHS), Oklahoma Juvenile Affairs (OJA), and the Oklahoma Commission on Children and Youth. The document containing the committee members' signatures details the areas of concern that we believe warrant examination.

Since the September 9 committee hearing, news stations and my office have been inundated with reports of wrongdoing. I would like to include cases that have sufficient substantiation. Please contact Chairman Justin JJ Humphrey if you have any questions.

To the Distinguished Director of the Oklahoma State Bureau of Investigation,

Ms. Aungela Spurlock,

As Chairman of the Criminal Justice and Corrections Committee, I bring forth the initiation of an OSBI investigation into each of two critical and urgent matters. This authority is granted per 74 O.S. § 150.5(d) as our committee has subpoena powers by resolution, but we bring this initiation of an OSBI investigation by authorization of a vote by the majority of our committee. Article V Section V- 60 of the Oklahoma Constitution requires the Legislature to provide an efficient system of checks and balances between the officers of the Executive Department, and all commissioners and superintendents, and boards of control of State institutions, and all other officers entrusted with the collection, receipt, custody, or disbursement of the revenue or moneys of the state whatsoever. As members of the Criminal Justice and Corrections Committee, we do not take this duty lightly.

## INVESTIGATION INITIATION NO.1 DETENTION and CARE FACILITIES
a. Investigate abuse and neglect of all children and disabled adults in facilities.
b. Investigate knowledge and reporting of abuse and complaints through all levels of oversight. Including but, not limited to: Managers, Administrators, OJA, OCCY, PARB, OKDHS, Judges(if acting in executive duties)
c. Investigate violations of state and federal laws of required humane treatment of children and adults incarcerated or in care.
d. Investigate electronic devices used to document, record or share abuse.
e. Further investigation to all other appropriate caretakers or individuals identified in participation in abusive behaviors, exploitation, or extortion.
f. Further investigation to all other appropriate facilities as evidence suggests.

Contact/Reporter Tulsa Juvenile Detention Facility: Sa-Tae Seth McIntosh seth@okappleseed.org
Contact/Reporter OKCYC Juvenile Detention Facility: Mandy Fisher-Reed mandyreed77@yahoo.com
*Contact/Reporter Robert M Greer Center in Enid: Representative Ellen Hefner
elleyn.hefner@okhouse.gov*

## INVESTIGATION INITIATION NO.2 OKDHS CHILDWELFARE AND CHILD PROTECTIVE SERVICES ON BEHALF OF 6 FAMILIES AND THEN FURTHER AS EVIDENCE WOULD SUGGEST
a. Investigate allegations of abuse appropriately on behalf of children.
b. Investigate negligent or fraudulent reporting by child welfare or CPS staff or case workers.
c. Investigate knowledge of or reporting of mishandling of referrals through all levels of oversight including but no limited to: Case workers, Supervisors, District Directors, Deputy state directors, State Director, OCCY, PARB, and law enforcement.
d. Appropriate engagement of professionals by the OKDHS through state law requiring Multidisciplinary child abuse teams as required by 10a O.S. § 1-9-102.
e. Investigate reports and documents for integrity, negligence, fraud, retaliation, and deletion of records.-
f. Investigate testimonies in court proceedings for fraud or perjury
g. Investigate if/when law enforcement was notified and if correct reporting was provided to law enforcement agency
h. Investigate judicial decisions and due process activity in accordance with state and federal law.

i.  Investigate possible collusion or inappropriate engagement between attorneys and or judges.
j.  Investigate any misrepresentation of a minor child, or disabled adults', testimony by a state employee, attorney, counselor, doctor, judge, etc.
k.  Investigate all child interviews for appropriateness of order, process, and reporting (notify and request intervention of FBI in regards to any appearance of illegal search and seizure actions that would constitute a violation of Federal law.
l.  Investigate all seizure of assets to determine appropriateness of order, process, and reporting.
m.  Investigate all violations of Oklahoma Constitutionally protected rights of all parties. Notify and request intervention of FBI in regards to any appearance of violations of Federally protected constitutional rights. Including, but not limited to, life, liberty and the pursuit of happiness, loss of familial contact, loss of fair opportunity in court, etc.
n.  Investigate electronic devices used to record, document or upload case information.
o.  Investigate contact between parents and OKDHS for determination of collusion, exploitation or extortion.
p.  Further investigations to other children or families as evidence suggests.

Contact/Advocate for minor child G.L.S., dob 7-24-13: Dr. Linh Stephens linhstephens7@gmail.com
Contact/Advocate for minor child A.K.W., dob 11-4-16, A.K.W., dob 11-4-16 Bri'Anne Wiland brinwal@icloud.com
Contact/Advocate for minor child M.N.R., dob 7-4-12: Shawn Reed maddiesdad2024@gmail.com
Contact/Advocate for minor child C.B.W.L., dob 7-12-12: Lisa Woolley whwoolley@gmail.com
Contact/Advocate for minor child D.E.D., dob 12-24-13: Darrell Dougherty dough890@gmail.com
Contact/Advocate for minor children A.R.V., dob 9-22-10; P.F.V., dob 9-25-15; H.S.V., dob 5-2-17: Rosario Chico chico.media.tv@gmail.com

We appreciate your expediency in these matters as these children and at-risk adults could be in pending danger or enduring ongoing permanent damage due to failures that are not of their own doing. We also respect your ability to tenderly deal with minor children or adults who will need gentle care.

Chairman Justin Humphrey_____ Date 09-18-2024

Representative David Hardin_____ Date 9-18-2024

Representative Kevin West_____ Date   9/18/24

Representative Danny Williams_____ Date 09/18/24

We, the undersigned lawmakers, wish to express our strong support for the Criminal Justice and Corrections Committee's investigation of the Department of Human Services Oklahoma Commission on Children and Youth.

Sincerely,

Chair, Criminal Justice and Corrections Committee



LINCOLN COUNTY
811 MANVEL AVE., SUITE 1
CHANDLER, OK 74834
(405) 258-1674

POTTAWATOMIE COUNTY
400 N. BROADWAY AVE.
SHAWNEE, OKLAHOMA 74801
(405) 275-6800

**ADAM R. PANTER**
DISTRICT ATTORNEY
DISTRICT 23

**ADAM KALLSNICK**
FIRST ASSISTANT DISTRICT ATTORNEY

March 14, 2025

## FOR IMMEDIATE RELEASE:

### RE: Investigation Into Oklahoma Department of Human Services

One of my highest priorities as District Attorney is to ensure the protection of our children's health, safety, and welfare. When our children become victims of heinous crimes, many times at the hands of those who were supposed to love and protect them, it becomes my job to prosecute those offenders and seek justice on behalf of those victims. I believe that child victims are especially vulnerable and all instances of suspected abuse against children need to be treated with the utmost importance. To do this effectively I must rely on my law enforcement partners and other agencies to properly and diligently do their jobs. Recently, I have become aware that the Oklahoma Department of Human Services (OKDHS) has systematically and repeatedly failed to follow State laws designed to protect children suspected of being sexually or physically abused or neglected. That failure to follow the law and policies put in place to protect children has led to subsequent and continuing sexual and physical abuse of children which would otherwise have been prevented. Despite multiple efforts made to obtain compliance, OKDHS has failed to correct their behavior, and I cannot stand to see another child unnecessarily victimized.

Under Oklahoma law, OKDHS must promptly respond to and investigate any report of child abuse or neglect pursuant to Title 10A Oklahoma Statutes § 1-2-105(A). When initiating an investigation, "[t]he primary purpose of the investigation or assessment **shall** be the protection of the child." (emphasis added) Title 10A O.S. § 1-2-105(B)(5) goes on to require OKDHS to investigate reports of child sexual abuse or serious physical abuse using a multidisciplinary team approach provided in Title 10A O.S. § 1-9-102 along with notifying and exchanging investigation information with law enforcement.

Title 10A O.S. § 1-9-102 requires each District Attorney to develop a multidisciplinary child abuse team (MDT) in their district. An MDT is comprised of the District Attorney, law enforcement agents with experience in child abuse investigations, medical personnel with child abuse injury experience, mental health professionals, OKDHS child protective services, and Child Advocacy Center personnel. This team is required to intervene in ALL reports involving child sexual abuse or child physical abuse or neglect in an effort to ensure coordination and cooperation between agencies involved and to minimize further trauma on an abused child. This law also requires a joint investigation between law enforcement and OKDHS child welfare staff when these

reports are made.  Such investigations must follow MDT protocols when interviewing those child victims.  MDT protocols dictate that a child suspected of being abused must be interviewed by a trained child forensic interviewer following approved forensic interview protocols, preferably recorded at a Child Advocacy Center.  This ensures that children are interviewed by trained professionals for potential law enforcement or child welfare investigations, reduce the number of times a child will have to relive their trauma, and ensure that all agencies that should be aware of the alleged abuse are placed on notice, amongst other reasons.

What has been brought to my attention is that in many cases, OKDHS is receiving reports of suspected sexual or physical abuse of children and going out on their own and conducting forensic interviews of those children in the field.  Based on these field interviews, which OKDHS is not properly trained to do, OKDHS determines for themselves whether the allegations are credible, and based on this opinion, will close the investigation without ever following the statutory procedures by notifying law enforcement and the child abuse experts of the MDT.  I have now been made aware that multiple cases where this has occurred have resulted in children being placed back in the home of their abusers, where they have been subjected to further sexual or physical abuse.  There have even been cases where OKDHS received multiple reports of abuse over a period of months, never notifying law enforcement, leaving the children in the home to suffer repeated abuse.  Some of these cases were only discovered when vigilant staff at our local Child Advocacy Center notified law enforcement when those same children were later brought in for interviews and medical care due to subsequent abuse.

After being made aware of this, my office and our local Child Advocacy Center began comparing numbers of reports of suspected abuse versus the numbers of children receiving services at the Center.  Fortunately, the Child Advocacy Center of Central Oklahoma (CACCO), which is the Child Advocacy Center based in Shawnee and primarily serves District 23, Pottawatomie and Lincoln counties, is very attentive and keeps thorough records.  What was extremely concerning were the comparisons between the 2024 CACCO numbers with OKDHS numbers.  One example is that in 2024, in Pottawatomie County and Lincoln County combined, OKDHS received 511 reports of physical abuse on children.  The number of children who received services from the CACCO in 2024 for suspected physical abuse was 64.  That means less than 8% of the reported child physical abuse allegations to OKDHS in that time led to those children receiving services at the CACCO as required by law.  In 2024, the number of reports to OKDHS of alleged sexual abuse, physical abuse, or neglect in the district totaled 2,532.  During that same period, the number of children receiving services at the CACCO for those reports was 389.  That leads to a reasonable conclusion that potentially 2,143 reports of abuse or neglect were never brought to the attention of the CACCO or law enforcement, leaving children allegedly abused in unknown circumstances.  This is incredibly alarming, as it indicates a likelihood that OKDHS has failed to follow the law for these types of cases at a much higher rate than previously thought.

After repeated attempts made by law enforcement and child advocates to correct this, OKDHS continues with this behavior.  Recent meetings with OKDHS to urge their

compliance with the law have led to some constructive conversations which will hopefully lead to meaningful change. But the willingness to fix these problems does not negate the need to hold OKDHS accountable for their past failures. I have no reason to believe that my district is the only one facing this problem. This failure by OKDHS is likely happening across the state and is a direct reflection on the leadership of OKDHS from the top down. Because it is likely a statewide problem, within the next week I will formally request Attorney General Drummond utilize the Multicounty Grand Jury to investigate this issue to determine if criminal charges are warranted and what steps should be taken to ensure no more children are harmed. Should Attorney General Drummond find this issue unique to Pottawatomie and Lincoln Counties, I will seek to empanel local grand juries within my district to begin investigating or have my own District Attorney Task Force initiate a criminal investigation.

My anger towards those who fail to protect children is only eclipsed by my anger towards those who harm them, and I plan to deal with each accordingly. Therefore, I will not let this issue rest or be ignored until justice is obtained for every one of the children who suffered preventable rapes, sexual assaults, physical abuse, or extreme neglect due to OKDHS failures. As for those who perpetrated the abuse in the first place, they will be prosecuted as harshly and as aggressively as the law allows.


Adam R. Panter
District Attorney
District 23



**House of Representatives**
STATE OF OKLAHOMA

April 1, 2025

Attorney General Gentner Drummond
Office of the Attorney General
313 NE 21st Street
Oklahoma City, Oklahoma 73105

Attorney General Gentner Drummond:

District 23 District Attorney Adam Panter has called on you to establish Multi County Grand Jury.

In his request DA Panter stated, **"My anger towards those who fail to protect children is only eclipsed by my anger towards those who harm them, and I plan to deal with each accordingly. Therefore, I will not let this issue rest or be ignored until justice is obtained for every one of the children who suffered preventable rapes, sexual assaults, physical abuse, or extreme neglect due to DHS's failures. As for those who perpetrated the abuse in the first place, they will be prosecuted as harshly and as aggressively as the law allows."** I don't believe I can say it any better.

I have personally exposed numerous violations and alleged illegal acts of the Oklahoma Department of Human Services (OKDHS), demonstrating the department's gross negligence and failure to protect children from sexual abuse, physical abuse, and neglect. I believe a substantial portion of DHS employees and administration have intentionally ignored or participated in blatant abuse and abhorrent criminal acts. Despite multiple efforts to impose compliance, DHS has refused or failed to correct their dishonest and unlawful conduct.  The director of the Department of Human Services and other agencies directors are complicit in addressing their agencies harmful behavior.  Government officials responsible for overseeing these agencies have shown little to no interest in investigating the innumerable reported offenses. Attorney General Drummond to delay or prolong an investigation would place numerous children and families at risk. I personally cannot stand to see another child unnecessarily victimized.

DHS, Multidisciplinary Child Abuse Teams (MTD), and our Family Court System have abandoned basic legal principles and forsaken their responsibilities to the public. I have an email in which DHS instructs employees not to speak to legislators. I believe it is unlawful for DHS to threaten employees and prevent them from speaking to legislators. But more importantly, I believe their actions reveal an intent to obscure the truth. I recently requested information on what appears to be a voluntary removal program. The plan is anything but voluntary. DHS threatens families with the removal of children, and if the parents or grandparents refuse to sign, they remove the children. I received information that this DHS program was run by a contracted company. I approximately two weeks ago I asked DHS if they are contracted to remove children and if that company might possibly be owned by a former director.

Remarkably, DHS has failed to respond. I have reports of DHS employees demanding parents sign blank forms, and in some cases, I have reports that DHS is deceiving parents into signing forms to terminate their parental rights.

In one case, I made numerous calls to determine why a child was being removed from their home without probable cause. But despite numerous attempts I could make no contact with an employee. After being unable to reach any DHS representative I left messages explaining that I would be investigating the matter and would seek extortion and child stealing charges against employees if they could not provide justification for the child's removal. DHS attorneys contacted me accusing me of harassing their employees. DHS has refused to provide justification for the child's removal, DHS has harassed and threatened the family to remove the child and then has the nerve to accuse me of harassing DHS employees.

I want to encourage you to launch a multi-county grand jury to investigate the alleged criminal misconduct of all those responsible and tasked with the protection of children.

Sincerely,

Representative Justin JJ Humphrey
District 19



## IN THE DISTRICT COURT OF TULSA COUNTY,
## THE STATE OF OKLAHOMA

Francetta L. Mays,

)
)
)
)
)     GJ-2024-1

DISTRICT COURT
**F I L E D**

OCT 24 2024

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

### AMENDED PETITION TO IMPANEL GRAND JURY

WARNING: It is a felony for anyone to sign a petition for the convening of a grand jury with any name other than his own, or knowingly to sign his name more than once for the convening of a grand jury, or to sign such petition when he is not a legal voter of the county. 22 OS § 311.1

**COMES NOW**, the Petitioner, Francetta L. Mays, respectfully requests that this Court impanel a grand jury to investigate alleged crimes committed against children and their families by employees of Oklahoma State Agencies responsible for child protection. It is alleged that these crimes were committed in collaboration with private entities and multidisciplinary agencies intended to serve the interests of children. This request is made by petition pursuant to 38 OK Stat § 101 (2023).

Petitioner hereby applies to this Court, in accordance with Article 2, Section 18 of the Oklahoma Constitution and 38 O.S. § 101, to convene a grand jury with jurisdiction in Tulsa County to investigate the matters described herein. The grand jury is further requested to indict by information or present accusations for removal against any individuals found culpable, pursuant to Oklahoma Statute, Title 22, §§ 1182, 1193. In support of this petition, Petitioner respectfully shows the following:

On September 16, 2024, the Oklahoma Criminal Justice and Corrections House Committee convened to address allegations of child endangerment (*See Exhibit 1 QR Code*).[1] Testimony was

---

[1] https://sg001-harmony.sliq.net/00283/Harmony/en/PowerBrowser/PowerBrowserV2/20240916/-1/54594?fbclid=IwZXh0bgNhZW0CMTEAAR2feFZuPsApB6loKhUuRchIKZzbTfXVhVa-z6O-KhArr0WUI4fe2vb4f04_aem_lYJsqrcnaUNCFKv0bbbmWQ#handoutFile_

# ORDER OF RELEASE FROM CUSTODY

TO THE SHERIFF OF TULSA COUNTY, STATE OF OKLAHOMA, it is ordered that said defendant be released, if in your custody for no other cause, immediately upon receipt of this order:

Last name, first, middle, suffix (please print) (show alias*)

Stephens  Linh  Tean

| WARRANT/CASE NUMBER | REASON FOR RELEASE | DESCRIPTION OF CHARGE/CLARIFICATION OF COUNTS |
|---|---|---|
| ED-15-2228 | Time served | Indirect contempt |
| | | |
| | | |
| | | |
| | | |
| | | |

1282383 /m

DISTRICT COURT
F I L E D

MAR 2 8 2024

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

☐ ELECTRONIC MONITOR REQUIRED BEFORE RELEASE

In and for the District Court of Tulsa County, State of Oklahoma, witness my hand this the ____ day of __March__, 20 __24__.

DON NEWBERRY, DISTRICT COURT CLERK
TULSA COUNTY, OKLAHOMA

By: _____    _____
                                                          Deputy Court Clerk
                                                          (Court Seal)

Division/Court __Family Lud'letch__

Received by: _____    Received by: _____
                    Deputy Sheriff                                              JAIL

1514

Form 5421 (Rev. 1-17)

**APPENDIX C**

**102a**

20:51

oscn.net 

PRIVATE ARRAIGNMENT OF LINH TRAN
STEPHENS HELD ON THE RECORDER. COURT
ENTERS A PLEA OF NOT GUILTY AND THE
PETITIONER REQUESTS A JURY TRIAL.
PRETRIAL CONFERENCE SET FOR MAY 2, 2025
AT 9:00 AM BEFORE JUDGE LORETTA RADFORD
IN COURTROOM 605. PETITIONER RECOGNIZED
BACK.

*Special judge practicing law from bench as my attorney without my consent and overruling my repeated objections—witnessed by room fulls of lawyers*

JURY TRIAL FEE'S MUST BE PAID PRIOR TO
PRETRIAL CONFERENCE OR THE COURT MAY
PROCEED WITH AN NON JURY TRIAL ON THAT
DATE. **Judge ignored pauper affidavit financially indigency**

**03-17-2025**

MOTION TO DISMISS/RESPONSE TO
PETITIONER'S "NOTICE OF REMOVAL FROM
STATE COURT TO FEDERAL COURT RE: STATE
OF OKLAHOMA VS. LINH TRAN STETPEHNES
FOR CONTEMPT OF COURT FOR
FRAUDULENTLY-ALLEGED-AND-UNVALIDATED
DEBT, AND ALL CASES RELATED TO LINH
INCLUDING FD-2015-2228 AND JD-2021-270,
ETC"

**prosecutor OKDHS CSS filed motion in limine for them being the prosecutor to BLOCK OUT exculpatory EVIDENCE. That motion is for me the Defendant of Contempt proceedings to block out Prejudicial evidence and they using it to block out exculpatory evidence (truthful evidence that sets me Defendant free CORRUPT MUCH?**

Document Available (#1061157102) TIFF PDF

**03-24-2025**

DEPARTMENT OF HUMAN SERVICES' MOTION IN
LIMINE

Document Available (#1061157899) TIFF PDF

OSCN    COURTS

**03-07-2025  CTFREE**

JUDGE LORETTA RADFORD: (CHILD SUPPORT ENFORCEMENT DOCKET): PETITIONER PRESENT, PRO SE. RESPONDENT NOT PRESENT, REPRESENTED BY GILBERT PILKINGTON, PRESENT VIA TEAMS. EMMALENE STRINGER PRESENT FOR THE DEPARTMENT OF HUMAN SERVICES.

PRIVATE ARRAIGNMENT OF LINH TRAN STEPHENS HELD ON THE RECORDER. COURT ENTERS A PLEA OF NOT GUILTY AND THE PETITIONER REQUESTS A JURY TRIAL. PRETRIAL CONFERENCE SET FOR MAY 2, 2025 AT 9:00 AM BEFORE JUDGE LORETTA RADFORD IN COURTROOM 605. PETITIONER RECOGNIZED BACK.

JURY TRIAL FEE'S MUST BE PAID PRIOR TO PRETRIAL CONFERENCE OR THE COURT MAY PROCEED WITH AN NON JURY TRIAL ON THAT DATE.

**03-17-2025  MOD**

MOTION TO DISMISS/RESPONSE TO PETITIONER'S "NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT RE: STATE OF OKLAHOMA VS. LINH TRAN STEPEHNES FOR CONTEMPT OF COURT FOR FRAUDULENTLY-ALLEGED-AND-UNVALIDATED DEBT, AND ALL CASES RELATED TO LINH INCLUDING FD-2015-2228 AND JD-2021-270, ETC"
Document Available (#1061157102) TIFF    PDF

**03-24-2025  MOLIM**

DEPARTMENT OF HUMAN SERVICES' MOTION IN LIMINE
Document Available (#1061157899) TIFF    PDF    **Unlawful as a Prosecutor NOT a Defendant**

**03-31-2025  TEXT**

AMENDED PETITION FOR WRIT OF CERTIORARI
Document Available (#1061160781) TIFF    PDF

**04-08-2025  NO**

ADMINISTRATIVE NOTICE AND AFFIDAVIT CHALLENGING JURISDICTION
Document Available (#1061161916) TIFF    PDF

**04-08-2025  NO**

NOTICE AND AFFIDAIVT RESCINDING MARRIAGE LICENSE M212013766. ITS MARRIAGE CERTIFICATE. ITS POWER OF ATTORNEY AND REBUTTING ALL LEGAL PRESUMPTIONS CONTAINED THEREIN
Document Available (#1061161944) TIFF    PDF

**04-09-2025  NO**

DECLARATION NOTICE AND WILL AND WORD OF TRUTH, FACTS AND NEGATIVE AVERMENT, AB INITIO NUNC PRO TUND, IN PERPETUITY, ALL AN INTEGRAL PART OF THESE INSTANT MATTERS AND CREATION-WIDE PUBLIC RECORD IN A FORM OF AFFIDAVIT OF TRUTH
Document Available (#1061161990) TIFF    PDF

**04-09-2025  NO**

NOTICE AND DECLARATION OF ACCEPTANCE, ACNKOWLEDGEMENT, CLAIM AND CONTINUANCE
Document Available (#1061161986) TIFF    PDF

**04-11-2025  NO**

NOTICE AND DECLARATION OF ACCEPTANCE ACKNOWLEDGEMENT CLAIM AND CONTINUANCE
Document Available (#1061164652) TIFF    PDF

**04-11-2025  AFDP**

AFFIDAVIT OF TRUTH
Document Available (#1061164648) TIFF    PDF

**04-11-2025  AFDP**

ADMINISTRATIVE NOTICE AND AFFIDAVIT CHALLENGING JURISDICTION FOR STATE OF OKLAHOMA V. LINH TRAN STEPHENS FOR CONTEMPT OF ALLEGED CHILD SUPPORT
Document Available (#1061164644) TIFF    PDF

**04-11-2025  AFDP**

AFFIDAVIT
Document Available (#1061164640) TIFF    PDF

**04-15-2025  AFDP**

AFFIDAVIT NOTICE OF LIABILITY REGARDING TRESPASS FEE SCHEDULE AND REMEDY
Document Available (#1061164901) TIFF    PDF

**04-15-2025  TEXT**

"VERIFIED MOTION FOR EMERGENCY INJUNCTIVE RELIEF AND REMOVAL FROM STATE COURT PROCEEDINGS, PERMANENT RESTRAINING ORDER, SUPPLEMENTAL CLAIMS, TERMINATION OF STATE'S CHILD SUPPORT ORDERS, UNDUE HARDSHIP EXEMPTION, AND STOP ALL GARNISHMENTS, LEVYING, LIQUIDATION"
Document Available (#1061164984) TIFF    PDF

**04-15-2025  TEXT**

DEMAND FOR ADMINISTRATIVE REVIEW HEARING: DEMAND TO CEASE AND DESIST
Document Available (#1061164992) TIFF    PDF

**04-21-2025  EAA**

SPECIAL ENTRY OF SPECIAL APPEARANCE: ADDITIONAL CHALLENGE TO JURISDICTION INVOLVING INTERNATIONAL MATTER WITH VIET NAM & INDIAN LANDS
Document Available (#1061162388) TIFF    PDF

**04-21-2025  RESP**

DEPARTMENT OF HUMAN SERVICES' RESPONSE TO MOTHER'S ADMINISTRATIVE NOTICE AND AFFIDAVIT CHALLENGING JURISDICTION FOR STATE OF OKLAHOMA V. LINH TRAN STEPHENS FOR CONTEMPT OF ALLEGED CHILD SUPPORT
Document Available (#1061166190) TIFF    PDF

## 121a

**04-21-2025 APLI**

APPLICATION/MOTION TO DISMISS APPELLATE ACTION
Document Available (#1061166186) TIFF   PDF

**04-22-2025 EAA**

SPECIAL ENTRY OF APPEARANCE MOTION TO DISMISS ALL STATE ACTIONS FOR LACK OF JURISDICTION ELSE SANCTION AND LEGAL NOTICE OF CHANGE OF ADDRESS
Document Available (#1061162337) TIFF   PDF

**04-22-2025 TEXT**

"COURT OF RECORDS" DECLARATION - NOTICE OF RIGHTS AND JURISDICTION: I HEREBY INVOKE THE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA AS THE PROPER COURT OF RECORD FOR ADJUDICATION OF ALL MATTERS OF LINH, SHOULD IT PROCEED, AS ESTABLISHED BY 28 U.S. CODE § 132
Document Available (#1061162341) TIFF   PDF

**04-22-2025 R**

COMBINED REPLY TO TWO ANSWER TO DEFENDANT'S PETITION FOR WRIT OF CERTIORARI TO THE OKLAHOMA SUPREME COURT - ORIGINALLY FILED IN THE SUPREME COURT
Document Available (#1061162345) TIFF   PDF

**04-22-2025 TEXT**

DECLARATORY STATEMENT - A MATTER OF EQUITY: I COME WITH CLEAN HANDS: I AM NOT HERE TO DESTROY THE LAW BUT TO FULFILL THE LAW: PRESENTED IN GOOD FAITH: TO THE TULSA COUNTY DISTRICT COURT AND STATE OF OKLAHOMA REGARDING LEGAL AND COMMERCIAL OBLIGATIONS INURRED UNDER A PUBLIC ENTITY
Document Available (#1061162353) TIFF   PDF

**04-22-2025 TEXT**

SPECIAL ENTRY OF SPECIAL APPEARANCE: ADDITIONAL CHALLENGE TO JURISDICTION INVOLVING INTERNATIONAL MATTER WITH VIET NAM & INDIAN LANDS
Document Available (#1061706707) TIFF   PDF

**04-22-2025 NO**

NOTICE
Document Available (#1061706708) TIFF   PDF

**04-24-2025 RESP**

DEPARTMENT OF HUMAN SERVICES' RESPONSE TO PETITIONER'S DECLARATION, NOTICE AND WILL OF WORD OF TRUTH, FACTS AND NEGATIVE AVERMENT, AB INITIO, NUNC PRO TUNC, IN PERPETUITY, ALL AN INTEGRAL PART OF THESE INSTANT MATTERS AND CREATION-WIDE PUBLIC RECORDS IN A FORM OF AFFIDAVIT OF TRUTH
Document Available (#1061706645) TIFF   PDF

**04-24-2025 RESP**

DEPARTMENT OF HUMAN SERVICES' RESPONSE TO PETITIONER'S AFFIDAVIT NOTICE OF LIABILITY REGARDING TRESPASS FEE SCHEDULE AND REMEDY
Document Available (#1061706649) TIFF   PDF

**04-24-2025 RESP**

DEPARTMENT OF HUMAN SERVICES' RESPONSE TO PETITIONER'S 'COURT OF RECORDS' DECLARATION- NOTICE OF RIGHTS AND JURISDICTION: I HEREBY INVOKE THE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA ANS THE PROPER COURT OF RECORD FOR ADJUDICATION OF ALL MATTERS OF LINH, SHOULD IT PROCEED, AS ESTABLISHED BY 28 U.S. CODE § 132
Document Available (#1061706653) TIFF   PDF

**04-24-2025 RESP**

DEPARTMENT OF HUMAN SERVICES' RESPONSE TO PETITIONER'S DECLARATORY STATEMENT- MATTER OF EQUITY: I COME WITH CLEAN HANDS: I AM NOT HERE TO DESTROY THE LAW BUT TO FULFILL THE LAW: PRESENTED IN GOOD FAITH: TO THE TULSA COUNTY DISTRICT COURT AND STATE OF OKLAHOMA REGARDING LEGAL AND COMMERCIAL OBLIGATIONS INCURRED UNDER A PUBLIC ENTITY
Document Available (#1061706657) TIFF   PDF

**04-24-2025 RESP**

DEPARTMENT OF HUMAN SERVICES' RESPONSE TO PETITIONER'S NOTICE AND AFFIDAVIT RESCINDING MARRIAGE LICENSE M212013766, ITS MARRIAGE CERTIFICATE, ITS POWER OF ATTORNEY, AND REBUTTING ALL LEGAL PRESUMPTIONS CONTAINED THEREIN
Document Available (#1061706661) TIFF   PDF

**04-24-2025 RESP**

DEPARTMENT OF HUMAN SERVICES' RESPONSE TO PETITIONER'S NOTICE AND DECLARATION OF ACCEPTANCE, ACKNOWLEDGEMENT, CLAIM AND CONTINUANCE
Document Available (#1061706665) TIFF   PDF

**04-24-2025 RESP**

DEPARTMENT OF HUMAN SERVICES' RESPONSE TO PETITIONER'S SPECIAL ENTRY OF SPECIAL APPEARANCE: ADDITIONAL CHALLENGE TO JURISDICTION INVOLVING INTERNATIONAL MATTER WITH VIET NAM & INDIAN LANDS
Document Available (#1061706669) TIFF   PDF

**04-24-2025 CTFREE**

CHESBRO, TODD: ORDER FOR HEARING SIGNED/SET 8-12-25 AT 1:30 PM; DEPARTMENT OF HUMAN SERVICES' APPLICATION/MOTION TO DISMISS APPELLANT ACTION.

PAPERWORK IN OUTBOX UNDER DHS.

**04-24-2025 RESP**

DEPARTMENT OF HUMAN SERVICES' RESPONSE TO PETITIONER'S NOTICE FILED ON APRIL 22, 2025
Document Available (#1061710052) TIFF   PDF

**122a**

**04-24-2025 RESP**

DEPARTMENT OF HUMAN SERVICES' RESPONSE TO PETITIONER'S SPECIAL ENTRY OF APPEARANCE MOTION TO DISMISS ALL STATE ACTIONS FOR LACK OF JURISDICTION ELSE SANCTION AND LEGAL NOTICE OF CHANGE OF ADDRESS
Document Available (#1061710056) TIFF   PDF

**04-28-2025 MO**

MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS WITH ATTACHMENTS
Document Available (SEALED DOCUMENT)

**04-28-2025 OSH**

ORDER FOR HEARING
Document Available (#1061710100) TIFF   PDF

**05-02-2025 TEXT**

FORMAL PROTEST OF MARCH 07, 2025, JANUARY 02,2025, AND APRIL 28,2025 ORDERS
Document Available (#1061707916) TIFF   PDF

**05-02-2025 CTFREE**

JUDGE LORETTA RADFORD: (CHILD SUPPORT ENFORCEMENT DOCKET): PETITIONER NOT PRESENT, PRO SE. RESPONDENT PRESENT VIA TEAMS, REPRESENTED BY GIL PILKINGTON, PRESENT. EMMALENE STRINGER PRESENT FOR THE DEPARTMENT OF HUMAN SERVICES.

CASE COMES ON FOR PRETRIAL CONFERENCE ON CONTEMPT AGAINST LINH STEPHENS, HELD ON THE RECORDER. THE PETITIONER WAS PREVIOUSLY ADVISED THAT THE JURY TRIAL FEE'S MUST BE PAID PRIOR TO THE PRETRIAL CONFERENCE OR THE COURT MAY PROCEEDWITH A NON JURY TRIAL ON THAT DATE. THE COURT FINDS THAT THE JURY TRIAL FEE'S HAVEN'T BEEN PAID AT PROCEEDS ON WITH A NON JURY TRIAL. THE COURT DETERMINES THAT THE PETITIONER (LINH STEPHENS) ISN'T IN COMPLIANCE WITH THE COURT'S ORDERS. THE RESPONDENT MET HIS BURDEN BY CLEAR AND CONVINCING EVIDENCE. PETITIONER (LINH STEPHENS) FAILED TO APPEAR AND A BENCH WARRANT IS ISSUED IN THE AMOUNT OF $13,211.24 PLUS $500.00 COURT FINES. TOTAL AMOUNT DUE AND OWING TO RECALL THE WARRANT $13,711.24 CASH/MONEY ORDER ONLY. EXECUTION OF 6 MONTHS SENTENCE IN THE TULSA COUNTY JAIL UPON ARREST. THE ISSUE OF ATTORNEY FEES IS RESERVED.

**05-08-2025 CTFREE**

JUDGE LORETTA RADFORD: BENCH WARRANT FOR LINH TRAN STEPHENS IN THE AMOUNT OF $13,211.24 PLUS $500.00 COURT FINES, ENTERED.

**05-08-2025 CTFREE**

JUDGE LORETTA RADFORD: ORDER OF THE COURT NON-JURY TRIAL ON CHILD SUPPORT CONTEMPT MAY 2, 2025, ENTERED.

**05-08-2025 BWIS$**                                                $ 50.00

BENCH WARRANT ISSUED - SERVICE BY SHERIFF

**05-08-2025 O**

ORDER OF THE COURT NON-JURY TRIAL ON CHILD SUPPORT CONTEMPT MAY 2, 2025
Document Available (#1061165633) TIFF   PDF

**05-08-2025 ACCOUNT**

RECEIPT # 2025-4768729 ON 05/08/2025.
PAYOR: PILKINGTON LAW FIRM TOTAL AMOUNT PAID: $ 50.00.
LINE ITEMS:
FD-2015-2228: $50.00 ON AC01 CLERK FEES.

**05-28-2025 APLI**

APPLICATION FOR ATTORNEY FEES AND COSTS FOR CHILD SUPPORT CONTEMPT - MAY 2025
Document Available (#1059347353) TIFF   PDF

**06-24-2025 CTFREE**

RADFORD, LORETTA (DOCKET F): ORDER SEALING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS SIGNED;

**06-25-2025 AFDP**

RE:WHISTLEBLOWER STATUS AFFIDAVIT UPON STATE OF OKLAHOMA (EIN: 99-9000879), OKLAHOMA DEPARTMENT OF HUMAN SERVICES, CHILD SUPPORT SERVICES (EIN 73-1477405), STATE BOARD OF OSTEOPATHIC EXAMINERS (OSBOE) ET AL 99-9000879 AND THEIR AGENTS PART 1
Document Available (#1061717882) TIFF   PDF

**06-25-2025 AFDP**

RE:WHISTLEBLOWER STATUS AFFIDAVIT UPON STATE OF OKLAHOMA (EIN: 99-9000879), OKLAHOMA DEPARTMENT OF HUMAN SERVICES, CHILD SUPPORT SERVICES (EIN 73-1477405), STATE BOARD OF OSTEOPATHIC EXAMINERS (OSBOE) ET AL 99-9000879 AND THEIR AGENTS PART 2
Document Available (#1061717878) TIFF   PDF

**06-27-2025 TEXT**

RENEWED REVOCATION OF ALLEGED POWERS OF ATTORNEY
Document Available (#1061719139) TIFF   PDF

**06-30-2025 O**

ORDER SEALING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS
Document Available (#1061720021) TIFF   PDF

**07-14-2025 RECP**

RECEIPT FOR MANDATE - DF-122022
Document Available (#1061167118) TIFF   PDF

## 123a

**AFFIDAVIT of Truth by S‌⬛⬛⬛⬛⬛⬛⬛**                                          5/5/2025

On Friday, 5/2/2025 at 9:02am, Dr Linh Stephens was on the docket for family court in Judge
Loretta Radford's courtroom. I arrived early at 8:00 am to deliver a pre-notarized Protest that Dr
Linh Stephens had provided me to present to the court clerk and file into her case as well as a
copy to the judge or her court clerk. So, by about 8:20am, both of those requests were complete.
The Judge's court clerks name was Kacharra Mansker. Here contact is
Kacharra.mansker@oscn.net; phone number, 918.596.5332. I then asked someone in the
hallway who was instructing others how to get their documents to the judge how I would know if
a court reporter was going to be in court. She said they normally had one. So I went to court and
right away noticed that one was not present. So I asked the judge and she said no, they are not
normally present. I objected to that as all hearings should be memorialized as part of due process
in a court of record before rights can be affected.

OK Constitution Article 2 Section 7

Due Process Definition, Black's Law (4th and 5th Ed)

I had went downstairs to the main court clerk office to see if I could get a copy of a receipt for
the one that had been prepaid for by Dr Linh Stephens. The woman there said that she did not
see one ordered. I asked to pay for one to get a receipt. They explained that the judge would
have to let me know if one was available first. Yet Judge said that I would have to have a receipt
first. So, I explained to the judge that I was just downstairs trying to pay for it and they would
not let me until the judge told them one was available. They would also not take my money.
The filing court clerk said they were going by "the rules" and they knew the rules were that the
judge had to approve the court reporter's presence first. I asked them to document what they
were telling me were the rules as they understood them and to notarize what they were saying.
They refused. I asked who made the rule and when it was made and if I could get a copy of that
rule. They said I would need to contact Kim Hall, the court administrator as she was the one that
implemented the rule a year ago when court reporters became hard to get. So, I went to her
office before court hearing. The lady I spoke with there would not give me her name but said I
would need to have the matter handled by the Bailiff, Samantha.Boen@oscn.net ; ph#
918.596.5333. The Baliff said one was being ordered for Dr Stephen's case (yet the court clerk
said none was ordered and the judge said none was ordered unless payment was made). So I sat
in court and waited for Dr Stephen's case to be called. While I waited, I also noticed in all of the
plea deals that were being handled by other Pro Se litigants, that the judge would tell them that
by going Pro Se that they were relinquishing their rights to a trial by jury or to call witnesses and
more. I stood up to offer advice that the court could not ask them to waive those rights as no
laws imparting the obligation of contracts shall be passed like interfering with one's oath to
uphold the constitutional rights of We The People.

OK Constitution Article 2 Section 15

I was told to sit down by the judge and was instructed by a Sheriff's Deputy J. Williamson who
would not give me his first name or his badge number when I asked that if I interrupted any more
that I would be escorted out. I withheld any further interruptions until Dr Stephens' case was
called. Dr Stephens case was held til the very end of the day the last case when everyone else
left- zero eyes from the public, about 1-1:30pm, when it was finally called. Immediately I asked
where the court reporter was and was told again I would need a receipt of payment for his/her
presence. I let them know this hearing was not valid if there was no court reporter. They asked
if I wanted an audio, I said I'll take what I can get but that the hearing would still be in violations
without a court reporter and that I would still be making that report. After listening to a few
comments from the prosecution side stating that Dr Stephens was in violations of some recent
motions sent, I spoke up explaining that the case was not valid due to jurisdictional issues. The
main violation is in US Constitution Article 3 when the state is a party the original jurisdiction is
the Supreme Court. Also, Dr Stephens is a Vietnam citizen, which makes another Article 3
violation. The judge asked me my name, of which I explained I was one of The People court

**119 a**

watching for a case and offering advice to the court where I saw it was needed. The judge cut me off before I could make all the other necessary objections and she asked the Sheriff Deputy to escort me out. I asked if that was under the threat of arrest. He said no at first and I therefore said I would not be leaving then. Then he changed his mind and said "yes it was under the threat of arrest". So I let him escort me out without resistance.

I come in peace and love in the name of Christ Jesus to bring you this report of injustices I witnessed in the Tulsa Family court on 5/2/2025 in front of employees of STATE OF OKLAHOMA calling themselves as special judge Loretta Radford, 3 different payment/filing court clerks, judge's clerk Karacharra Mansker, bailiff Samantha Boen, Tulsa court administrator Kim Hall, and deputy sheriff J. Williamson.

Also Included: my audio recordings of my experiences from the day

https://drive.google.com/drive/folders/1QFxefI_qj4Qx9sFyC1vkVsft55ybsRB_?usp=sharing

Sincerely,



**Notary as JURAT CERTIFICATE**

STATE OF _oKlahoma_ )
                     ) ss
COUNTY OF ██████

On this _6_ day of _may_, 20_25_ before me ████████, a Notary Public, personally appeared a living woman ████████, the Authorized Representative and Beneficiary for Legal Fiction_____), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.

I certify under PENALTY OF PERJURY under the lawful laws of Oklahoma state law and that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

Signature of Notary/Jurat

120a

Dear Valued Affiant,

I am not an attorney. Nothing in this letter is legal advice. Consult qualified counsel, the U.S. Marshals Service, or the U.S. Attorney's Office before acting.

Thank you for your extraordinary bravery in providing an affidavit to support Federal Case No. 3:25-cv-00199, which addresses concerns about systemic unconstitutional practices across all 50 states. Your willingness to share your experiences regarding what we believe are unconstitutional actions—such as the unwarranted removal of children without criminal charges, training caseworkers to force or coerce their way into homes without warrants or legal court orders, and due process violations including the failure to apply the fruit of the poisonous tree doctrine—is a testament to your strength. We recognize the difficulty of this effort and are proud of your commitment to seeking justice. This letter and affidavit are not to be transferred or copied to other individuals, except to those directly affecting you, to help safeguard your privacy.

The *Chevron Doctrine* has been overturned and cited as unconstitutional, and the ruling in *SEC v. Jarkesy* (2024) has been referenced by the President of the United States in calling out unconstitutional practices by administrative law judges. Section 242 of Title 18 of the U.S. Code addresses certain civil-rights violations, which may relate to the issues raised, including the removal of children without criminal charges as noted in *Troxel v. Granville* (530 U.S. 57, 2000), which protects parental rights absent a compelling state interest. Information about the Witness Protection Act exists, potentially including safety measures, but specific actions depend entirely on the U.S. Marshals Service's judgment following official review. Your affidavits serve as testimony against your state and its actors for these unconstitutional practices!

Should you encounter retaliation, threats, or harassment from state actors, including local police, CPS/DCS, judges, or magistrates, please consider reporting these to the U.S. Attorney's Office or the U.S. Marshals Service. It will be their discretion to assess and address any potential federal crimes. Your participation remains voluntary, and you are encouraged to seek legal counsel to navigate this process.

Please keep this letter for your records. For further guidance, consult the court clerk at the U.S. District Court for the Eastern District of Tennessee or a licensed attorney. For assistance or to initiate protection if you feel intimidated or coerced for participating in this federal case, contact the U.S. Attorney's Office in your district or the U.S. Marshals Service. This acknowledgment does not guarantee entry into the Witness Protection Program, as eligibility requires a formal determination by the Office of Enforcement Operations following a thorough review. However, your role as a witness challenging all 50 states and their actors, coupled with any documented retaliation, may support consideration due to the heightened risks involved.

Thank you again for your courage and dedication to this cause.

Sincerely,
Scott "Gunner" Evers        x

Sharon Evers        x

State of TN  County of BLOUNT
Subscribed and sworn to (or affirmed) before me on this
27 day of June , 2025 by
Scott Evers  Sharon Evers proved to me on the basis
of satisfactory evidence to be the person(s) who appeared before me.
Notary Signature
Exp: 10/28/2028

NICHOLAS O. TEFFETELLER
STATE
OF
TENNESSEE
NOTARY
PUBLIC
BLOUNT COUNTY