IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| LINH TRAN STEPHENS, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 25-5063 |
| | ) | (D.C. No. 4:24-CV-00216-JDR-CDL) |
| CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES, et al., | ) ) ) | (N.D. Okla.) |
| | ) | |
|     Defendants - Appellees | ) | |

**DEFENDANTS DHS, BANKS, HOENSHELL AND STRINGER'S OBJECTION TO APPELLANT'S RENEWED MOTION FOR EXTENSION OF TIME, ENLARGEMENT OF REPLY-BRIEF LENGTH LIMITATION, AND RESPONSE TO APPELLEES OF OKDHS' <u>MISREPRESENTATIONS AND BRIEF IN SUPPORT</u>**

    COMES NOW Defendants/Appellees Oklahoma Department of Human Services, Renee Banks, Jason Hoenshell and Emmalene Stringer, (hereinafter collectively as "DHS Appellees") and, hereby request and urge the Court to deny Appellant's Motion for Extension of Time and Enlargement of Reply-Brief Limitation[1] for the reasons that: 1) Appellant's Motion does not comply with the Federal Rules of Appellate Procedure or the Tenth Circuit Court Rules; 2) Appellant has not shown good cause as to why an extension of time is necessary; and 3) Appellant has not shown good cause as to why a page limit enlargement should be allowed. In support, DHS Appellees would show as follows:

---

[1] Appellant also includes several pages dedicated to her objection to DHS Appellees Motion for an Extension of Time to File their Response Brief. However, not only are these arguments erroneous and misplaced, but they are also moot as the extension was granted and the Response Brief has been filed.

## STATEMENT OF FACTS

1. Appellant initiated this action against all Appellee's by filing her Notice of Appeal on May 1, 2025, followed by her Opening Brief on June 14, 2025. [DOC. #1 and 21].

2. On July 14th and 15th, 2025, Appellees Ciera Freeman, Mary Johnmeyer and Charles Schwab, respectively, filed their Response Briefs. [Docs. #35-36].

3. On July 24, 2025, Appellant requested an additional 40 days within which to file her Reply to these Response Briefs and sought to enlarge the page limit from fifteen to forty-five pages. [Doc. #41].

4. Appellant's request was denied by this Court because, among other reasons, the deadline for her Reply had not yet been set. [Doc. #42].

5. On August 8, 2025, DHS Appellees filed their Response Briefs. [Doc. #43].

6. Once again, on August 18, 2025, Appellant filed a motion requesting an additional forty days to file her Reply and again sought an enlargement of page length from fifteen to forty-five. [Doc. #45].

7. For the reasons discussed below, DHS Appellees oppose Appellant's request for additional time and an enlarged page length.

# ARGUMENT

### *Appellant's Motion Fails to Comply*
### *With Federal Appellate and Tenth Circuit Court Rules*

First and foremost, Appellant's request should be denied as her Motion for does not comply with the Federal Rules of Appellate Procedure or the Tenth Circuit Court Rules. Specifically, Rule 27.6(C) requires that any motion requesting an extension of time must:

> (1) state the brief's due date; (2) contain a statement of the opposing party's position on the relief requested or why the moving party was unable to learn the opposing party's position; and (3) list any such prior motion filed and the court's action on it.

Fed. R. App. P. Rule 27.6. Appellant's Motion fails to meet <u>all</u> three requirements.

The Motion at issue does not advise as to when any Reply Brief is due. Additionally, Appellant did not properly list her prior motion for an extension of time, nor did she state this Court's response to the same. Instead, she incorrectly states that this is her "first time asking for Extension of Time to file a Reply Brief additional 40 days…" [sic] [Doc. #45, pg. 1]. As this Court is aware, Appellant filed an almost identical motion on July 24, 2025, [Doc. #41], which was denied by this Court on July 25, 2025. [Doc. #42].

Finally, and more importantly, Appellant failed to confer with opposing counsel prior to filing her motion and resultantly, failed to include a statement as to opposing counsel's position on the relief requested. Failing to do so flies in the face of Federal Rules of Appellate Procedure as well as the Tenth Circuit Court Rules. Fed. R. App. P. Rule 27.6, 10th Cir. R. 27.1. Although it is universally accepted that pro se pleadings are liberally construed and held to a less stringent formulaic standard than those drafted by attorneys, it is likewise universally true that pro se litigants MUST still follow the rules of procedure

that govern attorneys. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, Appellants failure to confer with opposing counsel, as required by the rules of procedure, should not be considered a de minimis pro se mea culpa that should be overlooked.

This is especially true with respect to this specific issue as it is not the first instance of Appellant's failure to abide by these appellate rules. When she filed her previous motion seeking an extension of time she likewise failed to confer with opposing counsel as required and failed to apprise the Court of their position. At that time, this Court specifically admonished her for this violation of procedural rules and advised that any future failure to confer, as required, could serve as an independent basis upon which the Court could deny her motion. Even still, regardless of having been previously warned, Appellant continues to violate the applicable rules. And, with respect to this particular issue, she cannot claim that her failure was based upon her misunderstanding of procedural rules because it has been explicitly explained to her. For this reason alone, her motion should be summarily denied.

### ***Appellant's Request for Forty-day Extension to Reply Should Be Denied***

In addition to her failure to adhere to applicable appellate rules, Appellant fails to provide any sufficient basis, or good cause, to support her request for an extension of time. Appellant gives several "reasons" for her request for an additional forty-days to file her Reply; however, each "reason" listed is unpersuasive. First, Appellant suggests that she needs the extension because of her "need for 40 day prayer & eating/fasting on the WORD OF GOD for revelations." [sic] [DOC. #45, pg. 2, ¶ 1]. While her religious beliefs may be

important to her, the need to pray and fast for forty days is not a sufficient, legal justification for extending the deadline to reply.

Next Appellant claims the extension of time is necessary because she is only one appellant and is required to respond to briefs filed by eight Appellees. [DOC. #45, pg. 2, ¶ 2]. This argument is disingenuous, at best, as the number of Appellees is completely controlled by Appellant. None of the Appellees voluntarily entered the fray, they were forced into it by Appellant's own hand. If the number of briefs is dauting, she is free to dismiss any number of Appellees, to reduce the number of briefs filed against her, to a number more manageable for her. The fact that she feels required to reply to the number of Response Briefs that correlate to the number of parties she has drawn into this appeal is not a sufficient basis to obtain an extension of time.

In another most bizarre and puzzling "reason" asserted, Appellant claims that her quest for an extension of time is necessary because she has been hamstrung by time constraints as there are a number of additional parallel federal proceedings occurring at the same time. [DOC. #45, pg. 2, ¶ 4]. What Appellant does not inform this Court, as it relates to this "reason," is that <u>all</u> of the parallel proceedings were initiated by Appellant herself. Thus, this "reasons" represents a problem of her own making. Voluntarily and purposefully creating chaotic time constraints and then complaining about the existence of the same is preposterous.

Appellant also states that, because she is not a lawyer, she needs an additional forty-days to research and properly form legal arguments. [Doc. #45, pg. 2, ¶ 5]. Similarly, she cites her disparity in legal resources and expertise compared to Appellees who have the full

resources of the "State of Oklahoma corporation's mafia at their disposal." [Doc. #45, pg. 2, ¶ 7]. However, as can plainly be seen, with the voluminous and exceeding long pleadings filed by Appellant, these excuses do not hold water. Further, when Appellant filed this appeal she knew she was not a lawyer and presumably knew what resources she had at her disposal. Nevertheless, she made the calculated decision to proceed anyway. As such, asserting these excuses now, at this late stage, rings hollow. Moreover, she was and is free to engage legal counsel to assist her with the technical and legal parameters of this appeal if she now finds it beyond her depth. Tellingly, Appellant has not stated that she has ever sought out or attempted to retain legal counsel to help her navigate this process, she simply states that she is at a disadvantage and is therefore entitled to an extra forty-days.

Appellant also cites the complexity of the constitutional and federal issues involved in this appeal. [DOC. #45, pg. 2, ¶ 3]. However, she provides no further details with respect to this "reason." She does not state with any specificity which issues she finds to be overly complex. Further, she does not explain how this perceived complexity prevents her from timely filing a Reply.

Finally, Appellant states that she needs the additional time because English is her second language. [DOC. #45, pg. 2, ¶ 6]. However, any possible language barrier has not hindered her ability to file numerous, overly lengthy pleadings in the Tulsa County District Court, the Oklahoma Court of Civil Appeals, the Oklahoma Supreme Court, the Northern District Court, this Court or the United States Supreme Court. To now claim that there is a language barrier that prevents her from proceeding in a timely manner, without a forty-day extension of time, is suspect, at least.

None of the above "reasons" justify Appellant's request for a forty-day extension to file her Reply. In point of fact, she has already had more than forty-days to file a Reply to the Response Briefs filed by Appellees Freeman, Johnmeyer and Charles Schwab and more than seventeen days to Reply to the Response Briefs of DHS Appellees.

Appellant also summarily states that none of the Appellees would be prejudiced by granting her request for an additional forty-day extension of time to Reply. [Doc. #45, pg. 14, ¶ 7]. However, this statement is simply not true. Appellant has sued several Appellees in their individual capacity as well as in their official capacity. Doing so, she has tied these individuals to this litigation in a way that is very different from being sued in their official capacity. Despite Appellant's apparent misunderstanding, being sued in one's individual capacity does, in fact, carry with it negative connotations and has the ability to adversely impact them personally and financially until the matter is fully resolved. As such, any delays in attending to this lawsuit do actually prejudice the individual, a fact which weighs heavily against granting such a lengthy extension of time.

### *Appellant's Request for Enlargement of Page Limit Should be Denied*

Appellant also seeks an enlargement of the page limit requirement for her Reply from fifteen[2] to forty-five pages. However, Appellant has not provided any legally sufficient justification for such an outlandish request. Conversely, there are a number of reasons for which this request should be denied.

---

[2] Fed. R. App. P. Rule 32(a)(7).

...

First, Appellant does not state how many pages, even an approximate number, she will need in excess of the allotted fifteen pages. Instead, she simply posits that she anticipated[3] the collective total of all Response Briefs would be forty-five pages. Thus, it appears that she believes she is entitled to a page for page length for her Reply. However, any such belief is grossly misplaced as the briefing guidelines do not operate on a what's good for the goose is good for the gander standard of measurement.

Secondly, although the Response Briefs in question appear to be lengthy, the total number of pages that comprise of the actual, legal arguments, for all Appellees is far less than the forty-five-pages. But, even if these briefs had a combined total of one hundred pages, it is not the page length that matters, it is the substance of arguments contained therein that is relevant. In this regard, a review of all Response Briefs reveals that there are multiple instances wherein the Appellees set forth similar arguments. As such, it seems apparent that Appellant could address all eight Appellees at the same time, with one response to these similar arguments. Of course, there are some arguments that are different but, by and large, Appellant should be able to respond, collectively to a good number of the propositions, thereby minimizing the number of pages necessary to appropriately reply without duplicating arguments.

Third, in her motion, Appellant also suggests that she needs the requested enlargement to address a laundry list of constitutional and statutory issues. Notably,

---

[3] Even though this motion was filed after all Response Briefs had been filed, rather than addressing the actual number of pages contained within those Briefs, Appellant maintained a hypothetical position as to what she thought she would need for her reply.

however, almost the entire list contains matters and topics outside of those contained within the various Response Briefs. As such, they are not ripe for discussion and should not be included in any Reply thus eliminating them from the page calculation. Further, a request as large as what Appellant seeks, to cover so many irrelevant topics, implies that she misunderstands the purpose of a Reply which is not to rehash and reassert her exhaustive list of alleged grievances, but rather an opportunity to succulently address arguments made in the Response Briefs and *only* those arguments.

Finally, based upon prior pleadings, it appears Appellant believes that saying a lot of words will carry her burden but that is quite certainly not the standard. Instead, if Appellant confines her Reply to addressing *only* arguments included in the various Response Briefs, as she is required to do, it is inconceivable to believe that she would need up to forty-five pages to effectively and concisely present her Reply.

## **CONCLUSION**

Appellant's Motion for Extension of Time and Enlargement of Reply-Brief Limitation should be denied. Appellant continues to violate the Federal Rules of Appellate Procedure and the Tenth Circuit Court Rules, despite being previously admonished for these violations. Additionally, Appellant has not established that good cause exists to grant the relief sought as she has not set forth any reasonable justification for her requests. Further, should the Court determine that any relief is appropriate, DHS Appellees submit that any additional time given and any page length enlargement allowed should be significantly less than that for which Appellant asks.

Respectfully submitted,

*s/ Amanda M. Self*
Amanda M. Self (OBA #20327)
Assistant General Counsel
Department of Human Services
P.O. Box 25352
Oklahoma City, OK  73125-0352
Telephone: (405) 521-3638
E-mail:  Amanda.Self@okdhs.org
*Attorney for Defendants DHS, Banks, Hoenshell, and Stringer*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*s/ Amanda M. Self*
Amanda M. Self