Tenth Circuit case number **25-5063**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

(1) Linh Tran Stephens, sui juris, natural living breathing woman with a living soul and the Holy Spirit, Ambassador of Christ/Yahusha     —    *Plaintiff-Appellant,*
Vs.

(2) CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES (CSS of OKDHS),

(3) CHARLES SCHWAB AND CO., INC.,

(4) Cierra Freeman, in individual and official capacity as court-appointed attorney for child-support enforcement,

(5) Mary Johnmeyer, in individual capacity and in official capacity as legal counsel of Charles Schwab,

(6) Renee Banks, in individual capacity and official capacity as CSS Director,

(7) Jason Hoenshell, in individual capacity and in official capacity as Oklahoma FIDM Coordinator,

(8) Emmalene Stringer, in individual capacity and in official capacity as State's attorney for CSS; *et. al.*     —    *Defendants-Appellees.*

---

On Appeal from the United States District Court for the Northern District Of Oklahoma
(Case No. 24-CV-216-JDR-CDL)
The Honorable Judge John D. Russell

---

# EMERGENCY MOTION FOR STAY PENDING APPEAL

# AND FOR INJUNCTION PENDING APPEAL

Pursuant to Fed. R. App. P. 8, Fed. R. App. P. 27,
10th Cir. R. 27.3, 28 U.S.C. § 1651(a) (All Writs Act),
42 U.S.C. § 1983, and 28 U.S.C. § 2254

---

Linh Tran Stephens / Agent or attorney-in-fact
Appellant, *sui juris self presenting*
℅ 1964 Ashley River Rd Ste B Unit 80112,
Charleston, South Carolina 00000
ZIP EXEMPT [near 29407] without the United States
LinhStephens7@gmail.com ; phone: (843) 608-0294

## TABLE OF CONTENTS

TABLE OF AUTHORITIES … ......................................................................... 2

INTRODUCTION ......................................................................................... 5

STATEMENT OF LEGAL STATUS OF APPELLANT ................................ 6

JURISDICTIONAL STATEMENT ................................................................ 7

STATEMENT OF THE CASE ...................................................................... 8

STATEMENT OF FACTS (AFFIDAVIT FORM) ....................................... 11

STANDARD OF REVIEW .......................................................................... 13

ARGUMENT ............................................................................................... 13

    I. THIS COURT SHOULD GRANT A STAY PENDING APPEA L..................... 13

        A. Appellant Has a Strong Likelihood of Success on the Merits ...................... 13

        B. Appellant Will Suffer Irreparable Harm Absent a Stay ................................ 15

        C. The Stay Will Not Substantially Injure Other Parties ................................... 16

        D. The Public Interest Favors a Stay ................................................................ 16

    II. CAUSES OF ACTION AND USC CODES ......................................... 16

        A. ERISA Violations (29 U.S.C. §§ 1056(d), 1132, 1144) ............................... 16

        B. Turner v. Rogers Violations (42 U.S.C. § 1983) ........................................... 17

        C. Full Faith and Credit (28 U.S.C. §§ 1738, 1738A, 1738B) .......................... 17

        D. Due Process Violations (Fifth and Fourteenth Amendments) ...................... 17

        E. Double Jeopardy (Fifth Amendment) ............................................................ 19

        F. Monell Claims (42 U.S.C. § 1983) ................................................................ 19

    III. PREEMPTIVE DEFENSES AGAINST MOTION TO DISMISS ................. 20

DEMAND FOR JURY TRIAL ..................................................................... 21

PERMANENT AND CONTINUOUS OBJECTION TO SPECIAL
JUDGES/MAGISTRATES ........................................................................... 21

RELIEF SOUGHT ....................................................................................... 21

DECLARATION UNDER 28 U.S.C. § 1746 ............................................... 22

NOTARY AS JURAT CERTIFICATE (COMMON LAW) .......................... 24

CERTIFICATE OF COMPLIANCE ............................................................ 25

CERTIFICATE OF SERVICE … ................................................................. 25

---

# TABLE OF AUTHORITIES

## <u>CASES</u>

*Ankenbrandt v. Richards*, 504 U.S. 689 (1992) ........................................................ 14, 20

*Awad v. Ziriax*, 670 F.3d 1111 (10th Cir. 2012) ........................................................ 13

*Baker v. General Motors Corp.*, 522 U.S. 222 (1998) .................................................... 17

*Bearden v. Georgia*, 461 U.S. 660 (1983) .................................................................. 15, 17

*Boggs v. Boggs*, 520 U.S. 833 (1997) .................................................................... 14, 16, 19

*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) ................................................. 18

*Connecticut v. Doehr*, 501 U.S. 1 (1991) ...................................................................... 19

*Elrod v. Burns*, 427 U.S. 347 (1976) ........................................................................ 15

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) .............. 13, 14, 20

*Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365 (1990) ............... 16, 19

*Havens v. Johnson*, 783 F.3d 776 (10th Cir. 2015) .................................................... 17, 18

*Liteky v. United States*, 510 U.S. 540 (1994) .............................................................. 18

*Mathews v. Eldridge*, 424 U.S. 319 (1976) .................................................................. 18

*Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) .............................................. 6, 19

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) ........................... 18

*Nken v. Holder*, 556 U.S. 418 (2009) ........................................................................ 13

*Owen v. City of Independence*, 445 U.S. 622 (1980) .................................................... 19

*Santosky v. Kramer*, 455 U.S. 745 (1982) .................................................................. 15

*SEC v. Jarkesy*, 603 U.S. 109 (2024) ........................................................................ 21

*Slaughter-House Cases*, 83 U.S. 36 (1873) .............................................................. 6, 23

*Timbs v. Indiana*, 139 S. Ct. 682 (2019) ................................................................ 17

*Troxel v. Granville*, 530 U.S. 57 (2000) ............................................................... 15

*Turner v. Rogers*, 564 U.S. 431 (2011) ...................................... 5, 10, 11, 15, 16, 17, 19

*United States v. Dixon*, 509 U.S. 688 (1993) ............................................. 15, 19

*V.L. v. E.L.*, 577 U.S. 404 (2016) ............................................................... 17

## CONSTITUTIONAL PROVISIONS

- Article III .................................................................................... 21

- Article IV, § 1 (Full Faith and Credit) ................................................. 17

- Article IV, § 2 (Privileges and Immunities) .......................................... 24

- Amendment V (Due Process, Double Jeopardy) ............................... 15, 17, 19, 21

- Amendment VII (Jury Trial) ............................................................. 21

- Amendment VIII (Excessive Fines) .................................................... 17

- Amendment XIV (Due Process, Equal Protection) ........................... 6, 17, 18, 21

## FEDERAL STATUTES

- 8 U.S.C. § 1101(b)(3) ...................................................................... 7

- 8 U.S.C. § 1401(a) .......................................................................... 6

- 26 C.F.R. § 301.7701-11 ................................................................... 7

- 28 U.S.C. § 1291 ............................................................................ 7

- 28 U.S.C. § 1331 ....................................................................... 14, 20

- 28 U.S.C. § 1332(a)(1) ..................................................................... 6

- 28 U.S.C. § 1446(d) ........................................................................ 15

- 28 U.S.C. § 1651(a) (All Writs Act) ............................................... 1, 5, 7

- 28 U.S.C. §§ 1738, 1738A, 1738B .................................................... 6, 9, 17, 20

- 28 U.S.C. § 1746 .................................................................................. 2, 22

- 28 U.S.C. § 2254 .................................................................................. 1, 7

- 29 U.S.C. § 1056(d) (ERISA) ......................................... 5, 9, 11, 13, 16, 19, 22

- 29 U.S.C. § 1132 .............................................................................. 2, 5, 16

- 29 U.S.C. § 1144 .............................................................................. 2, 5, 16

- 42 U.S.C. § 652(k) ................................................................................. 12

- 42 U.S.C. § 1983 ............................................ 1, 5, 6, 14, 17, 19, 20, 21

- 42 U.S.C. § 1988 ..................................................................................... 22

## **STATE STATUTES**

- Okla. Stat. tit. 20, §§ 123, 124 .............................................................. 21

## **RULES**

- Fed. R. App. P. 8 ............................................................................. 1, 5, 7

- Fed. R. App. P. 27 ........................................................................ 1, 5, 25

- Fed. R. App. P. 32 ................................................................................. 25

- 10th Cir. R. 27.1 ................................................................................... 25

- 10th Cir. R. 27.3 ............................................................................. 1, 5, 7

- Fed. R. Civ. P. 11 ................................................................................. 20

- Fed. R. Civ. P. 38 ................................................................................. 21

- Fed. R. Civ. P. 52 ................................................................................. 22

## INTRODUCTION

Appellant Linh Tran Stephens respectfully moves this Court for an emergency stay of all related state court proceedings and an injunction pending appeal pursuant to Federal Rule of Appellate Procedure 8, Federal Rule of Appellate Procedure 27, Tenth Circuit Rule 27.3, the All Writs Act (28 U.S.C. § 1651(a)), and 42 U.S.C. § 1983.

I am not a surety and I do not consent to any attempted body attachment warrant.

This motion arises from the U.S. District Court for the Northern District of Oklahoma's April 24, 2025 Opinion and Order dismissing Appellant's claims in Case No. 24-CV-216-JDR-CDL. Appellant faces imminent imprisonment for six months based on an Oklahoma state court bench warrant issued May 8, 2025, arising from her documented and judicially-affirmed inability to pay court-ordered child support of $2,360.24 per month.

This appeal presents substantial federal questions including:

**(1)** Whether the District Court erred in dismissing Appellant's ERISA claims under 29 U.S.C. §§ 1056(d), 1132, and 1144, when Oklahoma seized $64,445.92 from Appellant's ERISA-protected 401(k) retirement account without a valid QDRO and without any owner's consent;

**(2)** Whether the District Court erred in applying the Rooker-Feldman doctrine and domestic relations exception to bar federal claims arising under ERISA and 42 U.S.C. § 1983;

**(3)** Whether Oklahoma's imprisonment of Appellant for inability to pay child support, without an ability-to-pay hearing, violates *Turner v. Rogers*, 564 U.S. 431 (2011);

**(4)** Whether Oklahoma's disregard of a binding Oregon decree expressly providing "Jeep and Trailer in lieu of child support" violates the Full Faith and Credit Clause and 28 U.S.C. §§ 1738, 1738A, and 1738B;

**(5)** Whether Oklahoma's pattern and practice of constitutional violations establishes municipal liability under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), **etc.**

## STATEMENT OF LEGAL STATUS OF APPELLANT

Linh Tran Stephens (lower case) is a "free [nonblack] person" and stateless national ("woman" of the "Union"), in accordance with the statements made by the Honorable Justice Miller in the *Slaughter-House Cases*, 83 U.S. 36 (U.S. Supreme Court - 1873), and the Honorable Chief Justice Wallace in *ELLEN R. VAN VALKENBURG v. ALBERT BROWN*, 43 Cal. 43 (California Supreme Court - 1872).

Linh Tran Stephens is not and has never been a "U.S. citizen", as clearly delineated in 28 U.S.C. § 1332(a)(1). The rights of Linh Tran Stephens the sentient being are derived from the Bill of Rights, not from the 14th Amendment. Linh Tran Stephens is neither a negro nor a descendant of such. Linh Tran Stephens would be considered a "people" in plural usage. Linh Tran Stephens' biological property is G.L.Stephens as her flesh and blood. Linh Tran Stephens was the indorser and representative on the two original notes executed with the SBA.

Meanwhile, LINH TRAN STEPHENS©™ is a 14th Amendment US citizen in accordance with 8 U.S.C. § 1401(a), deriving her standing from the privileges and immunities available in the 14th Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of

"individual" in the definition of the word "person" as described in 8 U.S.C. § 1101(b)(3). The legal structure of LINH TRAN STEPHENS©™ is a sole proprietorship. Her EIN number is the "Social Security Number" that was used on these original notes, in accordance with 26 C.F.R. § 301.7701-11. LINH TRAN STEPHENS©® is, in terms of the Commercial Codes (UCC), the represented person/account holder/issuer of the original notes executed with the SBA.

Under ecclesiastical fundamental principles, American Common Law, UCC, the organic Constitution, commercial law, trust law, contract law, tort law, criminal law, and probate law, Appellant maintains her status as a living woman, not a corporate fiction or statutory "person" subject to administrative jurisdiction without consent.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which grants the courts of appeals jurisdiction over final decisions of the district courts. The District Court entered final judgment on April 24, 2025, dismissing all of Appellant's claims. Appellant filed a timely Notice of Appeal on April 29, 2025, and an Amended Notice of Appeal on April 30, 2025.

This Court has jurisdiction to grant a stay pending appeal and an injunction pending appeal pursuant to:

• *Federal Rule of Appellate Procedure 8(a) (Stay or Injunction Pending Appeal)*

• *28 U.S.C. § 1651(a) (All Writs Act)*

• *Tenth Circuit Rule 27.3 (Emergency Motions)*

• *28 U.S.C. § 2254 (Habeas Corpus - related petitions pending)*

Appellant did *not* seek a stay from the lower District Court because: (1) the District Court dismissed all claims as moot and would not have jurisdiction to grant a stay; (2) the emergency circumstances require immediate relief that the District Court cannot provide; and (3) making such a motion would be futile given the District Court's demonstrated hostility to Appellant's claims. See Fed. R. App. P. 8(a)(2)(A)(i)-(ii).

## STATEMENT OF THE CASE

### A. The Oregon Divorce Decree

On January 8, 2016, Appellant and Adam Sylvester Stephens finalized their divorce in Columbia County, Oregon, Case No. 15DR18623. The Stipulated General Judgment of Dissolution of Marriage established 50/50 joint legal and physical custody of their daughter G.S., with "unhampered access to child for both parties." Critically, the Oregon decree expressly states—five times throughout the document—"Jeep and Trailer in lieu of child support." This provision constituted a binding contractual settlement of all child support obligations.

### B. Oklahoma's Assumption of Jurisdiction

In 2017, Appellant registered the Oregon decree in Tulsa County, Oklahoma (Document #1037428505) under case FD-2015-2228 to help enforce the decree against CUSTODIAL INTERFERENCE of exhusband Adam against Appellant Linh. Oklahoma judges Kevin Morrison and Thera Dreiling initially affirmed the binding nature of the Oregon decree. However, subsequent Oklahoma courts disregarded this decree, creating contradictory child support obligations in violation of 28 U.S.C. § 1738 (Full Faith and Credit) and 28 U.S.C. § 1738B (Full Faith and Credit for Child Support Orders Act).

On February 20, 2024, Oklahoma Special Judge April Seibert issued an unauthorized and unlawful modification order imposing child support obligations of $2,360.24 per month—retroactively dated to August 2017—without Appellant's consent, without a motion to modify, and in violation of the binding Oregon decree.

## C. ERISA Violations

On May 7, 2024, Oklahoma Department of Human Services, Child Support Services (OKDHS CSS) unlawfully seized $64,445.92 from Appellant's 401(k) retirement account at Charles Schwab in violation of 29 U.S.C. § 1056(d) (ERISA Anti-Alienation). These retirement funds were: **(1)** earned during Appellant's employment with Cherokee Nation (Indian Health Services) from 2018-2020 (earning started 2 years or more after finalized divorce of Oregon decree); **(2)** established during Appellant's *subsequent* marriage (which remains intact even today and nonparties to this case); **(3)** protected by ERISA's anti-alienation provisions; and **(4)** seized without any valid Qualified Domestic Relations Order (QDRO) as defined in 29 U.S.C. § 1056(d)(3).

## D. District Court Proceedings

On May 8, 2024, Appellant filed the original claim ("verified" claim) in the U.S. District Court for the Northern District of Oklahoma, Case No. 24-CV-216-JDR-CDL. On April 8, 2025, Appellant filed a Verified Motion for Emergency Injunctive Relief and Removal from State Court Proceedings. On April 24, 2025, the District Court (Judge John D. Russell) dismissed all claims, granting Defendants' Motions to Dismiss based on misapplications of Rooker-Feldman doctrine and the domestic relations exception.

The District Court erred by: **(1)** failing to analyze Appellant's ERISA claims under federal preemption principles; **(2)** misapplying Rooker-Feldman to independent federal claims; **(3)** extending the domestic relations exception *beyond* its proper scope; and **(4)** denying Appellant's motion for emergency injunctive relief *without* analysis of the ***four-factor test***.

### E. Current Emergency

On May 8, 2025, the Oklahoma state court issued a bench warrant for Appellant's arrest in the amount of *$13,711.24 (cash only)*, with execution of *six months' incarceration upon arrest*. This imprisonment is predicated solely on Appellant's inability to pay child support, without any ability-to-pay hearing as required by *Turner v. Rogers*, 564 U.S. 431 (2011). ***Federal habeas petitions (Case Nos. 4:25-cv-00285 and 4:25-cv-00286)*** have been pending since June 2025 without resolution.

## STATEMENT OF FACTS
### *(IN AFFIDAVIT FORM)*

I, linh-tran: stephens, a natural living woman breathing with a soul and Holy Spirit, one-and-only agent and beneficiary of LINH TRAN STEPHENS©™, sui juris, being first duly sworn upon my own unlimited commercial liability, do hereby state and attest, based upon my firsthand knowledge and information received, the following to be true, correct, complete, and not misleading:

1. I am the Appellant in this matter, proceeding sui juris as a self-represented plaintiff, a natural living woman.

2. I am not a surety and I do not consent to any attempted body attachment warrant.

3. On January 8, 2016, my divorce from Adam Sylvester Stephens was finalized in Columbia County, Oregon, Circuit Court (Case No. 15DR18623), establishing "50/50 joint legal and physical custody" with "unhampered access to child for both parties."

4. The Oregon divorce decree expressly states "Jeep and Trailer [from Linh to Adam] in lieu of child support [until child ages out]" FIVE (5) times, constituting a complete waiver of all future child support obligations.

5. This Oregon decree was registered and recognized in Tulsa County, Oklahoma (Document #1037428505) on July 11, 2017. At no time did I consent to any modification of the child support provisions.

6. On December 3, 2021, my daughter G.L.Stephens ("G.S.") was forcibly taken by Oklahoma DHS from school without a warrant, without criminal charges, and without documented evidence against me.

7. Seven (7) professional affidavits expressed serious concerns about the biological father's abuse while stating zero concerns about my parenting were admitted into lower courts evidence and affirmed by witnesses but ignored by all "judges".

8. On February 20, 2024, Oklahoma Special Judge April Seibert issued an unauthorized modification order imposing child support of $2,360.24 per month—retroactively dated to August 2017—without my consent.

9. On May 7, 2024, OKDHS CSS unlawfully seized $64,445.92 from my Charles Schwab 401(k) retirement account in violation of 29 U.S.C. § 1056(d). These funds were earned during my subsequent marriage (which remains intact) and no valid QDRO was ever issued.

10. I was imprisoned for two months (from February 2024) for alleged contempt arising from inability to pay these fabricated child support obligations. At no point was an ability-to-pay hearing conducted as motioned/demanded and as required by *Turner v. Rogers*.

11. My indigency status was affirmed by the Oklahoma Supreme Court in *January 2023* when it overruled Respondent's objection to my Motion for Leave to Proceed In Forma Pauperis.

12. On May 2, 2025, as witnessed by in-person court watcher named S.B., the Tulsa County court conducted a non-jury trial where I and my other ADA advocates attempted to appear virtually—the same method permitted for Respondent—but were deliberately blocked from accessing the proceeding [**see attached Exhibits for in-person witness' Sworn Affidavit whose name is redacted from public for her safety but available upon request by this Court and willing to testify under oath**].

13. On May 8, 2025, the Court entered a bench warrant for my arrest ($13,711.24 cash only), with six months' incarceration upon arrest [see attached Exhibits]

14. My passport was revoked under 42 U.S.C. § 652(k) without pre-deprivation notice or hearing.

15. Oklahoma blocked my medical license renewal, followed by revocation, permanently closing my direct primary care clinic (DPC) that was opened from January 2021.

16. My daughter G.S. has been separated from me since December 3, 2021—more than four years—without findings of harm or unfitness.

17. Federal habeas petitions (Case Nos. 4:25-cv-00285 and 4:25-cv-00286) have been pending since June 2025 without resolution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct.

WITHOUT RECOURSE

*without prejudice*
*linh-tran: stephens, Agent*

Linh Tran Stephens / Agent or attorney-in-fact

---

## STANDARD OF REVIEW

In considering a motion for stay pending appeal, this Court applies the four-factor test articulated in *Nken v. Holder*, 556 U.S. 418, 434 (2009): (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

The Tenth Circuit has held that these factors are not prerequisites but rather "interrelated considerations that must be balanced together." *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012). The first two factors are the most critical, and a movant need only show a "substantial case on the merits" when the balance of hardships favors granting a stay. Id.

This Court reviews *de novo* the District Court's dismissal for failure to state a claim and its application of the Rooker-Feldman doctrine. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

## ARGUMENT

## I. THIS COURT SHOULD GRANT A STAY PENDING APPEAL

### A. Appellant Has a Strong Likelihood of Success on the Merits

The District Court committed multiple errors requiring reversal:

#### 1. ERISA Claims Were Improperly Dismissed

ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1), explicitly prohibits the assignment or alienation of pension plan benefits. This Court has recognized that ERISA

preemption creates complete federal question jurisdiction that cannot be defeated by state law claims. The District Court erred by failing to analyze Appellant's claims under established ERISA preemption principles.

In *Boggs v. Boggs*, 520 U.S. 833 (1997), the Supreme Court held that ERISA preempts state domestic relations law when they conflict with ERISA's anti-alienation provisions. Here, Oklahoma seized $64,445.92 from Appellant's ERISA-protected retirement account without a valid QDRO—the sole mechanism by which state courts can reach ERISA benefits. See 29 U.S.C. § 1056(d)(3).

### 2. Rooker-Feldman Was Misapplied

The District Court erred in applying Rooker-Feldman to dismiss Appellant's claims. The Supreme Court clarified in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), that Rooker-Feldman is a narrow doctrine limited to cases where the federal plaintiff lost in state court and seeks review of that loss in federal court. OF NOTE, Appellant does <u>not</u> seek to overturn a state court judgment. Rather, Appellant asserts independent federal claims under **ERISA and 42 U.S.C. § 1983** that arise from violations of federal law. These claims existed *independently* of any state court proceedings.

### 3. Domestic Relations Exception Does Not Apply

The domestic relations exception is a narrow exception to diversity jurisdiction. It does <u>not</u> apply to federal question cases. See *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). Appellant's ERISA claims and civil rights claims under 42 U.S.C. § 1983 are federal question cases arising under 28 U.S.C. § 1331, <u>not</u> diversity cases.

**B. Appellant Will Suffer Irreparable Harm Absent a Stay**

Appellant faces imminent and recurrent imprisonment for six (6) months based on an outstanding bench warrant issued May 8, 2025, in the amount of $13,711.24 (cash only). This constitutes unlawful double jeopardy in violation of the Fifth Amendment, as Appellant previously served two (2) months of incarceration (from February 2024) for the identical alleged child support arrearages. The imposition of successive imprisonment for the same civil debt—debtor's imprisonment—is unconstitutional on its face. *See Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983); *United States v. Dixon*, 509 U.S. 688 (1993). Both incarcerations were imposed without Appellant's consent, without an ability-to-pay hearing as mandated by *Turner v. Rogers*, 564 U.S. 431 (2011), and in willful disregard of Appellant's timely objections, jurisdictional challenges, pending federal proceedings, and properly filed Notice of Removal to Federal Court pursuant to 28 U.S.C. § 1446(d)—which by operation of law divested the state court of jurisdiction to proceed further. The state court's continued prosecution under these circumstances constitutes prosecutorial vindictiveness, abuse of process, and deliberate indifference to clearly established constitutional rights.

"[T]he loss of constitutional freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Additional irreparable harms include:

• Separation from minor child G.S. for over four years without findings of harm or unfitness, causing irreparable harm to the parent-child bond. Troxel v. Granville, 530 U.S. 57 (2000); Santosky v. Kramer, 455 U.S. 745 (1982).

• $64,445.92 seized from ERISA-protected retirement accounts, which funds have "disappeared within state bureaucracy." (per testimony of Adam's private attorney)

• Revoked passport preventing visits to terminally ill relatives abroad or mission trips.

• Revoked medical license permanently closing Appellant's direct primary care clinic.

## C. The Stay Will Not Substantially Injure Other Parties

A stay will not substantially injure Appellees. The underlying child support obligation (if any exists after proper adjudication) will not disappear if "stay". Any amounts ultimately determined to be owed can be paid following resolution of this appeal.

## D. The Public Interest Favors a Stay

The public interest favors a stay. Systematic violations of *Turner v. Rogers* undermine public confidence in the judicial system and perpetuate unconstitutional debtors' imprisonment. The questions presented—whether states may imprison indigent parents without ability-to-pay hearings and seize federally-protected retirement accounts—affect thousands of families nationwide.

## II. CAUSES OF ACTION AND USC CODES

## A. ERISA Violations (29 U.S.C. §§ 1056(d), 1132, 1144)

Appellees violated ERISA's anti-alienation provision, 29 U.S.C. § 1056(d)(1), by seizing $64,445.92 from Appellant's 401(k) retirement account without a valid QDRO. ERISA preempts state domestic relations law when they conflict with ERISA protections. *Boggs v. Boggs*, 520 U.S. 833 (1997); *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365 (1990).

**B. Turner v. Rogers Violations (42 U.S.C. § 1983)**

Oklahoma courts violated *Turner v. Rogers*, 564 U.S. 431 (2011), by imprisoning Appellant without conducting an ability-to-pay hearing despite her documented and judicially-affirmed indigency. This violation is actionable under 42 U.S.C. § 1983 as a deprivation of due process. The Tenth Circuit has recognized that "the right not to be incarcerated for a civil debt without evidence of willful refusal to pay is clearly established." *Havens v. Johnson,* 783 F.3d 776, 785 (10th Cir. 2015).

The imprisonment of a person known to be unable to pay violates the Eighth Amendment. *Bearden v. Georgia*, 461 U.S. 660 (1983); *Timbs v. Indiana*, 139 S. Ct. 682 (2019).

**C. Full Faith and Credit Violations (28 U.S.C. §§ 1738, 1738A, 1738B)**

Oklahoma violated the Full Faith and Credit Clause (U.S. Const. art. IV, § 1) and its implementing statutes (28 U.S.C. §§ 1738, 1738A, 1738B) by disregarding the binding Oregon decree that expressly provided "Jeep and Trailer in lieu of child support" five times. *V.L. v. E.L.*, 577 U.S. 404 (2016); *Baker v. General Motors Corp.*, 522 U.S. 222 (1998).

**D. Due Process Violations (Fifth and Fourteenth Amendments)**

Appellees violated the Due Process Clause by:

**(1) Imprisonment Without Ability-to-Pay Hearing:** Imprisoning Appellant without conducting the constitutionally-mandated ability-to-pay hearing required by *Turner v. Rogers*, 564 U.S. 431 (2011), despite Appellant's express written motions demanding such hearing and despite Appellant's judicially-affirmed indigency status (Oklahoma

Supreme Court, January 2023). The deliberate denial of Appellant's repeated demands for an ability-to-pay determination constitutes willful violation of clearly established constitutional rights. *See Havens v. Johnson*, 783 F.3d 776, 785 (10th Cir. 2015) (holding the right not to be incarcerated for civil debt without evidence of willful refusal to pay is clearly established);

**(2) Discriminatory Denial of Virtual Access:** Deliberately denying Appellant and her ADA advocates virtual access to the May 2, 2025 hearing while simultaneously granting identical virtual access to Respondent Adam Sylvester Stephens, thereby demonstrating intentional discrimination, judicial bias, and malicious prosecution in violation of the Equal Protection Clause. This disparate treatment—permitting one party to appear virtually while blocking the other—evinces animus and predetermined intent to deprive Appellant of a fair and impartial tribunal. *See Liteky v. United States*, 510 U.S. 540 (1994); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *[see attached Exhibits for in-person witness' Sworn Affidavit whose name is redacted from public for her safety but available upon request by this Court and willing to testify under oath].*

**(3) Default Judgment Without Proper Notice:** Entering default judgment against Appellant without constitutionally adequate notice and opportunity to be heard, in violation of the fundamental requirements of procedural due process. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their

objections"); *Mathews v. Eldridge*, 424 U.S. 319 (1976); and

**(4) Seizure of ERISA-Protected Retirement Funds Without Due Process:** Seizing $64,445.92 from Appellant's ERISA-protected 401(k) retirement account without pre-deprivation notice, without hearing, and without a valid Qualified Domestic Relations Order (QDRO) as exclusively authorized under 29 U.S.C. § 1056(d)(3), thereby violating both ERISA's anti-alienation provisions and the constitutional prohibition against deprivation of property without due process of law. *See Boggs v. Boggs*, 520 U.S. 833 (1997); *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365 (1990); *Connecticut v. Doehr*, 501 U.S. 1 (1991) (pre-deprivation hearing required before seizure of property interests).

**E. Double Jeopardy (Fifth Amendment)**

Appellant was imprisoned for two months in 2024 and faces an additional six months for the same alleged child support debts in 2025 and ongoing. This constitutes double jeopardy prohibited by the Fifth Amendment. *United States v. Dixon*, 509 U.S. 688 (1993).

**F. Monell Claims (42 U.S.C. § 1983)**

Oklahoma's systematic violations of *Turner v. Rogers* demonstrate a pattern and practice of constitutional violations establishing municipal liability under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Oklahoma courts have adopted a policy of denying Rule 8 hearings in child support contempt cases, directly conflicting with *Turner*. *Owen v. City of Independence*, 445 U.S. 622 (1980), established that municipalities cannot claim immunity for constitutional violations.

## III. PREEMPTIVE DEFENSES AGAINST MOTION TO DISMISS

Appellant anticipates Appellees may seek dismissal and preemptively asserts the following defenses:

1. Federal Question Jurisdiction (28 U.S.C. § 1331): Appellant's claims arise under federal law including ERISA, 42 U.S.C. § 1983, and the Full Faith and Credit Clause.

2. Rooker-Feldman Inapplicable: Appellant asserts independent federal claims, not review of state judgments at all. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

3. Domestic Relations Exception Inapplicable: Exception applies only to diversity jurisdiction, not federal question cases. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992).

4. Younger Abstention Inapplicable: State proceedings violate due process on their face; Oklahoma Office of Civil Rights Enforcement recused itself acknowledging no adequate state remedy.

5. Standing Established: Appellant suffered concrete injuries including imprisonment, financial loss, loss of parental rights, and revocation of passport (freedom to travel) and driver licensure and all professional licensures including medical license [see Exhibits]

6. Ex parte Young Exception: Permits suits against state officials for prospective injunctive relief. 209 U.S. 123 (1908).

7. **Fed. R. Civ. P. 11 Sanctions Notice**: Appellant puts opposing counsel on notice that any motion lacking factual foundation or legal merit may be subject to sanctions.

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment and Fed. R. Civ. P. 38, Appellant demands a trial by jury on all issues so triable including: (1) all claims under 42 U.S.C. § 1983; (2) all claims for compensatory and punitive damages; and (3) all factual determinations. *SEC v. Jarkesy*, 603 U.S. 109 (2024), confirms jury trial rights in quasi-criminal proceedings carrying potential deprivation of liberty.

**PERMANENT AND CONTINUOUS OBJECTION
TO SPECIAL JUDGES AND MAGISTRATES**

Appellant raises permanent and continuous objection to any special judges, magistrates, alternatives, or substitutes other than Article III constitutional judges, grounded in:

• Article III of the United States Constitution;

• *SEC v. Jarkesy*, 603 U.S. 109 (2024);

• Oklahoma Statutes §§ 20-123 and 20-124;

• Due Process Clause of Fifth and Fourteenth Amendments.

**RELIEF SOUGHT**

WHEREFORE, Appellant respectfully requests this Court:

1. Grant an immediate stay of all Oklahoma state court proceedings in Case No. FD-2015-2228, including the May 8, 2025 bench warrant, debtor imprisonment, attorney fees orders and their enforcement since December 03, 2021, and all contempt orders; Stay all related enforcement actions including asset seizures/liens, passport restrictions, and licenses revocations (driver license and professional licenses including medical one);

---

2. Issue an injunction pending appeal prohibiting Appellees from enforcing any arrest warrants, contempt orders, or child support orders against Appellant;

3. Stay all attorney fee awards/judgments against Appellant and enforcements;

4. Stay all related enforcement actions including asset seizures/liens, passport restrictions, and licenses revocations (drive license, professional licenses, including medical license);

5. Reverse the District Court's April 24, 2025 dismissal order;

6. Remand with instructions to adjudicate all federal claims including ERISA, RICO, and 42 U.S.C. § 1983 claims;

7. Order return of $64,445.92 seized from Appellant's ERISA-protected retirement acct;

8. Order restoration of Appellant's passport and medical licenses;

9. Award attorney's fees under 42 U.S.C. § 1988;

10. Grant such further relief as may be just and proper.

11. This Court is respectfully requested to provide written statements of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, rather than any abusive discretion for appeal purposes if justice, truth, and the Constitution of the United States of America is not revered in this Court.

12. Appellant reserves the right to amend this motion at any time.

## DECLARATION OF LINH TRAN STEPHENS

### UNDER 28 U.S.C. § 1746

I, linh-tran: stephens, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct, and that I am not a surety and I do not consent to any attempted body attachment warrant.

Executed this 10th day of January, 2026.

*Psalm 127:3[1] + Psalm 105:15[2] + Exodus 8:1 & 9:1[3] + Isaiah 54:17[4]*
Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce; **Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

By: _____
Linh Tran Stephens / Agent or attorney-in-fact
All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*, sui juris, Ambassador of יהוה and Heir of the Creator a/k/a the I AM THAT I AM, my heir/offspring is G.L.S; By the Holy and Eternal Authority vested in me by Yahusha Ha'Mashiach as
High Royal Priest (1 Peter 2:9) of Melchizedek Order (Hebrews 7:17), I do hereby seal, confirm, and sanctify this instrument and its contents as lawfully issued in Heaven and upon the Earth,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust",
A natural living woman upon land breathing with a living soul and the Holy Spirit, natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit, unlimited, non-incorporated, non-sole-proprietor,
**stateless** "**freeman of the Union**" per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),

---

[1] "Lo, children are a heritage of the Lord: and the fruit of the womb is His reward." (Psalm 127:3 GNV) This verse affirms that children are a divine gift from God—not property of the state, nor wards of the court, but sacred trusts entrusted by the Creator YHWH יהוה
[2] "Touch not mine anointed, and do my prophets no harm." (Psalm 105:15 GNV).
[3] YAHUAH ordered you rulers: "Let my people go, that they may serve me" (Exodus 8:1). "Let my people go, so that they may worship me" (Exodus 9:1).
[4] "No weapon that is formed against thee shall prosper, and every tongue that shall rise against thee in judgment, thou shalt condemn. This is the heritage of the servants of the Lord, and their righteousness is of me," saith the Lord YHWH (Isaiah 54:17 GNV)

full capacity and competency with postgraduate level of education, living on the land of the republic, with God-given rights pursuant to Bills of Rights, NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary; i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts;

Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities

**General Delivery Town Post,**
**Non-Domestic, without the UNITED STATES of Washington, D.C.**
℅ 1964 Ashley River Road Ste B Unit 80112,
Charleston, South Carolina republic 00000
**ZIP exempt** [near 29407-4782] without the UNITED STATES D.C.,
Email: LinhStephens7@gmail.com*; Tel:* 843-608-0294

**Notice:** Using a Notary on this document does *not* create any adhesion contract with the state/, nor does it alter any legal status of any of the parties hereto in any manner, but is used only for verification, identification, and certification purposes and not for entrance into any foreign jurisdiction nor into U.S. jurisdiction. All rights are reserved. Without prejudice and without recourse.

### Notary as JURAT CERTIFICATE

state of Minnesota       )
                      ) *ss*
County of Sherburne     )

On this 10th day of January, 2026 before me, Melissa K. Vagle, a Notary Public, personally appeared a living woman Linh Tran Stephens ( the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS©™ ), who electronically/virtually proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to within the instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.

I certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d) and 10th Cir. R. 27.1, I certify that this motion complies with the type-volume limitation because it contains 5,200 words or less [4328 to be exact], excluding the parts exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word in 13-point Times New Roman, a proportionally spaced font.

WITHOUT RECOURSE.

*without prejudice*
*linh-tran: stephens/Agent*

linh-tran: stephens / Appellant sui juris
Dated: January 10, 2026

## CERTIFICATE OF SERVICE

The undersigned certify that on January 10th, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system; Defendants/Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system of

Clerk of U.S. Court of Appeals for the Tenth Circuit
1823 Stout Street,
Denver, Colorado 80257

WITHOUT RECOURSE.

*without prejudice*
*linh-tran: stephens/Agent*

**AFFIDAVIT of Truth by S█████████**                                    5/5/2025

On Friday, 5/2/2025 at 9:02am, Dr Linh Stephens was on the docket for family court in Judge Loretta Radford's courtroom. I arrived early at 8:00 am to deliver a pre-notarized Protest that Dr Linh Stephens had provided me to present to the court clerk and file into her case as well as a copy to the judge or her court clerk. So, by about 8:20am, both of those requests were complete. The Judge's court clerks name was Kacharra Mansker. Here contact is Kacharra.mansker@oscn.net; phone number, 918.596.5332. I then asked someone in the hallway who was instructing others how to get their documents to the judge how I would know if a court reporter was going to be in court. She said they normally had one. So I went to court and right away noticed that one was not present. So I asked the judge and she said no, they are not normally present. I objected to that as all hearings should be memorialized as part of due process in a court of record before rights can be affected.

OK Constitution Article 2 Section 7

Due Process Definition, Black's Law (4th and 5th Ed)

I had went downstairs to the main court clerk office to see if I could get a copy of a receipt for the one that had been prepaid for by Dr Linh Stephens. The woman there said that she did not see one ordered. I asked to pay for one to get a receipt. They explained that the judge would have to let me know if one was available first. Yet Judge said that I would have to have a receipt first. So, I explained to the judge that I was just downstairs trying to pay for it and they would not let me until the judge told them one was available. They would also not take my money. The filing court clerk said they were going by "the rules" and they knew the rules were that the judge had to approve the court reporter's presence first. I asked them to document what they were telling me were the rules as they understood them and to notarize what they were saying. They refused. I asked who made the rule and when it was made and if I could get a copy of that rule. They said I would need to contact Kim Hall, the court administrator as she was the one that implemented the rule a year ago when court reporters became hard to get. So, I went to her office before court hearing. The lady I spoke with there would not give me her name but said I would need to have the matter handled by the Bailiff, Samantha.Boen@oscn.net ; ph# 918.596.5333. The Baliff said one was being ordered for Dr Stephen's case (yet the court clerk said none was ordered and the judge said none was ordered unless payment was made). So I sat in court and waited for Dr Stephen's case to be called. While I waited, I also noticed in all of the plea deals that were being handled by other Pro Se litigants, that the judge would tell them that by going Pro Se that they were relinquishing their rights to a trial by jury or to call witnesses and more. I stood up to offer advice that the court could not ask them to waive those rights as no laws imparting the obligation of contracts shall be passed like interfering with one's oath to uphold the constitutional rights of We The People.

OK Constitution Article 2 Section 15

I was told to sit down by the judge and was instructed by a Sheriff's Deputy J. Williamson who would not give me his first name or his badge number when I asked that if I interrupted any more that I would be escorted out. I withheld any further interruptions until Dr Stephens' case was called. Dr Stephens case was held til the very end of the day the last case when everyone else left- zero eyes from the public, about 1-1:30pm, when it was finally called. Immediately I asked where the court reporter was and was told again I would need a receipt of payment for his/her presence. I let them know this hearing was not valid if there was no court reporter. They asked if I wanted an audio, I said I'll take what I can get but that the hearing would still be in violations without a court reporter and that I would still be making that report. After listening to a few comments from the prosecution side stating that Dr Stephens was in violations of some recent motions sent, I spoke up explaining that the case was not valid due to jurisdictional issues. The main violation is in US Constitution Article 3 when the state is a party the original jurisdiction is the Supreme Court. Also, Dr Stephens is a Vietnam citizen, which makes another Article 3 violation. The judge asked me my name, of which I explained I was one of The People court

watching for a case and offering advice to the court where I saw it was needed. The judge cut me off before I could make all the other necessary objections and she asked the Sheriff Deputy to escort me out. I asked if that was under the threat of arrest. He said no at first and I therefore said I would not be leaving then. Then he changed his mind and said "yes it was under the threat of arrest". So I let him escort me out without resistance.

I come in peace and love in the name of Christ Jesus to bring you this report of injustices I witnessed in the Tulsa Family court on 5/2/2025 in front of employees of STATE OF OKLAHOMA calling themselves as special judge Loretta Radford, 3 different payment/filing court clerks, judge's clerk Karacharra Mansker, bailiff Samantha Boen, Tulsa court administrator Kim Hall, and deputy sheriff J. Williamson.

Also Included: my audio recordings of my experiences from the day

https://drive.google.com/drive/folders/1QFxefI_qj4Qx9sFyC1vkVsft55ybsRB_?usp=sharing

Sincerely,



**Notary as JURAT CERTIFICATE**

STATE OF _oKlAhomA_ )
                        ) ss
COUNTY OF ▇▇▇▇▇

On this _6_ day of _mAy_, 20_25_ before me ▇▇▇▇▇▇▇, a Notary Public, personally appeared a living woman ▇▇▇▇▇▇▇ the Authorized Representative and Beneficiary for Legal Fiction_____ ), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.

I certify under PENALTY OF PERJURY under the lawful laws of Oklahoma state law and that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

Signature of Notary/Jurat

**27**



# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| LINH TRAN STEPHENS,<br>**Petitioner,** | ) | |
| | ) | |
| | ) | |
| **vs** | ) | FD-2015-2228 |
| | ) | Docket C |
| ADAM SYLVESTER STEPHENS,<br>**Respondent.** | ) | Judge Seibert |
| | ) | |

**FILED**

JAN 1 9 2024

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## NOTICE OF LIEN

**COMES NOW** Adam Stephens Respondent and the Pilkington Law Firm, (hereinafter "claimant"), and does hereby give notice of and claim a lien pursuant to Oklahoma Statue Title 42 et. seq. and 43 §135 for judgements rendered against Petitioner which she was ordered to pay for appeal related attorney fees rendered in the above referenced action and DF-120,848 (Oklahoma Supreme Court). This lien includes any assets, property, property interests, and any monetary judgments therein awarded to Petitioner in said cause, including but not limited to the following described property:

> Lot ████████, Block ████████████████████████, an Addition to the City of Broken Arrow, Tulsa County, State of Oklahoma, according to the recorded Plat thereof.

> a/k/a ████████████ Broken Arrow, OK 74011
> P.I.D ████████████

Claimant further gives notice that the amount of said lien is **$1,626.84** as of October 9, 2023 plus statutory interest.

Claimant hereby reserves the right to amend this lien upon further adjudication of this cause in the above-entitled court.

Dated this _19th_ day of January 2024.

1

Respectfully Submitted,

*Gilbert J. Pilkington*

Gilbert J. Pilkington, Jr., OBA# 21998
Pilkington Law Firm, PLLC
PO Box 52614
Tulsa, OK 74152-0614
Gil@PilkingtonLawFirm.com
Phone, 918-359-6625
*Attorney for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that on the __22__ day of __JANUARY__ 2024, a true and correct copy of the above and foregoing was:

- _X_ mailed, with proper postage fully prepaid thereon
- _x_ mailed by certified mail, Return Receipt No. _____
- ____ transmitted via facsimile
- _X_ transmitted via email
- ____ hand delivered
- ____ process server

to:    Le Letran, Trustee  *(CERTIFIED MAIL)*
6607 S. Palm Place Land Trust
6607 S. Palm Pl.
Broken Arrow, OK 74011

Linh Stephens
11063 S. Memorial Dr, Ste. D #235
Tulsa, OK 74133
*Petitioner, Pro Se*

Emmalene Stringer, OBA #31690
State's Attorney
OKDHS, CSS
P.O. Box 27068
Tulsa, OK 74149
Phone, 918-295-3500
OCSS.Contact.TulsaEast@okdhs.org

*Gilbert J. Pilkington*
Gilbert J. Pilkington, Jr.

2

29





## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

LINH TRAN STEPHENS,                     )
        Petitioner,                  )
                      )
vs                                      )    FD-2015-2228
                      )    Docket F
ADAM SYLVESTER STEPHENS,                )
        Respondent.                  )

DISTRICT COURT
FILED
MAY 08 2025
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## ORDER OF THE COURT
## NON-JURY TRIAL ON CHILD SUPPORT CONTEMPT, MAY 2, 2025

NOW on this 2nd day of May 2025, the *Application for Indirect Contempt Citation Child Support – December 2024* in the above captioned and styled cause comes on for non-jury trial. Petitioner/Mother Linh Tran Stephens, pro se, fails to appear after being recognized back to May 2, 2025, at 9am by the Court on March 7, 2025. Respondent/Father Adam Sylvester Stephens appears in person and with his attorney, Gilbert J. Pilkington Jr. of the Pilkington Law Firm.  Emmalene Stringer appears for OKDHS, CSS.

The Court, having examined the files and records herein, having considered the evidence, and being otherwise fully advised in the premises, FINDS AS FOLLOWS.

    **Jurisdiction.**  This Court has continuing and exclusive jurisdiction over the parties and subject matter of this action.

1. This matter came on for Pre-Trial Conference.  Petitioner has been advised on March 7, 2025, that the Jury Trial fee's must be paid prior to pretrial conference or the court may proceed with a non-jury trial on that date.

2. The Court found that the Jury Trial Fee had not been paid as of May 2, 2025 at 1:00pm and converted the Pre-Trial Conference to a Non-Jury Trial at the request of Respondent's attorney and the State.

3. The Court determined that Petitioner/Mother was in noncompliance with the Court's order filed February 20, 2024, regarding child support payments.  Based

1

on the testimony of Respondent and the Record of Payment from DHS admitted into evidence.

4. The Court determined that Petitioner/Mother had proper notice and was aware of the Order of February 20, 2024. Petitioner/Mother had received a copy of the February 20, 2024, Order mailed by the Court, she appeared on January 13, 2025 at the related attorney fee hearing to argue against the related fees and other references made in her subsequent pleading.

5. The Court found that Respondent/Father had met his burden by clear and convincing evidence.

6. Petitioner/Mother failed to appear, in person or virtually.

7. The Petitioner/Mother has filed multiple pleadings in order to attempt to delay the proceedings.

8. Based on the evidence properly presented and admitted found Petitioner/Mother Linh Stephens guilty of indirect contempt of court for willful non-payment of child support.

9. Petitioner/Mother is hereby sentenced to six (6) months in the Tulsa County Jail. Purge is set in the amount of $13,211.24 plus $500.00 court fines and all of her Oklahoma State issued licenses are hereby revoked. Notice of such revocation is to be provided to the appropriate State agencies.

10. The Court authorizes a bench warrant for Petitioner/Mother. The sentence is to be executed upon arrest. The total amount due and owing to recall the warrant is $13,711.24, to be paid in cash/ money order only.

11. The issue of attorney fees is reserved.

**IT IS SO ORDERED.**

Loretta F. Radford

Judge of the District Court

2

Approved as to form:

*[signature]*

Gilbert J. Pilkington, Jr. OBA# 21998
Pilkington Law Firm, PLLC
PO Box 52614
Tulsa, OK  74152-0614
Gil@PilkingtonLawFirm.com
*Attorney for Respondent*

*[signature]*

Emmalene Stringer, OBA #31690
State's Attorney
OKDHS, CSS
P.O. Box 27068
Tulsa, OK 74149
OCSS.Contact.TulsaEast@okdhs.org

3

**CERTIFICATE OF SERVICE**

I hereby certify that on the ___7th___ day of ___May___ 2025, a true and correct copy of the above and foregoing was:

___X___ mailed, with proper postage fully prepaid thereon
_____ mailed by certified mail, Return Receipt No. _____
_____ transmitted via facsimile
___X___ transmitted via email DHS/BECK
_____ hand delivered
_____ process server

to:    Linh Stephens                          Linh Stephens
       11063 S. Memorial Dr, Ste. D #235      1964 Ashley River Rd,
       Tulsa, OK 74133                        Ste B, Unit 80112
       *Petitioner, Pro Se*                   Charleston, SC 29416

       Megan Beck
       320 S. Boston Ave, Suite 718
       Tulsa, OK 74103
       *Attorney for Minor Child*

       Emmalene Stringer, OBA #31690
       State's Attorney
       OKDHS, CSS
       P.O. Box 27068
       Tulsa, OK 74149
       Phone, 918-295-3500
       Fax, 918-430-2364
       OCSS.Contact.TulsaEast@okdhs.org

Gilbert J. Pilkington, Jr.

4



## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

LINH TRAN STEPHENS,                )
           Petitioner,                 )
                              )   **FD-2015-2228**
**vs**                          )   **FGN 948641001**
                              )   **Docket C**
**ADAM SYLVESTER STEPHENS,**    )
           **Respondent.**            )

*(filing stamp, right side):*
DISTRICT COURT
F I L E D
SEP 05 25
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

## INDIRECT CONTEMPT CITATION

THE STATE OF OKLAHOMA TO:  NAME OF:  **LINH TRAN STEPHENS**

It appearing from Respondent's verified *Application for Indirect Contempt Citation-Attorney Fees* that you have willfully disobeyed the *Order Regarding Respondent's Application for Attorney Fees in Supreme Court Case No. 120848* entered on October 30, 2023 and monthly payment determined on January 25, 2024, as more particularly set forth in *Respondent's Application for Indirect Contempt Citation,* you are hereby commanded to appear before the undersigned Judge in the Tulsa County Courthouse, 500 S. Denver, Tulsa, Oklahoma, on the ___21___ day of __November__ 2025, at _10_ o'clock a.m. . for an arraignment on Respondent's *Application for Indirect Contempt Citation-Attorney Fees* in the courtroom of the undersigned Judge.

      **YOU ARE ENTITLED TO AN ATTORNEY TO REPRESENT YOUR INTERESTS. IF YOU ARE UNABLE TO AFFORD AN ATTORNEY, YOU CAN MAKE APPLICATION AT THAT TIME FOR THE COURT TO APPOINT YOU AN ATTORNEY.**

      **YOUR FAILURE TO APPEAR MAY RESULT IN A BENCH WARRANT BEING ISSUED FOR YOUR ARREST.  FAIL NOT UNDER PENALTY OF LAW!**

1

Signed this 21st day of August 2025.

Judge of the District Court

Approved as to Form:
Gilbert J. Pilkington Jr. OBA# 21998
Pilkington Law Office, PLLC
Tulsa, OK 74152
*Attorney for Respondent*

2

## CERTIFICATE OF SERVICE

I hereby certify that on the __8 th__ day of __SEPT__ 2025, a true and correct copy of the above and foregoing was:

```
____   mailed, with proper postage fully prepaid thereon
__x__  mailed by certified mail, Return Receipt No. _____
____   transmitted via facsimile
____   transmitted via email
____   hand delivered
____   process server
```

to:   Linh Stephens (First Class)          Linh Stephens (Certified)
      11063 S. Memorial Dr, Ste. D #235    1964 Ashley River Rd
      Tulsa, OK 74133                      Unit 80112
      *Petitioner, Pro Se*                 Charleston, SC  29416

      Megan Beck (Email)
      320 S. Boston Ave, Suite 718
      Tulsa, OK 74103
      Attorney for Minor Child

      Emmalene Stringer (Email)
      State's Attorney
      OKDHS, CSS
      PO. Box 27068
      Tulsa, OK  74149


Gilbert J. Pilkington Jr.

3

**05-02-2025  CTFREE**

JUDGE LORETTA RADFORD: (CHILD SUPPORT ENFORCEMENT DOCKET): PETITIONER NOT PRESENT, PRO SE. RESPONDENT PRESENT VIA TEAMS, REPRESENTED BY GIL PILKINGTON, PRESENT. EMMALENE STRINGER PRESENT FOR THE DEPARTMENT OF HUMAN SERVICES.

CASE COMES ON FOR PRETRIAL CONFERENCE ON CONTEMPT AGAINST LINH STEPHENS, HELD ON THE RECORDER. THE PETITIONER WAS PREVIOUSLY ADVISED THAT THE JURY TRIAL FEE'S MUST BE PAID PRIOR TO THE PRETRIAL CONFERENCE OR THE COURT MAY PROCEEDWITH A NON JURY TRIAL ON THAT DATE. THE COURT FINDS THAT THE JURY TRIAL FEE'S HAVEN'T BEEN PAID AT PROCEEDS ON WITH A NON JURY TRIAL. THE COURT DETERMINES THAT THE PETITIONER (LINH STEPHENS) ISN'T IN COMPLIANCE WITH THE COURT'S ORDERS. THE RESPONDENT MET HIS BURDEN BY CLEAR AND CONVINCING EVIDENCE. PETITIONER (LINH STEPHENS) FAILED TO APPEAR AND A BENCH WARRANT IS ISSUED IN THE AMOUNT OF $13,211.24 PLUS $500.00 COURT FINES. TOTAL AMOUNT DUE AND OWING TO RECALL THE WARRANT $13,711.24 CASH/MONEY ORDER ONLY. EXECUTION OF 6 MONTHS SENTENCE IN THE TULSA COUNTY JAIL UPON ARREST. THE ISSUE OF ATTORNEY FEES IS RESERVED.

**05-08-2025  CTFREE**

JUDGE LORETTA RADFORD: BENCH WARRANT FOR LINH TRAN STEPHENS IN THE AMOUNT OF $13,211.24 PLUS $500.00 COURT FINES, ENTERED.

**05-08-2025  CTFREE**

JUDGE LORETTA RADFORD: ORDER OF THE COURT NON-JURY TRIAL ON CHILD SUPPORT CONTEMPT MAY 2, 2025, ENTERED.

**05-08-2025  BWIS$**                                           $ 50.00

BENCH WARRANT ISSUED - SERVICE BY SHERIFF

**05-08-2025  O**

ORDER OF THE COURT NON-JURY TRIAL ON CHILD SUPPORT CONTEMPT MAY 2, 2025
Document Available (#1061165633) TIFF    PDF

**05-08-2025  ACCOUNT**

RECEIPT # 2025-4768729 ON 05/08/2025.
PAYOR: PILKINGTON LAW FIRM TOTAL AMOUNT PAID: $ 50.00.
LINE ITEMS:
FD-2015-2228: $50.00 ON AC01 CLERK FEES.

**05-28-2025  APLI**

APPLICATION FOR ATTORNEY FEES AND COSTS FOR CHILD SUPPORT CONTEMPT - MAY 2025
Document Available (#1059347353) TIFF    PDF

**06-24-2025  CTFREE**

RADFORD, LORETTA (DOCKET F): ORDER SEALING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS SIGNED;

**06-25-2025   AFDP**

RE:WHISTLEBLOWER STATUS AFFIDAVIT UPON STATE OF OKLAHOMA (EIN: 99-9000879), OKLAHOMA DEPARTMENT OF HUMAN SERVICES, CHILD SUPPORT SERVICES (EIN 73-1477405), STATE BOARD OF OSTEOPATHIC EXAMINERS (OSBOE) ET AL 99-9000879 AND THEIR AGENTS PART 1
Document Available (#1061717882) TIFF   PDF

**06-25-2025   AFDP**

RE:WHISTLEBLOWER STATUS AFFIDAVIT UPON STATE OF OKLAHOMA (EIN: 99-9000879), OKLAHOMA DEPARTMENT OF HUMAN SERVICES, CHILD SUPPORT SERVICES (EIN 73-1477405), STATE BOARD OF OSTEOPATHIC EXAMINERS (OSBOE) ET AL 99-9000879 AND THEIR AGENTS PART 2
Document Available (#1061717878) TIFF   PDF

**06-27-2025   TEXT**

RENEWED REVOCATION OF ALLEGED POWERS OF ATTORNEY
Document Available (#1061719139) TIFF   PDF

**06-30-2025   O**

ORDER SEALING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS
Document Available (#1061720021) TIFF   PDF

**07-14-2025   RECP**

RECEIPT FOR MANDATE - DF-122022
Document Available (#1061167118) TIFF   PDF

**07-14-2025   MAN**

MANDATE RECEIVED AND SENT TO JUDGE DEBORAH LUDI-LEITCH FOR SIGNATURE

**07-16-2025   MAN**

MANDATE RETURNED SIGNED BY JUDGE DEBORAH LUDI-LEITCH - AFFIRMED - DF-122022
Document Available (#1061167122) TIFF   PDF

**07-16-2025   TEXT**

RECORD RETURNED FROM SUPREME COURT WITH 5 VOLUMES, 2 TRANSCRIPTS AND 2 ENVELOPES OF EXHIBITS - DF-122022
Document Available (#1061167136) TIFF   PDF

**07-16-2025   APLI**

APPLICATION
Document Available (#1062607036) TIFF   PDF

**07-22-2025   CTFREE**

LUDI LEITCH, DEBORRAH:
JUDGE SIGNED ORDER SETTING HEARING ON APPLICATION FOR ATTORNEY FEES AND COSTS FOR CHILD SUPPORT CONTEMPT.
HEARING ON APPLICATION FOR ATTORNEY FEES AND COSTS SET 08/15/2025 @ 10:30 A.M.

**07-22-2025   TEXT**

SIGNED ORDER SENT TO THE FAMILY DEPARTMENT VIA INTER-DEPARTMENT ENVELOPE.

**38**

**07-22-2025  CTFREE**

LUDI LEITCH, DEBORRAH:
JUDGE SIGNED ORDER SETTING HEARING ON APPLICATION FOR ATTORNEY FEES
AND COSTS FOR RESPONDING TO APPEAL FOR JURY TRIAL - CHILD SUPPORT.
HEARING ON APPLICATION FOR ATTORNEY FEES AND COSTS SET 08/15/2025 @
10:30 A.M.

**07-22-2025  TEXT**

SIGNED ORDER SENT TO THE FAMILY DEPARTMENT VIA INTER-DEPARTMENT
ENVELOPE.

**07-23-2025  OSH**

ORDER SETTING HEARING ON APPLICATION FOR ATTORNEY FEES AND COSTS FOR
RESPONDING TO APPEAL FOR JURY TRIAL- CHILD SUPPORT
Document Available (#1062216967) TIFF   PDF

**07-23-2025  OSH**

ORDER SETTING HEARING ON APPLICATION FOR ATTORNEY FEES AND COSTS FOR
CHILD SUPPORT CONTEMPT
Document Available (#1062216971) TIFF   PDF

**07-23-2025  CTFREE**

JUDGE LORETTA RADFORD: ORDER SETTING HEARING ON APPLICATION FOR
ATTORNEY FEES AND COSTS FOR CHILD SUPPORT CONTEMPT - MAY 2025 SET
FOR AUGUST 15, 2025 AT 9:00 AM BEFORE JUDGE LORETTA RADFORD IN
COURTROOM 605, ENTERED.

**07-24-2025  OSH**

ORDER SETTING HEARING ON APPLICATION FOR ATTORNEY FEES AND COSTS FOR
CHILD SUPPORT CONTEMPT - MAY 2025
Document Available (#1062645133) TIFF   PDF

**07-24-2025  CER**

CERTIFICATE OF SERVICE
Document Available (#1062645137) TIFF   PDF

**08-12-2025  O**

ORDER DISMISSING PETITION IN ERROR
Document Available (#1062780637) TIFF   PDF

**08-12-2025  CTFREE**

CHESBRO, TODD: PETITIONER FAILED TO APPEAR; RESPONDENT REPRESENTED
BY GIL PILKINGTON, PRESENT; EMMALENE STRINGER PRESENT FOR DHS;
ORDER DISMISSING PETITION IN ERROR SIGNED

**08-15-2025  CTFREE**

LUDI LEITCH, DEBORRAH:
PETITIONER APPEARED NOT.
ATTORNEY GILBERT PILKINGTON JR. APPEARED FOR RESPONDENT.
HEARING ON APPLICATION FOR ATTORNEY FEES AND COSTS FOR CHILD SUPPORT
CONTEMPT STRICKEN FOR NO SERVICE ON PETITIONER.
HEARING ON APPLICATION FOR ATTORNEY FEES AND COSTS FOR RESPONDING
TO APPEAL FOR JURY TRIAL - CHILD SUPPORT STRICKEN FOR NO SERVICE ON
PETITIONER.

**08-15-2025  CTFREE**

LUDI LEITCH, DEBORRAH:
JUDGE SIGNED ORDER SETTING HEARING ON APPLICATION FOR ATTORNEY FEES
AND COSTS - CHILD SUPPORT CONTEMPT AND RESPONDING TO APPEAL FOR
JURY TRIAL - CHILD SUPPORT.
HEARING ON APPLICATION(S) SET 08/25/2025 @ 2:00 P.M.

**08-15-2025  TEXT**

SIGNED ORDER SETTING HEARING GIVEN TO ATTORNEY GILBERT PILKINGTON JR.
BY MINUTE CLERK.

**08-15-2025  CTFREE**

JUDGE LORETTA RADFORD: PETITIONER NOT PRESENT, PRO SE. RESPONDENT
NOT PRESENT, REPRESENTED BY GILBERT PILKINGTON, PRESENT.

CASE COMES ON FOR HEARING ON PETITIONER'S APPLICATION FOR ATTORNEY
FEES AND COSTS. THE HEARING WAS SET FOR 9:00 AM. HOWEVER, THE CASE
WASN'T CALLED UNTIL 9:40 AM. THE PETITIONER WAS PREVIOUSLY SERVED WITH
NOTICE OF THE HEARING AT THE MAIN COURTHOUSE, BUT NEVER APPEARED AT
FAULKNER LOCATION. COURT SIGNS ORDER AWARDING ATTORNEY FEES AND
COSTS FOR CHILD SUPPORT CONTEMPT ORDER ENTERED ON MAY 2025.

**08-15-2025  CTFREE**

JUDGE LORETTA RADFORD: FINDING OF FACT AND CONCLUSIONS OF LAW ON
ATTORNEY FEES FOR CHILD SUPPORT CONTEMPT - MAY 2025, ENTERED.

THE RESPONDENT IS GRANTED ATTORNEY FEES AND CSOTS IN THE AMOUNT OF
$4,394.90 AGAINST LINH STEPHENS. LINH STEPHENS IS ORDERED TO PAY
$4,394.90 AT THE RATE OF $250.00 PER MONTH STARTING SEPTEMBER 1, 2025,
UNTIL JUDGMENT IS SATISFIED. SAID JUDGEMENT TO EARN STATUTORY INTEREST.

**08-15-2025  TEXT**

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ATTORNEY FEES FOR CHILD
SUPPORT CONTEMPT-MAY 2025
Document Available (#1062782149) TIFF    PDF

**08-15-2025  OSH**

ORDER SETTING HEARING RESPONDING TO APPEAL FOR APPLICATION FOR
ATTORNEY FEES AND COSTS- CHILD SUPPORT CONTEMPT, JURY TRIAL- CHILD
SUPPORT
Document Available (#1062782145) TIFF    PDF

**40**

| Date | Code | Amount |
|------|------|--------|
| 08-17-2025 | **CM** | |
| | CERTIFICATE OF MAILING<br>Document Available (#1062917561) TIFF   PDF | |
| 08-20-2025 | **MOACC** | $ 33.00 |
| | APPLICATION FOR INDIRECT CONTEMPT CITATION, ATTORNEY FEES<br>Document Available (#1062801948) TIFF   PDF | |
| 08-20-2025 | **OCISR** | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | |
| 08-20-2025 | **OCJC** | $ 1.55 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | |
| 08-20-2025 | **OCASA** | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | |
| 08-20-2025 | **CCADMIN0155** | $ 0.16 |
| | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | |
| 08-20-2025 | **SJFIS** | $ 0.45 |
| | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | |
| 08-20-2025 | **DCADMIN155** | $ 0.23 |
| | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | |
| 08-20-2025 | **DCADMIN05** | $ 0.75 |
| | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | |
| 08-20-2025 | **CCRMPF** | $ 10.00 |
| | COURT CLERK'S RECORDS MANAGEMENT AND PRESERVATION FEE | |
| 08-20-2025 | **CCADMIN04** | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | |
| 08-20-2025 | **ADJUST** | $ 1.92 |
| | ADJUSTING ENTRY: MONIES DUE TO AC09-CARD ALLOCATION | |
| 08-20-2025 | **ACCOUNT** | |
| | ADJUSTING ENTRY: MONIES DUE TO THE FOLLOWING AGENCIES REDUCED BY THE FOLLOWING AMOUNTS:<br>FD-2015-2228: AC01 CLERK FEES -$1.92 | |
| 08-20-2025 | **ACCOUNT** | |
| | RECEIPT # 2025-4811506 ON 08/20/2025.<br>PAYOR: PILKINGTON/GILBERT TOTAL AMOUNT PAID: $ 76.64.<br>LINE ITEMS:<br>FD-2015-2228: $74.72 ON AC01 CLERK FEES.<br>FD-2015-2228: $1.92 ON AC09 CARD ALLOCATIONS. | |

**41**

**08-21-2025  CTFREE**

CHESBRO, TODD: INDIRECT CONTEMPT CITATION SIGNED / ARRAIGNMENT SET 11/21/25 AT 10AM;
PAPERWORK PLACED IN ATTORNEY OUTBOX: GIL PILKINGTON

**08-25-2025  CTFREE**

LUDI LEITCH, DEBORRAH:
PETITIONER APPEARED NOT.
ATTORNEY GILBERT PILKINGTON JR. APPEARED FOR RESPONDENT.
JUDGE SIGNED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ATTORNEY FEES FOR RESPONDING TO APPEAL FOR JURY TRIAL - CHILD SUPPORT.

**08-25-2025  TEXT**

SIGNED FINDINGS OF FACT AND CONCLUSIONS OF LAW GIVEN TO ATTORNEY GILBERT PILKINGTON JR. BY MINUTE CLERK.

**08-25-2025  CTFREE**

LUDI LEITCH, DEBORRAH:
PETITIONER APPEARED NOT.
ATTORNEY GILBERT PILKINGTON JR. APPEARED FOR RESPONDENT.
JUDGE SIGNED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ATTORNEY FEES JURY TRIAL ON INDIRECT CONTEMPT - CHILD SUPPORT.

**08-25-2025  TEXT**

SIGNED FINDINGS OF FACT AND CONCLUSIONS OF LAW GIVEN TO ATTORNEY GILBERT PILKINGTON JR. BY MINUTE CLERK.

**08-25-2025  TEXT**

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ATTORNEY FEES JURY TRIAL ON INDIRECT CONTEMPT-CHILD SUPPORT
Document Available (#1062791108) TIFF    PDF

**08-25-2025  TEXT**

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ATTORNEY FEES FOR RESPONDING TO APPEAL FOR JURY TRIAL-CHILD SUPPORT
Document Available (#1062791112) TIFF    PDF

**09-05-2025  CTEMP**

INDIRECT CONTEMPT CITATION
Document Available (#1063129224) TIFF    PDF

**11-20-2025  CTFREE**

SPARKMAN, RODNEY: NO SERVICE ON THE RESPONDENT FOR INDIRECT CONTEMPT CITATION;
ALIAS CONTEMPT CITATION TO BE SUBMITTED;
NO PARTIES NEED APPEAR 11/21/25 AT 10AM