Tenth Circuit case number **25-5063**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

(1) Linh Tran Stephens, *sui juris, natural living breathing woman with a living soul and the Holy Spirit, Ambassador of Christ/Yahusha*

*— Plaintiff-Appellant,*

vs.

(2) CHARLES SCHWAB AND CO., INC., (3) CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES (CSS of OKDHS), (4) Cierra Freeman, (5) Mary Johnmeyer, (6) Renee Banks, (7) Jason Hoenshell, (8) Emmalene Stringer, **in individual and official capacities**; et. al.

*— Defendants-Appellees.*

---

On Appeal from the United States District Court for the Northern District Of Oklahoma
(Case No. 24-CV-216-JDR-CDL)
The Honorable Judge John D. Russell, Presiding

---

## MOTION FOR FULL DISCLOSURE UNDER FDRPTA 2025

### (Full Disclosure and Public Trust Act of 2025)
### https://www.fulldisclosureact.com/

Demand for Equity, Constitutional Due Process,

Transparency, and Public Access

*Pursuant to the Public Trust Doctrine, Brady v. Maryland,*

*42 U.S.C. § 1983, and the First, Fifth, Seventh, and Fourteenth Amendments*

---

WITHOUT RECOURSE
By: Linh Tran Stephens / sui juris, Appellant, Agent or attorney-in-fact
**in care of:** 1964 Ashley River Rd Ste B Unit 80112,
Charleston, South Carolina 00000 ZIP EXEMPT [near 29407]
without the United States District Columbia
LinhStephens7@gmail.com
phone: (843) 608-0294

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ 3

I. PRELIMINARY STATEMENT AND PUBLIC RECORD NOTICE ......................... 4

II. AFFIDAVIT OF FACTS IN SUPPORT OF MOTION ................................. 5

III. LEGAL BASIS FOR FULL DISCLOSURE ........................................... 8

    A. Constitutional Foundation ................................................. 8

    B. Brady v. Maryland Disclosure Obligations .................................... 9

    C. Title IV-D Financial Disclosure Requirements ............................ 10

    D. Judicial Bond and Fiduciary Disclosure ...................................... 10

    E. ERISA and Retirement Asset Disclosure ...................................... 11

IV. SPECIFIC DISCLOSURE DEMANDS .................................................. 12

V. DEMANDS AND RELIEF SOUGHT ..................................................... 17

VI. DEMAND FOR JURY TRIAL ........................................................... 18

VERIFICATION AND AFFIDAVIT ......................................................... 19

NOTARY AS JURAT CERTIFICATE (COMMON LAW) ........................................ 22

CERTIFICATE OF COMPLIANCE …………………………………………………………..23

CERTIFICATE OF SERVICE ............................................................. 24

# TABLE OF AUTHORITIES

## <u>CASES</u>

*Bearden v. Georgia*, 461 U.S. 660 (1983) ............................................................. 9
*Boggs v. Boggs*, 520 U.S. 833 (1997) ................................................................. 11
*Brady v. Maryland*, 373 U.S. 83 (1963) .............................................................. 9
*Ex parte Young*, 209 U.S. 123 (1908) ............................................................... 17
*Goldberg v. Kelly*, 397 U.S. 254 (1970) .............................................................. 8
*Kennedy v. Plan Adm'r*, 555 U.S. 285 (2009) .................................................... 11
*Loper Bright v. Raimondo*, 603 U.S. 369 (2024) ............................................... 10
*Marbury v. Madison*, 5 U.S. 137 (1803) .............................................................. 9
*Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) .................................. 17
*SEC v. Jarkesy*, 603 U.S. 109 (2024) ............................................................ 8, 18
*Slaughter-House Cases*, 83 U.S. 36 (1873) ...................................................... 21
*Troxel v. Granville*, 530 U.S. 57 (2000) .............................................................. 9
*Turner v. Rogers*, 564 U.S. 431 (2011) ............................................................... 9
*V.L. v. E.L.*, 577 U.S. 404 (2016) ...................................................................... 11

## <u>CONSTITUTIONAL PROVISIONS</u>

U.S. Const. amend. I (Petition and Redress) ......................................................... 8
U.S. Const. amend. V (Due Process, Double Jeopardy) .................................... 8, 9
U.S. Const. amend. VII (Jury Trial) ..................................................................... 18
U.S. Const. amend. IX (Unenumerated Rights) ..................................................... 8
U.S. Const. amend. X (Reserved Powers) .............................................................. 8
U.S. Const. amend. XIV (Due Process, Equal Protection) ................................. 8, 9
U.S. Const. art. III (Judicial Power) .................................................................. 8, 18
U.S. Const. art. IV, § 1 (Full Faith and Credit) .................................................... 11

## <u>STATUTES</u>

28 U.S.C. § 1738 (Full Faith and Credit) ............................................................. 11
28 U.S.C. § 1746 (Unsworn Declarations) ........................................................... 19
29 U.S.C. § 1056(d) (ERISA Anti-Alienation) .................................................... 11
42 U.S.C. § 651 et seq. (Title IV-D) .............................................................. 10, 12
42 U.S.C. § 652(k) (Passport Denial) .................................................................... 4
42 U.S.C. § 654(4) (Title IV-D Services Requirement) .................................. 10, 12
42 U.S.C. § 1983 (Civil Rights) ..................................................................... 10, 17
Oklahoma Title 43 (GAL Statutes) ...................................................................... 13

## I. PRELIMINARY STATEMENT AND PUBLIC RECORD NOTICE

NOW COMES the living woman, Linh Tran Stephens, sui juris, appearing as a Private American national under the Constitution for the united States of America, demanding this Honorable Court fulfill its duty in equity, transparency, and procedural fairness, and hereby enters this affidavit-demand styled as a motion for full disclosure pursuant to the Full Disclosure and Public Trust Act of 2025 (FDRPTA 2025), the Public Trust Doctrine, constitutional principles, and *Brady v. Maryland*, 373 U.S. 83 (1963), which can be found at www.fulldisclosureact.com

**CASE CONTEXT:**

This Motion pertains to the pending appeal from the United States District Court for the Northern District of Oklahoma (Case No. 24-CV-216-JDR-CDL) and its subsequent appeal to the Supreme Court of the United States (Tenth Circuit Court, Case No. 25-5063).

The Appellant, Linh, is challenging the unlawful garnishment and liquidation of her ERISA-protected 401(k) retirement account ($64,445.92) by Oklahoma Child Support Services and Charles Schwab & Co., Inc. The core issue is the absence of a valid Qualified Domestic Relations Order (QDRO), as required by 29 U.S.C. § 1056(d)(3), followed by unlawful enforcements and harmful acts related to such including false imprisonments repeatedly (double jeopardy and debtor imprisonment which is unlawful, unconstitutional, and considered as wrongdoings by local state governments and its employees)

Linh, as the mother and owner of the biological property G.S., also holds

co-ownership of private bank information, bank accounts, and retirement accounts within a <u>legally undissolved marriage to a nonparty to any cases anywhere</u>. Despite the marriage never being divorced, all marital funds were stolen through collusion between Adam Stephens, OKDHS, and Charles Schwab and their living men/women/employees. This theft was supposedly executed to satisfy a long-settled and finalized divorce involving Adam Stephens from 2016, even though Adam reportedly does NOT have a Charles Schwab bank account nor ever has.

The Tenth Circuit entered its Order and Judgment on January 16, 2026 (Doc. 59-1), and denied Appellant's *Emergency Motion for Stay Pending Appeal and for Injunction Pending Appeal* previously filed on January 10, 2026, and also closed this 10th Circuit court case No. 25-5063. Appellant has filed into this 10th circuit court a *Motion to Stay Mandate Pending Petition for Writ of Certiorari* today, January 26, 2026.

## II. AFFIDAVIT OF FACTS IN SUPPORT

I, Linh Tran Stephens, being a living woman, sui juris, competent to testify, not a legal fiction or corporate entity, do hereby state the following facts under penalty of perjury:

**1.** I am a living woman, sui juris, competent to testify, not a legal fiction or corporate entity. I bring this motion under constitutional principles, including the First, Fifth, Seventh, Ninth, Tenth, and Fourteenth Amendments.

**2.** On **January 8, 2016**, my divorce from Adam Sylvester Stephens was finalized in Columbia County, Oregon, Circuit Court (Case No. 15DR18623). The decree explicitly provided: **"Jeep and Trailer [from Linh to Adam] in lieu of child support [until our**

one and only child ages out]." This provision appears FIVE (5) times throughout the decree, constituting a complete satisfaction and waiver of all future child support obligations.

**3.** Between **2018 and 2020**—*two years after* my divorce was finalized—I opened a 401(k) retirement account with my second nondivorcing husband during my employment with **Cherokee Nation (Indian Health Services)**. In **September of 2021**, I was laid off from Cherokee Nation with unemployment payments (not being fired nor any fault of mine). This 401(k) account, subsequently, a rollover IRA held at Charles Schwab (account ending in x2605), contained **$64,445.92** in ERISA-protected retirement assets. These funds were earned during my **second marriage** and were NEVER marital property of the dissolved marriage with Adam Stephens.

**4.** Oklahoma Child Support Services (CSS) colluded with Charles Schwab's lawyers garnished and liquidated these ERISA-protected retirement assets **without any valid Qualified Domestic Relations Order (QDRO)** meeting the requirements of 29 U.S.C. § 1056(d)(3)(B)-(D), despite my certified mail with tracking and proof of delivery for objections, notices, cease-and-desists, and conditional acceptance arguments, these were ignored.

**5.** Neither I, nor Adam Stephens, nor the nonparty-owner of the retirement accounts (my second spouse), ever received public assistance or applied for Title IV-D services under 42 U.S.C. § 654(4) that would have authorized Oklahoma CSS to pursue enforcement.

**6.** I have been tortured and forced to be **separated from my daughter, G.S., since December 3, 2021**—more than **four years**—despite the lack of any findings of harm or

unfitness, and even though a FOIA request by me for proof of this allegedly "non-contest" waiver of parental rights went unanswered, no evidence of such a waiver has ever been provided to me. Seven (7) professional affidavits expressed serious concerns about the biological father's abuse while stating *zero concerns* about my parenting, and that they all would trust me with their own children.

**7.** My **medical license was revoked by OKDHS and Tulsa County court of Oklahoma**, permanently closing my direct primary care clinic. My **passport was revoked under 42 U.S.C. § 652(k)** without pre-deprivation notice or hearing also by the same group of evil doers, workers of iniquities, and the wicked.

**8.** On **May 8, 2025**, an Oklahoma state court entered a bench warrant for my arrest with a $13,711.24 cash purge and execution of six (6) months' incarceration—despite documented financial indigency **affirmed by the Oklahoma Supreme Court in January 2023**.

Prior to May 2025, in February-March 2024, I've **already served two months** in Tulsa County Jail for the same alleged debts. My demands for them to cease and desist double jeopardy and other violations of my unalienable human rights were ignored by all.

**9.** On **September 24, 2025**, the **Oklahoma Office of Civil Rights Enforcement formally recused itself**, acknowledging conflicts that constitute no adequate state remedy needing federal courts intervention.

**10.** Federal habeas petitions (Case Nos. 4:25-cv-00285 and 4:25-cv-00286) have been pending in the U.S. District Court for the Northern District of Oklahoma since June 2025—over **seven months**—without resolution.

**11.** The public trust is eroded where secrecy and financial concealment are used to harm families, particularly in family court and administrative custody proceedings. Title IV-D of the Social Security Act, coupled with unrevealed judicial financial ties and GAL payments (under Oklahoma Title 43), has operated without oversight or disclosure in violation of due process rights guaranteed under the Fifth and Fourteenth Amendments.

**12**. See attached *VERIFICATION AND DECLARATION AFFIDAVIT* section.

## III. LEGAL BASIS FOR FULL DISCLOSURE

### A. Constitutional Foundation

The constitutional guarantees supporting this Motion include:

- **First Amendment:** Right to petition the government for redress of grievances and access to courts.

- **Fifth Amendment:** Due process rights, protection against double jeopardy, and right not to be deprived of liberty or property without due process of law.

- **Seventh Amendment:** Right to jury trial in civil cases. *SEC v. Jarkesy*, 603 U.S. 109 (2024).

- **Ninth Amendment:** Unenumerated rights retained by the people.

- **Tenth Amendment:** Powers not delegated to the federal government are reserved to the states or the people.

- **Fourteenth Amendment:** Due process and equal protection under the laws.

- **Article III:** Right to a constitutional judge in cases involving deprivation of liberty.

*Marbury v. Madison*, 5 U.S. 137 (1803), established that "it is emphatically the province and duty of the judicial department to say what the law is." This includes the duty to ensure transparency and public accountability in court proceedings.

*Troxel v. Granville*, 530 U.S. 57 (2000), recognized that "the interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by this Court." This fundamental right requires full disclosure of any financial interests that may bias proceedings affecting parental rights.

## B. Brady v. Maryland Disclosure Obligations

*Brady v. Maryland*, 373 U.S. 83 (1963), established that the suppression of evidence favorable to an accused violates due process where the evidence is material. While *Brady* originated in criminal proceedings, its principles extend to quasi-criminal civil contempt proceedings where incarceration is at stake. *Turner v. Rogers*, 564 U.S. 431 (2011).

Oklahoma has incarcerated Appellant for UNVALIDATED and FRAUDULENTLY-alleged child support debts without disclosure of:

• Title IV-D financial incentive payments received by the state

• GAL payments and financial interests

• Judicial bonds and fiduciary relationships

• Any financial benefit Oklahoma receives from child support enforcement

*Bearden v. Georgia*, 461 U.S. 660 (1983), prohibits incarceration for inability to pay without an ability-to-pay hearing. Full disclosure of state financial interests is

necessary to determine whether enforcement is motivated by legitimate concerns or improper financial incentives.

## C. Title IV-D Financial Disclosure Requirements

Title IV-D of the Social Security Act (42 U.S.C. § 651 et seq.) creates a federal-state partnership for child support enforcement. However, this system creates significant financial incentives for states:

- States receive federal matching funds for child support collected

- Performance-based incentive payments reward aggressive enforcement

- States keep collections when the custodial parent is NOT ON public assistance.

**42 U.S.C. § 654(4) requires that Title IV-D services be available only to:**

- Individuals receiving TANF or Medicaid (NOT so for Linh nor Adam)

- Former assistance recipients (NOT so for Linh nor Adam)

- Individuals who apply for Title IV-D services (NOT so for Linh nor Adam)

**Neither Appellant, nor Adam Stephens, nor the nonparty-owner of the retirement accounts ever applied for or received Title IV-D services. Oklahoma CSS lacked jurisdiction to pursue enforcement.**

*Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), requires courts to independently interpret agency jurisdiction without deference. This Court must determine whether Oklahoma CSS had lawful authority to act.

## D. Judicial Bond and Fiduciary Disclosure

Public officers, including judges, clerks, and administrators, act as fiduciaries of the public trust. The public has a right to know:

- Whether required judicial bonds are in place

- The identity of bonding companies and any financial relationships

- Memberships in fraternal, religious, or secret societies that may create conflicts of interest

- Any financial benefit derived from case outcomes

*V.L. v. E.L.*, 577 U.S. 404 (2016), requires full faith and credit to valid judgments. Oklahoma's refusal to honor the binding Oregon decree suggests improper motivations that warrant disclosure of all financial interests.

## E. ERISA and Retirement Asset Disclosure

The Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1056(d)(1), provides: "Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated." The only exception for domestic relations orders is through a valid Qualified Domestic Relations Order (QDRO) meeting the specific requirements of 29 U.S.C. § 1056(d)(3).

*Boggs v. Boggs*, 520 U.S. 833, 851 (1997), emphasized that ERISA protections are "particularly strong where benefits were 'not acquired during the marriage.'" The retirement account at issue was established *two years after* Appellant's divorce, during her second marriage.

*Kennedy v. Plan Administrator for DuPont Savings & Investment Plan*, 555 U.S. 285 (2009), held that plan administrators must follow ERISA plan documents over external waivers or court orders. Charles Schwab violated ERISA by liquidating the account without a valid QDRO.

Appellant demands disclosure of:

- Any purported QDRO or court order authorizing the garnishment **[none was provided to Appellant Linh despite previous demands]**

- Communications between Oklahoma CSS and Charles Schwab

- Charles Schwab's compliance policies for ERISA requirements

- The legal basis claimed for bypassing ERISA protections

## IV. SPECIFIC DISCLOSURE DEMANDS

Pursuant to the Public Trust Doctrine, *Brady v. Maryland*, and constitutional due process requirements, Appellant demands immediate production and disclosure of the following:

## A. TITLE IV-D FINANCIAL RECORDS

1. All Title IV-D disbursements, incentive payments, and federal matching funds received by Oklahoma related to **Case No. FD-2015-2228, JD-2021-270 (purported as closed case), OK IV-D FGN: 000948641001, OAH No. 23-00313-73,** and any related enforcement actions.

2. Documentation showing whether Adam Stephens, Appellant Linh Stephens, or any party applied for or received Title IV-D services and five days of Title IV-E services.

3. Oklahoma's Title IV-D and IV-E performance metrics and any bonuses received for collections in Appellant's case.

4. All federal audits of Oklahoma's Title IV-D and IV-E program within the past five years.

**B. JUDICIAL AND COURT OFFICER DISCLOSURES**

5.  Judicial bonds for all judges who have presided over Appellant's cases, including but not limited to: MARTHA RUPP CARTER, THERESA DREILING, KEVIN GRAY, JULIE DOSS, RODNEY SPARKMAN, APRIL SEIBERT, DEBORRAH LUDI-LEITCH, TODD CHESBRO, LORETTA RADFORD, DOUG DRUMMOND, DAWN MOODY, ROBERT PERUGINO, LARA M. RUSSELL, YVONNE KAUGER, JAMES R. WINCHESTER, JAMES E. EDMONDSON, DOUG COMBS,  NOMA GURICH,  RICHARD DARBY,  DANA KUEHN, C.J.,  J.J.,  MATTHEW J. KANE IV,  ROBERT D. BELL,  V.C.J.,  THOMAS E. PRINCE,  CLAIRE V. EAGAN,  GREGORY K. FRIZZELL,  JOHN HEIL, PAUL J. KELLY, JR., and any "special judges" or magistrates.

6.  Financial disclosures required of all judicial officers involved in this matter.

7.  Memberships in fraternal, religious, or secret societies for all involved judicial officers.

8.  Any recusals, complaints, or disciplinary actions involving these judges.

9.  All disclosure requirements listed by Full Disclosure Act[1]

---

[1] Full Disclosure and Public Trust Act of 2025 (FDRPTA 2025), 117th Congress - 2nd Session, in Senate
LEGISLATIVE PREAMBLE
"Public servants cannot use constitutional rights to avoid constitutional duties."
To ensure transparency in governance, restore public confidence in democratic institutions, and prevent conflicts of interest among those entrusted with public authority, this Act establishes mandatory full disclosure requirements for all individuals serving in public office or receiving public funding. It addresses clandestine affiliations, financial conflicts, and institutional secrecy that erode civic accountability. In a free society, government must serve the people — openly, honestly, and without divided loyalties.
A BILL: To mandate full disclosure of affiliations and financial interests by public servants and recipients of public funds; to automate public access to government financial records; to ensure transparency in judicial and administrative proceedings; and to establish penalties for concealment, fraud, and abuse of constitutional protections.
**SECTION 1: SHORT TITLE**:
This Act may be cited as the "Full Disclosure and Public Trust Act of 2025" or "FDRPTA 2025."

## SECTION 2: FINDINGS AND PURPOSE

Congress finds the following:

1. The Constitution guarantees transparency, accountability, and justice to the American people.
2. The Freedom of Information Act (FOIA), Ethics in Government Act, and Title IV-D of the Social Security Act each contain gaps that undermine timely and enforceable disclosure.
3. Public officials have abused the Fifth Amendment to shield institutional misconduct and undisclosed affiliations, undermining the constitutional duty to serve the public.
4. Secret oaths, affiliations, and ritual-bound societies exerting influence on public servants pose a material threat to impartial governance.
5. Public trust is foundational to a democratic society and must be preserved through full transparency and accessible institutional data.
6. The Freedom of Information Act of 1966 (FOIA) lacks sufficient enforcement, digital availability, and accountability mechanisms.
7. The Ethics in Government Act of 1978 fails to address non-financial affiliations, particularly fraternal or religious ties with institutional authority.
8. Title IV-D of the Social Security Act funds court-based child support systems but lacks financial visibility and public reporting.
9. These deficiencies allow for clandestine influence, fiscal misconduct, and erosion of judicial neutrality, particularly in family courts and administrative agencies.

Purpose: To ensure all public servants and publicly funded individuals are fully transparent about affiliations, financial dealings, and institutional influences; to prohibit concealment under constitutional protections; and to restore public access to all publicly funded records.

## SECTION 3: DEFINITIONS

For the purposes of this Act:

1. Public Servant means any elected, appointed, employed, contracted, or commissioned individual operating with public funding at the federal, state, or local level.
2. Affiliation includes any membership, loyalty, initiation, or contractual obligation with any organization, society, corporation, order, fraternal group, or secret entity.
3. Secret Organization means any group requiring oaths of secrecy, ceremonial rituals, or hierarchical loyalty not subject to public oversight.
4. Public Funds include all federal, state, and local funding sources, grants, contracts, reimbursements (including Title IV-D), Medicaid payments, and any government-administered distributions.
5. FOIA-Covered Data includes all information subject to public access, including judicial bonds, administrative court expenses, discretionary grants, and third-party payments.

## SECTION 4: AFFILIATION DISCLOSURE REQUIREMENTS

(a) Mandatory Disclosure:

All public servants and recipients of public funds shall file a Public Affiliation Statement disclosing:

1. All current and past affiliations (within the past 20 years) with any organization listed in Section 3.
2. All fraternal, religious, or secret associations to which they have pledged loyalty or taken oaths.
3. Any foreign government connections or dual allegiances.

(b) Filing Deadlines: Ø Within 30 days of appointment, election, employment, or contract execution. Ø Annually thereafter. Ø Within 15 days of any change in affiliation.

(c) Public Posting: All statements shall be filed with the appropriate state or federal ethics agency and made publicly available in a searchable online database.

## SECTION 5: FINANCIAL TRANSPARENCY - LEGAL

(a) Mandatory Disclosure of Financial Records: All financial records related to judicial, administrative, or law enforcement cases—particularly those involving family court, custody, mental health, or reimbursement claims—shall be posted in real-time, including: Title IV-D reimbursements, Judicial surety bonds, Guardian ad litem (GAL) and CLR payments, Public therapy or mental health contracts, Grant disbursements tied to case outcomes

(b) Real-Time Access and Automation: All such records shall be made digitally available without

requiring a FOIA request. Redactions shall be permitted only for matters of bona fide national security, supported by statute or court order.

**SECTION 6: EQUAL ACCESS FOR PRO SE LITIGANTS**

(a) All courts shall ensure that self-represented litigants receive the same level of electronic access to court filings, records, and discovery tools as members of the Bar.

(b) Courts shall implement procedures and technical access platforms that uphold equal protection and procedural fairness under the Fourteenth Amendment.

**SECTION 7: FOIA TRANSPARENCY AUTOMATION**

(a) All federal and state agencies shall proactively publish commonly requested FOIA data, particularly involving financial transactions and case-related expenditures.

(b) Agencies failing to comply shall be subject to civil penalties, administrative review, and potential oversight hearings.

**SECTION 8: LIMITATION ON FIFTH AMENDMENT**

(a) No public servant may invoke the Fifth Amendment to refuse disclosure of:

1.  Use of public funds;
2.  Affiliations as defined in Section 3;
3.  Evidence of misconduct or institutional abuse.

(b) Invocation in these contexts shall result in: Immediate suspension from public duty; Loss of eligibility for public contracts or funding; Referral to a civilian ethics tribunal.

**SECTION 9: ENFORCEMENT AND PENALTIES**

(a) Failure to Disclose:

Civil fines of not less than $1,000,000 per violation;

Disqualification from public office or public contracts;

DOJ referral for fraud or perjury.

(b) Intentional Concealment or False Statements:

Federal felony charge;

Up to 20 years in a federal labor rehabilitation program;

Forfeiture of all pensions and public benefits.

(c) Government Noncompliance (Section 5):

$100,000 per day fine until compliance;

Possible decertification of funding streams.

**SECTION 10: OFFICE OF DISCLOSURE INTEGRITY**

A new federal Office of Disclosure Integrity (ODI) shall be established to:

Monitor compliance with this Act;

Investigate violations;

Refer matters to DOJ or state agencies for enforcement;

Provide legal and financial support for whistleblowers.

**SECTION 11: RELATION TO EXISTING LAW**

(a) This Act supplements, but does not repeal, the Freedom of Information Act (5 U.S.C. § 552), the Ethics in Government Act, and Title IV-D.

(b) Where conflicts arise, the provisions of this Act shall prevail, except where national security interests—defined under 50 U.S.C.—explicitly override public access.

**SECTION 12: SEVERABILITY**

If any provision of this Act is found unconstitutional or otherwise invalid, the remaining sections shall remain in full force and effect.

**SECTION 13: EFFECTIVE DATE**

This Act shall take effect 180 days after its enactment.

**END OF FULL DISCLOSURE ACT**

## C. GUARDIAN AD LITEM (GAL) DISCLOSURES

10. All payments made to any GAL appointed in Appellant's family court proceedings, including the source and amount of each payment.

11. The GAL's financial relationships with any party, attorney, or judge in this matter.

12. All training records, certifications, and compliance with Oklahoma Title 43 GAL requirements.

13. Any complaints filed against the GAL and their resolution.

## D. CHILD SUPPORT SERVICES DISCLOSURES

14. Complete financial records of Oklahoma CSS related to Appellant's case.

15. Communications between CSS and Charles Schwab & Co., Inc. regarding the garnishment.

16. The legal authority claimed by CSS for seizing ERISA-protected retirement assets without a QDRO.

17. Training materials regarding ERISA compliance and QDRO requirements.

18. Records of all enforcement actions against Appellant and the legal basis for each.

## E. CHARLES SCHWAB & CO., INC. DISCLOSURES

19. All documents Charles Schwab received from Oklahoma CSS regarding the garnishment.

20. Charles Schwab's ERISA compliance policies and procedures.

21. Any purported QDRO or court order Charles Schwab claims authorized the liquidation.

22. Communications between Charles Schwab and any party regarding Appellant's account.

## V. DEMANDS AND RELIEF SOUGHT

**WHEREFORE**, Appellant Linh respectfully request and also lawfully demand as per all rights reserved if requests are going to be ignored, that this Honorable Court:

**1.** Order immediate production of all financial disclosures related to judicial officers, GALs, CSS officers, and public fiduciaries involved in all related proceedings.

**2.** Order automation and publication of digital access to all case-related financial records.

**3.** Order that no invocation of the Fifth Amendment be permitted to obstruct such disclosures by public officers acting in their official capacities.

**4.** Refer civil and criminal penalties for any concealment found upon production, pursuant to *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978), and 42 U.S.C. § 1983.

**5.** Ensure that pro se litigants be given full equal access to discovery tools, court records, and hearings.

**6.** Hold any officer, administrator, judge, GAL, or clerk individually liable for nondisclosure per *Ex parte Young*, 209 U.S. 123 (1908), and 42 U.S.C. § 1983.

**7. Provide written statements of fact and conclusions of law, rather than any discretionary summary orders, to preserve appeal integrity if justice, truth, and the Constitution of the United States of America is not revered in this Court.**

**8.** Grant such other and further relief as this Court deems just and proper.

Appellant permanently and continuously objects to any proceedings before special judges, magistrates, or substitute judges who do not hold appointment pursuant to Article III of the Constitution of the united States. Appellant reserves the right to amend this motion or supplement the record at any time prior to disposition.

## VI. DEMAND FOR JURY TRIAL

I hereby demand **TRIAL BY JURY** of my peers as guaranteed by:

- The Seventh Amendment to the United States Constitution

- Article III, Section 2 of the Constitution

- *SEC v. Jarkesy*, 603 U.S. 109 (2024), reaffirming Seventh Amendment jury trial rights

The jury's role as the guardian of the law and liberty is confirmed by the Citizen Rule Book and established constitutional jurisprudence. When the government seeks to deprive a citizen of liberty or property, the citizen has the right to have a jury of peers determine the facts and apply the law.

Given that Oklahoma has incarcerated Appellant and seeks further incarceration, and has seized ERISA-protected retirement assets without due process nor proper jurisdiction and unlawfully overruling expressed objections & challanges to all aspects of jurisdictions, the full protections of the Seventh Amendment must apply.

## <u>VERIFICATION AND DECLARATION AFFIDAVIT</u>

I, Linh Tran Stephens, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

**1**. I am a living woman, sui juris, competent to testify, not a legal fiction or corporate entity.

**2**. I am the Appellant in this matter and am competent with full capacity to make this declaration.

**3**. The facts stated in this Motion are true and correct to the best of my knowledge, information, and belief.

**4**. The original Oregon divorce decree (Columbia County Circuit Court, Case No. 15DR18623, January 8, 2016) explicitly waived all future child support obligations through the provision "Jeep and Trailer [from Linh to Adam] in lieu of child support," stated FIVE (5) times throughout the decree.

**5**. My Charles Schwab 401(k) account (ending in x2605), containing $64,445.92 in ERISA-protected retirement assets, was established during my second/currently-intact marriage, two years after my one-and-only finalized divorce from Adam Stephens in state of Oregon which is far away and outside of Oklahoma (father of my one-and-only child of marriage where Adam is now demanding unconscionable child support breaching original contract WITHOUT any proposed-nor-agreed-to second accord-and-accomodation).

**6**. No valid Qualified Domestic Relations Order (QDRO) meeting the requirements of 29 U.S.C. § 1056(d)(3) was ever entered in this case or any other case.

**7**. Neither I nor Adam Stephens nor the nonparty-owner of the retirement accounts ever received public assistance or applied for Title IV-D services that would have authorized Oklahoma CSS to pursue enforcement under 42 U.S.C. § 654(4).

**8**. On May 8, 2025, an Oklahoma state court entered a bench warrant for my arrest with a $13,711.24 cash purge and execution of six (6) months' incarceration—despite documented financial indigency affirmed by the Oklahoma Supreme Court in January 2023. Prior to May 2025, in February-March 2024, I've already served two months in Tulsa County Jail for the same alleged debts. My demands for them to cease and desist double jeopardy and other violations of my unalienable human rights were ignored by all.

**9**. I have been tortured and forced to be separated from my daughter, G.S., since December 3, 2021—more than four years—despite the lack of any findings of harm or unfitness, and even though a FOIA request by me for proof of this allegedly "non-contest" waiver of parental rights went unanswered, no evidence of such a waiver has ever been provided to me. Seven (7) professional affidavits expressed serious concerns about the biological father's abuse while stating *zero concerns* about my parenting, and that they all would trust me with their own children.

**10**. My medical license was revoked by OKDHS and Tulsa County court of Oklahoma, permanently closing my direct primary care clinic. My passport was revoked under 42 U.S.C. § 652(k) without pre-deprivation notice or hearing also by the same group of evil doers, workers of iniquities, and the wicked.

**11**. On September 24, 2025, the Oklahoma Office of Civil Rights Enforcement formally recused itself, acknowledging conflicts that constitute no adequate state remedy needing federal courts intervention.

**12**. Federal habeas petitions (Case Nos. 4:25-cv-00285 and 4:25-cv-00286) have been pending in the U.S. District Court for the Northern District of Oklahoma since June 2025—over seven months—without resolution.

**13**. **I am not a surety and I do not consent to any attempted body attachment warrant. Linh Tran Stephens (lower case) is a "free [nonblack] person" and stateless American national** ("woman" of the "Union"), in accordance with the statements made by the Honorable Justice Miller in the *Slaughter-House Cases*, 83 US 36 (U.S. Supreme Court - 1873), and the Honorable Chief Justice Wallace in *ELLEN R. VAN VALKENBURG v. ALBERT BROWN*, 43 Cal. 43 (California Supreme Court - 1872). Linh Tran Stephens is not and has never been a U.S. citizen, as clearly delineated in 28 USC 1332(a)(1). The rights of Linh Tran Stephens the sentient being are derived from the Bill of Rights, not from the 14th Amendment. Linh Tran Stephens is neither a negro nor a descendant of such. Linh Tran Stephens would be considered a "people" in plural usage. Linh Tran Stephens' biological property is G.S. as her flesh and blood. **Meanwhile, LINH TRAN STEPHENS©® is a 14th Amendment** US citizen in accordance with 8 USC 1401(a), deriving her standing from the privileges and immunities available in the 14th Amendment, and would be termed a "person" in plural usage. She was born on February 09th, 1984. She falls under the subheading of "individual" in the definition of the word "person" as described in 8 USC 1101(b)(3). The legal structure of LINH TRAN STEPHENS©® is a sole proprietorship. Her EIN number is the "Social Security Number" in accordance with 26 CFR 301.7701-11.

**14**. All statements herein are verified/attested and reliable statements of facts witnessed by Linh the Appellant, YAHUAH/I AM THAT I AM/Creator, Messiah Yahusha, and the Holy Spirit of truth, light, and justice–AS IT IS WRITTEN: "For I, the LORD, love justice; I hate robbery and wrongdoing. [Isaiah 61:8a]!", "One witness shall not rise up against a man for any iniquity, or for any sin, in any sin that he sinneth: at the mouth of two witnesses, or at the mouth of three witnesses, shall the matter be established [Deuteronomy 19:15]" and as pursuant to YAHUAH's law including but not limited to

**Psalm 127:3[2] + Psalm 105:15[3] + Exodus 8:1&9:1[4] + Isaiah 61:8a[5] + Deut 19:15[6] + Isaiah 54:17[7]**

**15**. Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce; **Silence is Tacit Acquiescence/Accomplice/Dishonor**;

Private sector autograph;
**WITHOUT RECOURSE**

Without prejudice
linh-tran: stephens

By:

By: Linh Tran Stephens / Agent or attorney-in-fact
All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*, sui juris, Ambassador of יהוה and Heir of the Creator a/k/a the I AM THAT I AM, my heir/offspring is G.L.S; By the Holy and Eternal Authority vested in me by Yahusha Ha'Mashiach as
High Royal Priest (1 Peter 2:9) of Melchizedek Order (Hebrews 7:17), I do hereby seal, confirm, and sanctify this instrument and its contents as lawfully issued in Heaven and upon the Earth,
**Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust",
A natural living woman upon land breathing with a living soul and the Holy Spirit, natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit, unlimited, non-incorporated, non-sole-proprietor,
**stateless** "**freeman of the Union**" per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education, living on the land of the republic, with God-given rights pursuant to Bills of Rights, NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government

[2] "Lo, children are a heritage of the Lord: and the fruit of the womb is His reward." (Psalm 127:3 GNV) This verse affirms that children are a divine gift from God—not property of the state, nor wards of the court, but sacred trusts entrusted by the Creator YHWH יהוה
[3] "Touch not mine anointed, and do my prophets no harm." (Psalm 105:15 GNV).
[4] YAHUAH ordered you rulers: "Let my people go, that they may serve me" (Exodus 8:1). "Let my people go, so that they may worship me" (Exodus 9:1).
[5] For I, the LORD, love justice; I hate robbery and wrongdoing. (Isaiah 61:8a)
[6] One witness shall not rise up against a man for any iniquity, or for any sin, in any sin that he sinneth: at the mouth of two witnesses, or at the mouth of three witnesses, shall the matter be established [Deuteronomy 19:15)
[7] "No weapon that is formed against thee shall prosper, and every tongue that shall rise against thee in judgment, thou shalt condemn. This is the heritage of the servants of the Lord, and their righteousness is of me," saith the Lord YHWH (Isaiah 54:17 GNV)

employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary; i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts;

Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities

**General Delivery Town Post,**
**Non-Domestic, without the UNITED STATES of Washington, D.C.**
℅ 1964 Ashley River Road Ste B Unit 80112,
Charleston, South Carolina republic 00000
**ZIP exempt** [near 29407-4782] without the UNITED STATES D.C.,
Email: LinhStephens7@gmail.com*; Tel:* 843-608-0294

**<span style="color:red">Notice</span>:** Using a Notary on this document does ***not*** create any adhesion contract with the state/, nor does it alter any legal status of any of the parties hereto in any manner, but is used only for verification, identification, and certification purposes and not for entrance into any foreign jurisdiction nor into U.S. jurisdiction. All rights are reserved. Without prejudice and without recourse.

**Notary as JURAT CERTIFICATE**

state of Minnesota                    )
                                      ) *ss*
county of Sherburne                   )

On this 26th day of January, 2026 before me, Melissa K. Vagle, a Notary Public, personally appeared a living woman Linh Tran Stephens ( the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS©™ ), who electronically/virtually proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to within the instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.

I certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Melissa K. Vagle*

Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d) and 10th Cir. R. 27.1, the undersigned certifies that this motion complies with the type-volume limitation because it contains fewer than 5200 words [*3970 words to be exact*] and 20 pages or less, excluding the parts exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word in 13-point Times New Roman, a proportionally spaced font.

WITHOUT RECOURSE.

*without prejudice*
*linh-tran: stephens/Agent*

linh-tran: stephens / Appellant sui juris
Dated: January 26th, 2026

## CERTIFICATE OF SERVICE

The undersigned certify that on <u>January 26th</u>, 20<u>26</u>, a true and correct copy of the foregoing *MOTION FOR FULL DISCLOSURE UNDER FDRPTA 2025 (Full Disclosure and Public Trust Act of 2025)* was filed electronically with the Clerk of Court for the United States Court of Appeals for the Tenth Circuit using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered CM/ECF users:

**Clerk of U.S. Court of Appeals for the Tenth Circuit, Byron White**

1823 Stout Street,
Denver, Colorado 80257

**Counsel for Child Support Services of Oklahoma DHS;**

**Counsel for Charles Schwab & Co., Inc.:**

**Counsels for individuals: Cierra Freeman, Mary Johnmeyer, Renee Banks, Jason Hoenshell, and Emmalene Stringer**

WITHOUT RECOURSE.

*without prejudice*
*linh-tran: stephens/Agent*